Exhibit A

Fax Server    11/21/2018 3:41:53 PM    PAGE    1/001    Fax Server

11-20-'18 17:51 FROM-Hallstrom Klein&Ward    T-047  P0002/0041 F-478

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
CARMAX AUTO SUPERSTORES WEST COAST, INC., a Virginta
corporation; "Additional Parties Attachment form is attached"

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
DEREK MCELHANNON, ALEENA IQBAL, CHRISTOPHER
SYHARATH, "Additional Parties Attachment form is attached"

**FILED BY FAX**
**ALAMEDA COUNTY**
November 21, 2018

**CLERK OF**
**THE SUPERIOR COURT**
By Lynn Wiley, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. ¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es): Hayward Hall of Justice

CASE NUMBER:
(Número del Caso):

Superior Court of California, County of Alameda
24405 Amador Street, Hayward, CA 94544

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: **HG18929561**
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Whitehead Employment Law, 15615 Alton Pkwy., Ste. 175, Irvine, CA 92618, 949-936-4001

| DATE: | Clerk, by | , Deputy |
|-------|-----------|----------|
| (Fecha) | (Secretario) Lynn Wiley | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): Carmax Auto Superstores West Coast, Inc., a Virginia Corporation

   under: [X] CCP 416.10 (corporation)    [  ] CCP 416.60 (minor)
   [  ] CCP 416.20 (defunct corporation)    [  ] CCP 416.70 (conservatee)
   [  ] CCP 416.40 (association or partnership)    [  ] CCP 416.90 (authorized person)

4. [  ] by personal delivery on (date):

Page 1 of 1

| **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|-------------|---------------------------------------|
| | www.courtinfo.ca.gov |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| McElhannon et al v. CarMax Auto Superstores West | |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

[ ] Plaintiff  [✓] Defendant  [ ] Cross-Complainant  [ ] Cross-Defendant

CARMAX AUTO SUPERSTORES
CALIFORNIA, LLC, a Virginia limited liability company; and DOES 1-50, inclusive,

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

## ADDITIONAL PARTIES ATTACHMENT
### Attachment to Summons

Ex. A, Pg. 15

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| McElhannon et al v. CarMax Auto Superstores West | |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☑ Plaintiff    ☐ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

RUBEN SANTIAGO, and EMIL MILISCI, each individually, and on behalf of all others similarly situated,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Ex. A, Pg. 16

Jacob N. Whitehead, Esq. SBN 266123
jacob@jnwpc.com
WHITEHEAD EMPLOYMENT LAW
15615 Alton Pkwy, Suite 175
Irvine, CA 92618
Tel. (949) 936-4001
Fax (949) 450-1588

Patrick McNicholas, Esq.
pmc@mcnicholaslaw.com
McNicholas & McNicholas, LLP
10866 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90024
Tel. (310) 474-1582
Fax (310) 475-7871

Attorneys for Plaintiffs, Derek Mcelhannon, Aleena Iqbal, Christopher Syharath,
Ruben Santiago, and Emil Milisci, each individually, and on behalf of all others similarly situated

**FILED BY FAX**
ALAMEDA COUNTY
November 21, 2018
CLERK OF
THE SUPERIOR COURT
By Lynn Wiley, Deputy
CASE NUMBER:
**HG18929561**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF ALAMEDA

DEREK MCELHANNON, ALEENA IQBAL,
CHRISTOPHER SYHARATH, RUBEN
SANTIAGO, and EMIL MILISCI, each
individually, and on behalf of all others similarly
situated,

                    Plaintiffs

        vs

CARMAX AUTO SUPERSTORES WEST
COAST, INC., a Virginia corporation;
CARMAX AUTO SUPERSTORES
CALIFORNIA, LLC, a Virginia limited liability
company; and DOES 1-50, inclusive,

                    Defendants

Case No.:

**CLASS ACTION COMPLAINT FOR**

1)  **Failure to Pay All Wages Due Upon Termination**
    Labor Code § 201 (a)
2)  **Failure To Provide Accurately Itemized Wage
    Statements in Violation of Labor Code § 226(a)**
3)  **Failure To Provide Meal Periods in violation of
    Labor Code §§ 226.7 and 512 and applicable
    IWC Wage Orders**
4)  **Failure To Provide Rest Periods in violation of
    Labor Code § 226 and applicable IWC Wage
    Orders**
5)  **Failure To Pay Overtime Earned in violation of
    Labor Code §§ 510, and applicable IWC Wage
    Orders**
6)  **Failure to Maintain Record of all hours worked
    Labor Code §1174**
7)  **Failure to Pay Wages For All Hours Worked in
    Violation of Labor Code 1194(a);**
8)  **Failure to Pay All Wages When Due Labor Code
    Section 204**
9)  **Failure to Reimburse Expenses Labor Code
    §2802**
10) **Unlawful Business Practices in violation of Cal.
    Bus. & Prof. Code §§ 17200, et seq.**

**DEMAND FOR JURY TRIAL**

1
CLASS ACTION COMPLAINT

1    Plaintiffs, DEREK MCELHANNON, ALEENA IQBAL, CHRISTOPHER SYHARATH,

2  RUBEN SANTIAGO and EMIL MILISCI, (each individually as "Plaintiff" and collectively, the

3  "Plaintiffs"), each individually, on behalf of themselves and on behalf of all others similarly situated,

4  allege as follows:

5    I.    **INTRODUCTION**

6    1.    This is a Class Action, pursuant to Code of Civil Procedure section 382, on behalf

7  of Plaintiffs, and all current or former similarly-situated, non-exempt employees, of CARMAX

8  AUTO SUPERSTORES WEST COAST, INC., a Virginia corporation and CARMAX AUTO

9  SUPERSTORES CALIFORNIA, LLC, a Virginia limited liability company, and any subsidiaries

10  or affiliated companies (hereinafter collectively referred to as "CarMax" or "Defendants").  The

11  non-exempt employees employed by or formerly employed by Defendants within the State of

12  California are hereinafter referred to individually as "Class Members" and collectively as the

13  "Class" or "Classes."

14    2. Plaintiffs bring this action on their own behalf and on behalf of other similarly-situated

15  current or former non-exempt employees of CarMax.

16    3. Plaintiffs are informed and believe, and based thereon allege that Defendants currently

17  employs, and during the relevant period have employed thousands of employees in the State of

18  California in non-exempt positions.

19    4. The acts complained of herein occurred, occur and will occur at least in part within the

20  time period from four (4) years preceding the filing of the Complaint, up to and through the time

21  of trial for this matter.

22    5. Defendants, Violated numerous provisions of the California Labor Code, including

23  failure to compensate Plaintiffs and Class Members for all hours worked, failure  to provide

24  compliant meal and rest periods, failure to pay premium pay wages for such missed rest and meal

25  breaks,  failure to pay all earned wages due,  failure to pay all wages due at the conclusion of

26  employment, failure to furnish paystubs accurately showing, among other things accurately and

27  properly itemized earnings and deductions for the total hours worked during each pay period,

28  failure to track and record all hours worked and failed to reimburse class Members for expenses

2

CLASS ACTION COMPLAINT

1  necessarily incurred in the discharge of their duties. Plaintiffs allege that these acts, which violate

2  the *California Labor Code*, constitute predicate unlawful and unfair business practices in violation

3  of the California Unfair Competition Laws.

4      6. Plaintiffs, and each of them, bring this action as individuals and on behalf of all others

5  similarly situated, and seek compensation for all uncompensated work, liquidated and/or other

6  damages as permitted by applicable law, as well as attorneys' fees, applicable penalties as

7  provided by statute, plus interest and costs.

8                              **II. JURISDICTION AND VENUE**

9      7. The Court has jurisdiction over Plaintiffs' and Class Members' claims pursuant to

10  Business and Professions Code sections 17200-17208, and also seek injunctive relief and restitution

11  of ill-gotten benefits arising from Defendants' unlawful business acts and practices under California

12  Business and Professions Code sections 17200-17208.

13      8. Venue is proper in this judicial district, pursuant to Code of Civil Procedure section 395.

14  Plaintiffs are residents of California and worked for Defendants all over the state of California,

15  including Alameda County.  Defendants conduct business in Alameda County, CA and the unlawful

16  acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of

17  California and within the County of Alameda.

18                              **III. THE PARTIES**

19      9. Plaintiff, Derek Mcelhannon, is a resident of Antelope, California and at all relevant

20  times worked at CarMax in Pleasanton, California in the County of Alameda. He will serve as an

21  adequate, typical and active participant and class representative for the proposed Class and/or

22  potential subclasses.  Plaintiff, Mcelhannon was formerly employed by Defendants as a non-

23  exempt sales associate and then after receiving training, became a manager.

24      10. Plaintiff, Aleena Iqbal, is a resident of Tracy, California, and at all relevant times

25  worked at CarMax in Pleasanton, California in the County of Alameda. She will serve as an

26  adequate, typical and active participant and class representative for the proposed Class and/or

27

28

3
CLASS ACTION COMPLAINT

1    potential subclasses.  Plaintiff, Iqbal was formerly employed by Defendants as a non-exempt
2    sales associate.
3        11. Plaintiff, Christopher Syharath, is a resident of Dublin, California and at all relevant
4    times reported to work at CarMax in Pleasanton, California, in the County of Alameda.  He will
5    serve as an adequate, typical and active participant and class representative for the proposed Class
6    and/or potential subclasses.  He was formerly employed by Defendants as a non-exempt sales
7    associate.
8        12. Plaintiff, Ruben Santiago, is a resident of Moreno Valley, California and at all
9    relevant times reported to work at CarMax locations in both Murrieta and Riverside, in the County
10   of Riverside, California.  He will serve as an adequate, typical and active participant and class
11   representative for the proposed Class and/or potential subclasses.  He was formerly employed by
12   Defendants as a non-exempt sales associate.
13       13. Plaintiff, Emil Milisci, is a resident of Newport Beach, California and at all relevant
14   times reported to work at the CarMax location in Irvine, California in the County of Orange,
15   California.  He will serve as an adequate, typical and active participant and class representative for
16   the proposed Class and/or potential subclasses.  He was formerly employed by Defendants as a
17   non-exempt sales associate
18       14. Defendant, CarMax Auto Superstores West Coast, Inc., is a Virginia corporation,
19   ("CarMax, Inc.") with its principal place of business located at 12800 Tuckahoe Creek Parkway,
20   Richmond, VA 23238.  CarMax, Inc. is duly registered as a foreign corporation with the California
21   Secretary of State.  Defendant, CarMax Inc., is a new and used car automobile dealership and
22   maintains CarMax sales locations throughout parts of California, including Alameda County.
23       15. Defendant, CarMax Auto Superstores California, LLC, is a Virginia limited liability
24   company; ("CarMax LLC") with its principal place of business located at 12800 Tuckahoe Creek
25   Parkway, Richmond, VA 23238.  CarMax, LLC is a used car dealership, duly registered as a
26   foreign entity with the California Secretary of State and conducts business throughout California,
27   including Alameda County.
28

———————————————— 4 ————————————————
CLASS ACTION COMPLAINT

16.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiffs, who therefore sue defendants by such fictitious names under Code of Civil Procedure section 474.

17. Plaintiffs are informed and believe, and based thereon allege, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

18.  Plaintiffs are informed and believe, and based thereon allege, that each Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendants are legally attributable to the other Defendants.

## IV. FACTUAL SUMMARY BACKGROUND

California Wage and Hour Violation Allegations

19.  Upon information and belief, Defendants employ and have employed individuals in various non-exempt positions at their car sales lots as sales consultants, service consultants, customer operators, business office associates or other similarly titled positions. Upon information and belief, these employees work or formerly worked in non-exempt, non-managerial positions with non-organizational decision-making authority, but rather were engaged in the service, sales, clerical and administrative positions related to customer service and automobile sales.  The non-exempt Plaintiffs and similarly situated employees were not or have not been paid during the relevant liability period all of their legal wages pursuant to the Labor Code and applicable Industrial Welfare Commission Wage Order No. 4 ("IWC No. 4).

20. The non-exempt Plaintiffs are informed and believe, and based thereon allege that Defendants currently employs, and during the relevant period had employed thousands of employees in the State of California, who were paid a base hourly rate, plus commissions.

5

CLASS ACTION COMPLAINT

21. During the Class Period, Defendants and their managers and supervisors often called or sent work related text messages to their employees while at home or off and clock, but failed to record and track the time worked when the non-exempt Plaintiffs and those similarly situated worked off the clock, as is required by Labor Code Section 1174 (d). As a result, Plaintiffs and those similarly situated were not paid for all hours worked, including work performed off the clock.

22. During the Class Period, the non-exempt Plaintiffs and those similarly-situated worked overtime, including Saturdays and Sundays but were not properly paid their overtime wages.

23. During the Class Period, Defendants maintained a comparatively low, flat rate per car commission policy, (ranging from $100 to $150 per car sold) which commission does not vary with the value of the car. In addition, Defendants maintain a "sufficient engagement" or "sufficient contact" policy which provides if any associate has sufficient contact or engagement with a customer, they are entitled to half the commission earned by the sales person who sold the car. Under the policy, actions as simple as greeting a customer who comes onto the lot, or sending an email or allowing a customer to take a test drive is deemed sufficient engagement, entitling them to share the commission. Because of the cut-throat nature of the used car sales industry, Defendants' "sufficient engagement" policy creates or created incentives for other associates to deliberately intercept customers in order to prey on commissions of other sales consultants. As a result of this policy Plaintiffs and the similarly-situated class Members never take or took rest periods or meal breaks because of the threat of loss of half of a $100-dollar commission on a sale to a customer that they might have worked with for weeks or even longer, were another colleague to "sufficiently engage" a customer while they are on a ten-minute rest period or a meal break.

24. Thus, even though Defendant purports to have a rest and meal break policy, in reality and practice the rest break and meal break policy is literally ignored and never enforced. Defendants are fully aware that at least four days out of five, Plaintiffs and the class Members whose livelihood depends on their commission earnings, frequently, take their breaks very late or miss them entirely for fear of losing out on a customer and full commission if they do not remain

6

CLASS ACTION COMPLAINT

1    available at all times to their customers. Resultantly, Defendants through their policies and
2    conduct impeded the Plaintiffs and those similarly-situated the ability to take labor code compliant
3    rest and meal breaks.

4        25. On information and belief, the non-exempt Plaintiffs allege that they and the Class
5    Members they seek to represent did not waive their meal or rest periods during the liability period.

6        26.  Accordingly, during the Class Period, the Plaintiffs and Class Members were not
7    provided with one hour's wages in lieu of missed meal breaks in one or more of the following
8    manners:

9        a)  They were not provided meal periods for work days in excess of five and/or ten hours
10   and were not compensated one hour's wages in lieu thereof, all in violation of, among others, Labor
11   Code §§ 226.7, 512, and applicable IWC Wage Order No. 4-2001;

12       b)  They were required to work through their daily meal period(s), or to work an unlawful
13   "on-duty meal period;"

14       c)  They were impeded in their ability to take a meal period.

15       27.  In addition, during the Class Period, the non-exempt Plaintiffs and Class Members
16   they seek to represent, were not provided lawful rest periods, and were not provided with one
17   hour's wages in lieu thereof, in one or more of the following manners:

18       a)  They were required to work without being provided a minimum ten minute rest
19   period for every four hours or major fraction thereof worked and not being compensated one hour
20   of pay at their regular rate of compensation for each workday that a rest period was not provided;

21       b)  They were either impeded or prevented from taking or unable to take lawful rest
22   periods.

23       28.  Further, during the Class Period as a matter of routine and daily practice, Plaintiffs
24   and those similarly situated are/were required to use their personal cell phones in conducting their
25   duties. Sales Associates often move about Defendants' large car lots and area dependent on cell
26   phone communications with supervisors and co-team Members.

27       29.  As a matter of routine practice, Defendants' managers maintain, print out and circulate
28   a list of employee names and personal cell phone numbers for managers and supervisors to

7
CLASS ACTION COMPLAINT

1  reference to quickly reach employees.  Such managers and supervisors routinely send out group

2  text messages to employees to advise them of status of important events such as staff meetings.

3  Many of Defendants' managers and supervisors routinely text or use chat apps to communicate

4  with employees both at work and while they are at home off the clock.

5       30.  Plaintiffs and those similarly situated are encouraged to and allow customers to call or

6  text them on their personal cell phones.  Otherwise potential customers they are/were working

7  with have to call the lot on the main inbound call center phone line if a customer does not have

8  their sales associate's cell phone number.  The practice of maintaining customer contact by

9  providing customers with their personal cell phone information is a necessity to prevent the

10  potential customer with whom a sales associate has established a relationship from being

11  misappropriated or routed to a different sales consultant.

12       31.  At no time have Plaintiffs or those similarly situated, been reimbursed for the use of

13  their personal cell phones.

14       32.  Because of the foregoing alleged practices, the Plaintiffs and similarly situated Class

15  Members did not receive accurately itemized wage statements during the Class Period.

16       33.  During the Class Period, the non-exempt Plaintiffs and Class Members they seek to

17  represent, were not paid wages for all hours worked, whether regular time or overtime, and/or

18  were required to work without compensation during the workday and workweek while performing

19  tasks, duties, and responsibilities for compensable hours worked.

20       34.  Further on information and belief, Defendants willfully failed to pay all such legally due

21  wages when formerly employed Class Members ceased their employment with Defendants in

22  violation of California Labor Code Section 203.

23       35.  Defendants engaged in, ratified and enforced the following unlawful practices and

24  policies against Plaintiffs and the Class Members they seek to represent:

25       a.)  Failing to pay former employee Class Members who were discharged, laid off, or

26       resigned in accordance with the requirements of Labor Code §§ 201, 202, and 203.

27

28

8

CLASS ACTION COMPLAINT

b.)    Failing to pay non-exempt employees overtime for all hours worked in excess of an eight-hour day in violation of Labor Code Section 510, 1194 and IWC Wage Order No. 4-2001.

c.)    Failing to maintain accurate records of earned wages and work periods in violation of Labor Code §§ 226 and 1174(d) and IWC Wage Order No. 4-2001.

d.)    Failing to provide non-exempt employees meal periods under Labor Code Section 226.7 and IWC Wage Order No. 4-2001.

e.)    Failing to provide non-exempt employees rest periods under Labor Code Section 226.7 and IWC Wage Order No. 4-2001.

f.)    Failing to furnish timely and accurate itemized wage statements to non-exempt employees under Labor Code Section 226.

g.)    Failing to pay employees all wage due, each and every pay period under Labor Code Section 204.

h.)    Failing to reimburse employees for cell phone use and expenses necessarily incurred in the discharge of their duties;

i.)    Defendants engaged in unfair business practices under Business and Professions Code Section 17200 et seq.

36.    On information and belief, Plaintiffs allege that Defendants' actions as described throughout this Complaint were willful.

37.    Because Defendants failed to comply with Labor Code section 226(a) by failing to provide itemized wage statements showing all deductions from payment of wages and accurately reporting total hours worked, the non-exempt Plaintiffs and the similarly-situated Class Members they seek to represent are entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b).

38.    The non-exempt Plaintiffs, as individuals, and on behalf of all others similarly situated, seek injunctive relief, compensation for all uncompensated work, and/or all other damages permitted by applicable law, as well as attorneys' fees, penalties, interest and costs.

9

CLASS ACTION COMPLAINT

39. In addition, and pursuant to the Private Attorneys General Act ("PAGA"), Plaintiffs have given notice to the Labor and Workforce Development Agency ("LWDA") of the Labor Code violations alleged in this complaint. (A true and correct copy of the October 31, 2018 PAGA notice is attached hereto as **Exhibit A.**) At the appropriate time, absent action by the LWDA or the Division of Labor Standards Enforcement ("DLSE"), Plaintiffs will file an amended complaint seeking all recoverable penalties for Labor Code violations as permitted and proscribed by the PAGA. An amended complaint will include allegations and remedies available under Labor Code §§ 2699, 2699.5, and 2933.3, among others. *See* Cal. Labor Code § 2933.3(a)(2)(C) ("Notwithstanding any other provisions of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part within 60 days of the time periods specified in this part.")

## V.  CLASS ACTION ALLEGATIONS

40. Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to California Code of Civil Procedure Section 382. Plaintiffs seek to represent a Class composed of and defined as follows under California Labor Code Section 203 (a):

> **"All persons who are employed or have been formerly employed by Defendants, CARMAX AUTO SUPERSTORES WEST COAST, INC. , a Virginia corporation and/or CARMAX AUTO SUPERSTORES CALIFORNIA, LLC a Virginia limited liability ("Defendants") in the State of California, and who, within four (4) years of the filing of this Complaint, have suffered any of the following:  Failed to have been  paid by Defendants all of their lawful wages for all hours worked; who have failed to receive timely and accurately itemized wage statements; who worked and were not compensated for overtime; who were not provided with California Labor Code complaint meal and rest breaks; who were not compensated for missed or shortened duty free meal breaks, who were not reimbursed for use of personal cell phone expenses incurred in the discharge of their duties; and who failed to timely receive all wages due and owed upon their discharge or termination."**

1    Plaintiffs reserve the right under Rule 3.764, California Rules of Court, to amend or
2    modify the class description with greater specificity or further division into subclasses
3    or limitation to particular issues.

4         41. This action has been brought and may properly be maintained as a class action under the
5    provisions of section 382 of the Code of Civil Procedure because there is a well-defined community
6    of interest in the litigation and the proposed Class Members are easily ascertainable.

7         42. Numerosity: Plaintiffs are informed and believe and based on such information and
8    belief alleges that the potential Members of the Class as defined are so numerous that joinder of
9    all the Members of the Class is impracticable. The exact number of the Members of the class is
10   presently unknown to Plaintiffs, but upon information and belief, Plaintiffs alleges that the exact
11   number and specific identities of the Members of the Class may be readily ascertained through
12   inspection of Defendants' business records, but it is estimated that there are in excess of 1,000
13   class Members.

14        43. Commonality: There are questions of law and fact common to the individual Plaintiffs
15   and to the Class that predominate over any questions affecting only individual Members of the
16   Class. These common questions of law and fact include, without limitation:

17        a.) Whether Defendants' policy and practice of failing to pay such Members of the Class
18             for all hours worked violates California labor law;

19        b.) Whether Defendants' policy and practice of failing to pay such Members of the Class
20             all overtime due when they worked in excess of eight hours a day, including overtime
21             hours worked on weekends, including seven consecutive days of work, violates
22             California labor law;

23        c.) Whether Defendants' policy and practice of failing to provide accurately itemized
24             wage statements violates California labor laws entitling Class Members to injunctive
25             relief under 226 (h);

26        d.) Whether Defendants' policy and practice of failing to provide such Class Members with
27             their required meal breaks violates California labor law;

28

------

11

CLASS ACTION COMPLAINT

e.) Whether Defendants' policy and practice of failing to provide such Class Members with their required rest breaks violates California labor law;

f.) Whether Defendant's failure to record all hours worked, including time worked off the clock violates California Labor law;

g.) Whether Defendants' failure to reimburse for personal cell phone expenses incurred in the discharge of work related duties, violates California Labor Code Section 2802;

h.) Whether Defendants' policy and practice of failing to timely pay all wages due and owed upon discharge or termination violates California labor law; and

i.) Whether Defendants violated Labor Code sections 201-203, 221, 226, 226.7, 510, 512, 1174, 1194, 2802, and applicable IWC Wage Order No. 4-2001;

j.) Whether Defendants violated Business and Professions Code Sections 17200 *et. seq.* of and whether such violations constitute a violation of fundamental public policy;

k.) The proper formula for calculating restitution, damages and waiting time penalties owed to Plaintiffs and the Class Members;

l.) Whether Plaintiffs and Class Members are entitled to equitable relief pursuant to Business and Professions Code sections 17200, *et. seq.;* and

44. <u>Typicality:</u> Plaintiffs' claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiffs and Class Members to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of, and co-extensive with the claims of the Class.

45. <u>Adequacy of Representation:</u> Plaintiffs are Members of the Class and do not have any known existing conflicts of interest with other Class Members. Plaintiffs will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiffs is competent and experienced in litigating employment class actions. Plaintiffs will fairly and adequately protect the interest of Class Members.

46. <u>Superiority of Class Action:</u> A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions

12

CLASS ACTION COMPLAINT

1   affecting only individual Members of the Class.  Each Class Member has been damaged and is

2   entitled to recovery by reason of Defendants' illegal policies and practices.  Class action treatment

3   will allow those similarly situated persons to litigate their claims in the manner that is most

4   efficient and economical for the parties and the judicial system.

### FIRST CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES DUE UPON TERMINATION
### In Violation of Labor Code § 201(a), 202 and 203
### (As to Defendants and Does 1-50, Inclusive)

8   47.  Plaintiffs individually, on their own behalf and on behalf of the Class Members re-

9   allege and incorporate by reference all of the foregoing paragraphs, as though fully set forth

10  herein.

11  48.  Labor Code Section 201(a) requires an employer who discharges an employee to pay all

12  compensation due and owing to the employee immediately upon the employee's discharge from

13  employment.

14  49.  Labor Code Section 202 requires an employer to pay within 72 hours all compensation due

15  and owing to an employee who quits his or her employment.

16  50.  Labor Code Section 203 provides that if an employer willfully fails to pay, without

17  abatement or reduction, in accordance with Labor Code Sections 201, 201.3, 201.5, 201.9, 202, and

18  205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall

19  continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is

20  commenced; but the wages shall not continue for more than 30 days.

21  51.  By failing to compensate Plaintiffs and Class Members as required by law,

22  Defendants have willfully failed to make timely payment of the full wages due to its employees

23  who have resigned or been discharged.

24  52.  As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs and Class

25  Members have sustained economic damages, including, but not limited to, unpaid wages and lost

26  interest in an amount to be determined at trial.

27

28

---
13
---
CLASS ACTION COMPLAINT

1    53.  As a result of Defendants' conduct Plaintiffs and the Class Members suffered injuries

2  and are also entitled to attorneys' fees, in addition to interest, expenses and costs of suit, under

3  Labor Code sections 218.5 and 1194.

4    54.  Wherefore, Plaintiffs and the Class Members request judgment as is further set forth

5  herein below.

6

7                            **SECOND CAUSE OF ACTION**
       **FAILURE TO PROVIDE ACCURATELY ITEMIZED WAGE STATEMENTS**
8                      **In Violation of Labor Code § 226**
                   **(Against Defendants and Does 1-50, Inclusive)**
9

10    55.  The non-exempt Plaintiffs individually on their own behalf and on behalf of

11  similarly-situated Class Members re-allege and incorporate by reference all of the foregoing

12  paragraphs, as though fully set forth herein.

13    56.  California Labor Code section 226(a) provides that, semimonthly or at the time of

14  each payment of wage, an employer shall provide each employee with a wage statement

15  itemizing, among other things, the total hours worked by the employee in the pay period.

16    57.  An employee suffers injury if the employer fails to provide a wage statement or an

17  employee suffers injury if the employer fails to provide accurate and complete information as

18  required by any one or more items listed in section 226(a)(1)-(9) <u>and</u> the employee cannot

19  "promptly and easily" ascertain one or more of the following without reference to other

20  documents or information the amount of gross wages or net wages paid during the pay period: The

21  total number of hours worked if the employee is not salaried; the number of piece-rate units

22  earned and the piece rate; deductions made; the dates of the pay period; all applicable hourly rates

23  in effect during that pay period; the name and address of the employer; or the name of the

24  employee and either the last four digits of his or her social security number or an employee

25  identification number other than the social security number.

26    58.  California Labor Code Section 226(e) provides that an employee suffering injury as a

27  result of a knowing and intentional failure by an employer to comply with Labor Code section

28  226(a) is entitled to recover the greater of his or her actual damages or a penalty of $50 for the

14
CLASS ACTION COMPLAINT

1  initial pay period in which a violation occurs and $100 per employee for each violation in a

2  subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

3      59.  The Plaintiffs and Class Members are and/or were entitled to payment and

4  accompanying accurately itemized wage statements semimonthly.

5      60.  Defendants knowingly and intentionally failed to provide accurately itemized wage

6  statements to Plaintiffs and Class Members that correctly reflected all hours worked, including

7  overtime and hours worked off the clock and failed to pay them premium pay for missed rest and

8  or meal break periods in accordance with California Labor Code Section 226.

9      61.  Defendants' failure to provide accurately itemized wage statements to Plaintiffs and

10  Class Members caused injury to Plaintiffs and Class Members by, among other things, impeding

11  them from knowing the accurate amount of wages to which they were entitled.

12      62.  As a result of Defendants' unlawful conduct, as alleged herein, Plaintiffs and Class

13  Members are entitled to the damages and penalties under California Labor Code section 226(e).

14      63.  As a result of Defendants' conduct, Plaintiffs and the Class Members are also entitled

15  to injunctive relief under Labor Code  Section 226(g) and in addition to attorneys' fees, interest,

16  expenses and costs of suit pursuant to Section 226(e).

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL BREAKS
**In Violation of Labor Code §§ 226.7, 512 and IWC No.  4-2001**

**(Against Defendants and Does 1-50, Inclusive)**

20      64.  The non-exempt Plaintiffs on their own behalf and on behalf of the similarly situated,

21  Class Members re-allege and incorporate by reference all of the foregoing paragraphs, as though

22  fully set forth herein.

23      65.  California Labor Code Sections 226.7 and 512(a) and Wage Order No. 4-2001 provide

24  that all employees who work in excess of five hours must be provided at least a half-hour

25  uninterrupted meal break in which they are relieved of all  duty.

26      66.  The Plaintiffs and Class Members work(ed) shifts in excess of five hours, but are or

27  were not provided with a half-hour uninterrupted meal breaks.

28

---

15

CLASS ACTION COMPLAINT

67. Defendants by and through its workplace policies fail or have failed to provide or have impeded the ability of the Plaintiffs and Class Members to take half-hour uninterrupted meal breaks.

68. As a result of Defendants' failure to afford proper meal periods on days, they are liable to the Plaintiffs and Class Members for one hour of additional pay at the regular rate of compensation for each workday that proper meal periods are or were not provided, pursuant to California Labor Code section 226.7

69. Defendants have not paid such premiums to Plaintiffs and Class Members.

70. As a result of Defendants' conduct, Plaintiffs and Class Members are entitled to damages to compensate them for the unpaid premiums, as well as injunctive relief-requiring Defendants to comply with the California Labor Code and Wage Order No. 4-2001 with respect to meal and rest periods.

71. As a result of Defendants' conduct, the Plaintiffs and the Class Members are also entitled to attorneys' fees under Labor Code sections 218.5 and 1194, in addition to interest, expenses and costs of suit.

72. Wherefore, Plaintiffs and the Class Members request judgment as is further set forth herein below.

### FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE REST BREAKS
### In Violation of Labor Code § 226.7, and IWC No. 4-2001
### (Against Defendants and Does 1-50, Inclusive)

73. The non-exempt Plaintiffs, on their own behalf and on behalf of similarly situated Class Members re-allege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

74. During the liability period, Defendants did not permit or impeded the Plaintiffs and Class Members' ability to take rest periods.

75. By their failure to provide rest periods for every four hours or major fraction thereof worked per day and by failing to provide compensation for such unprovided rest periods, as

1 | alleged above, Defendants willfully violated the provisions of Labor Code Section 226.7 and IWC
2 | Wage Order 4-2001.

3 |     76. The Plaintiffs and Class Members did not voluntarily or willfully waive their rest
4 | periods.

5 |     77. By their failure to keep adequate records as required by sections 226 and 1174(d) of
6 | the Labor Code, Defendants have injured the Plaintiffs and Class Members and made it difficult
7 | for them to calculate their unpaid rest period compensation (including wages, interest, and
8 | penalties thereon) due the Plaintiffs and Class Members.

9 |     78. As a result of the unlawful acts of Defendants, the Plaintiffs and Class Members have
10 | been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of
11 | such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§
12 | 203, 226, 226.7, and 1194, and applicable IWC Wage Orders.

13 |     79. Wherefore, the Plaintiffs and the Class Members request relief as described herein and
14 | below.

### FIFTH CAUSE OF ACTION
### FAILURE TO PAY OVERTIME
**Violation of California Labor Code § 510, 1198 and IWC Wage Order 4-2001**
**(As to Defendants and Does 1-50, Inclusive)**

18 |     80. The non-exempt Plaintiffs, on their own behalf and on behalf of the similarly situated
19 | Class Members re-allege and incorporate by reference all of the foregoing paragraphs, as though
20 | fully set forth herein.

21 |     81. California Labor Code § 510 provides that work in excess of eight hours in a day, or
22 | 40 hours in a week, must be compensated at a rate of not less than one and one-half times the
23 | regular rate of pay for an employee; and for the first eight hours worked on the seventh
24 | consecutive day of work in a workweek; and double the employee's regular rate of pay for all
25 | hours worked in excess of 12 hours in any workday and double the employee's regular rate of
26 | pay for all hours worked in excess of eight on the seventh consecutive day of work in a
27 | workweek.

28 |

---
17
CLASS ACTION COMPLAINT

82. IWC Wage Order 4-2001 and Cal. Code Reg., Title 8, section 11100 also provide that work in excess of eight hours in a day, or 40 hours in a week, must be compensated at not less than one and one-half times the regular rate of pay for an employee.

83. Labor Code Section 1198 makes unlawful the employment of any employee under conditions of labor prohibited by the applicable Wage Order.

84. The Plaintiffs and Class Members work, or have worked, more than eight hours in a day and were not paid at the overtime rate for all hours worked and/or work or have worked in excess of eight hours on the seventh consecutive day of work in a workweek without being paid their proper overtime wages.

85. Pursuant to Labor Code sections 218 and 1194, the Plaintiffs and Class Members are entitled to recover in a civil action the unpaid balance of the full amount of overtime compensation for all hours worked in excess of eight hours a day.

86. Wage Order 4-2001 provides for civil penalties for violations of the Wage Order. As result of Defendants' violation of Wage Order 4-2001 the Plaintiffs and Class Members are entitled to and hereby seek civil penalties in the amount of $50 for the first violation and $100 for each subsequent violation.

87. Labor Code Section 558 provides that any employer who violates any provision regulating hours and days of work in any order of the IWC shall be subject to civil penalties.

88. As a result of Defendants' violation of Wage Order 4-2001, the Plaintiffs and Class Members are entitled to and hereby seek civil penalties in the amount of $50 for the first violation and $100 for each subsequent violation.

89. Labor Code Section 218.6 provides for interest on all unpaid wages in any action brought for nonpayment of wages.

90. The Plaintiffs and Class Members seek to recover interest on all unpaid wages due.

91. The Plaintiffs and Class Members seek liquidated damages pursuant to Labor Code section 1194.2.

92. The Plaintiffs and Class Members seek to recover all unpaid overtime wages, penalties and interest and interest due to them.

---

18

CLASS ACTION COMPLAINT

93.  As a result of Defendants' conduct, the Plaintiffs and Class Members are also entitled to attorneys' fees under Labor Code sections 218.5 and 1194, in addition to interest expenses and costs of suit.

### SIXTH CAUSE OF ACTION
### FAILURE TO MAINTAIN RECORDS OF ALL HOURS WORKED
### In Violation of Labor Code § 1174
### (As to Defendants and Does 1 – 50, Inclusive)

94.  The non-exempt Plaintiffs, on their own behalf and on behalf of the similarly situated Class Members re-allege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

95.  California Labor Code § 1174 (d), which was in force and effect at all relevant times herein, provides in pertinent part, that "Every person employing labor in this state shall keep… "at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

96.  Defendants failed to maintain records of all hours that the Plaintiffs and Class Members worked, including the time they were contacted by supervisors and managers requiring them work on their personal time while off the clock.

97.  Labor Code Section 1174.5 provides that an employer who fails to maintain the records pursuant to 1174 (d) shall be subject to a civil penalty of five hundred ($500) dollars.

98.  As a result of Defendants' violation of Section 1174 (d) Plaintiffs and the Class Members are entitled to and do hereby seek civil penalties in the amount of $500.00.

99.  Wherefore, the Plaintiffs and the Class Members request relief as described herein and below.

19

CLASS ACTION COMPLAINT

### SEVENTH CAUSE OF ACTION
**FAILURE TO PAY WAGES FOR ALL HOURS WORKED**
**In Violation of Labor Code §1194**
**(As to Defendants, and Does 1 – 50, Inclusive)**

100. The Plaintiffs, on their own behalf and on behalf of the similarly situated Class Members re-allege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

101. As alleged herein, during the Class Period Defendants have failed to properly compensate Plaintiffs and the Class Members for all overtime worked nor did they record and pay Plaintiffs and the Class Members for time that they were required to work when off the clock.

102. By uniformly failing to track and record all of the hours worked by Plaintiffs and members of the Class, and failing to compensate them for all overtime hours worked, Defendants were able to skim wages from employees by not paying them a separate hourly wage for each and every hour worked as clearly required by California law. Through this unlawful and illegal policy and practice, Defendants have failed to pay Plaintiffs and the Class all wages owed to them.

103. Pursuant to Labor Code § 1194, "… any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

104. Plaintiffs are informed and believe and based thereupon allege that the result of the unlawful and illegal policy and practice caused damage in the nonpayment of wages to themselves and the proposed Class and/or Unpaid Wage Subclass, in an amount according to proof at trial.

105. Plaintiffs are informed and believe that the nonpayment of their wages is fixed and ascertainable on a class wide basis such that prejudgment interest on those wages is recoverable.

106. Plaintiffs are informed and believe that the nonpayment of wages for all labor performed also entitles Plaintiffs and the proposed Class and/or Unpaid Wage Subclass to attorneys' fees and costs, and liquidated damages in an amount equal to the amount unlawfully unpaid according to Labor Code § 1194.2.

---

20

CLASS ACTION COMPLAINT

## EIGHTH CAUSE OF ACTION
### FAILURE TO TIMELY PAY ALL WAGES EARNED WHEN DUE
#### In Violation of California Labor Code Sections 201 - 204
#### (Against Defendants and Does 1-50, Inclusive)

107. The non-exempt Plaintiffs on their own behalf, and on behalf of the Class Members re-allege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

108. California Labor Code Sections 201 and 202 require Defendants to pay its employees all wages due within the time specified by law under Labor Code Section 204. California Labor Code Section 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days' wages.

109. The Plaintiffs on their own behalf, and on behalf of the Class Members who are currently or were formerly employed with Defendants during the Class Period are entitled to unpaid compensation, but to date have not received such compensation.

110. The Defendants did not or have not paid the Plaintiffs and the Class Members who are currently or were formerly employed by Defendants, their accrued and rightfully earned wages for each and every hour of labor worked during each and every pay period of their employment pursuant to Labor Code Section 204.

111. The Plaintiffs and the Class Members were not and/or have not been properly compensated for overtime wages and wages for they work or worked while off the clock, each and every pay period, to which they are and were entitled, during the term of their employment.

112. As a result of Defendants' unlawful conduct as alleged herein, the non-exempt Plaintiffs and Class Members have sustained economic damages, including, but not limited to such unpaid wages and lost interest in an amount to be determined at trial.

113. As a result of Defendants' conduct, Plaintiffs and the Class Members are also entitled to attorneys' fees, in addition to interest, expenses and costs of suit, pursuant to Labor Code sections 218.5 and 1194.

CLASS ACTION COMPLAINT

114.  Wherefore, Plaintiffs and the Class Members request judgment as is further set forth herein below.

### NINTH CAUSE OF ACTION
### UNLAWFUL FAILURE TO REIMBURSE EMPLOYEES FOR EXPENSES
### In Violation of Labor Code § 2802
### (As to Defendant and Does 1 – 50, Inclusive)

115. Plaintiffs on their own behalf and on behalf of the similarly situated Class Members reallege and incorporate by reference all of the foregoing paragraphs as though fully set forth herein.

116. California Labor Code Section 2802 provides than an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

117. Defendants required as a condition of employment that Plaintiffs and the Class Members  to utilize their personal cell phones in the daily and routine discharge of their duties. Defendants do not and have not reimbursed Plaintiffs and the Class Members for their cell phone expenses.

118. As a result of Defendants' unlawful conduct and such non reimbursement for expenses incurred in direct consequence of the discharge of their duties, Plaintiffs and the Class Members have sustained economic damages, including but not limited to such lost reimbursement of cell phone expenses.

119. As a result of Defendants' conduct, Plaintiffs and the Class Members are also entitled and seek to recover attorneys' fees under Labor Code Section 2802 (c) , in addition to interest and costs of suit.

### UNLAWFUL, UNFAIR AND FRAUDULENT BUSINESS PRACTICES
### Violation of California Business and Professions Code § 17200 et seq.
### (Against Defendants and Does 1-50, Inclusive)

120. Plaintiffs on their own behalf, and on behalf of the Class Members re-allege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

22

CLASS ACTION COMPLAINT

121. California Business and Professions Code Section 17200, et seq. prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

122. California Business and Professions Code Section 17202 provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in case of unfair competition."

123. California Business and Professions Code Section 17203 provides in relevant part that the court may "restore to any person in interest any money or property, real or person, which may have been acquired by means of such unfair competition."

124. California Business and Professions Code Section 17203 also provides that any person who meets the standing requirements of Section17204 and complies with California Code of Civil Procedure Section 382 may pursue representative claims for relief on behalf of others.

125. California Business and Professions Code Section 17204 allows any "person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Business Practices Act.

126. Pursuant to Section 17204, Plaintiffs and the other similarly situated Class Members are entitled to enforce all applicable provisions of the Labor Code.

127. Beginning at an exact date unknown to Plaintiffs, but a least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent practices and acts described in the Complaint, including, but not limited to violations of Labor Code Sections 201-204, 226, 226.7, 510, 512, 1174 (d), 1174 (d), 1194, 2802 and the provisions of IWC No. 4-2001.

128. The violations of these laws and regulations, as well as of fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code Section 17200 et seq.

129. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code

23

CLASS ACTION COMPLAINT

1  Section 17200, et seq.  Among other things, Defendants' acts and practices have forced Plaintiffs
2  and other similarly situated workers to labor without receiving appropriate compensation.

3      130. The acts and practices described above have allowed Defendants to gain an unfair
4  competitive advantage over law-abiding employers and competitors.

5      131. As a result of the acts and practices described herein, Plaintiffs and other similarly
6  situated workers have been denied compensation in an amount to be proven at trial.

7      132. Plaintiffs and other similarly situated Class Members are therefore, entitled to
8  restitution pursuant to Business and Professions Code Section 17203 and 17208 for all wages and
9  other compensation unlawfully withheld from them during the four-year period prior to the filing
10 of the complaint.

11     133. As a result of the aforementioned acts and practices, Defendants have received and
12 continue to receive ill-gotten gains belonging to Plaintiffs and other similarly situated Class
13 Members.

14     134. Injunctive relief is necessary and appropriate to prevent Defendants from repeating
15 their unlawful, unfair and fraudulent business acts and practices described herein.

16     135. Pursuant to Section 17203 and/or any other applicable law, Plaintiffs seek an order-
17 preventing Defendants from engaging in unlawful, unfair and fraudulent conduct and preventing
18 Defendants from profiting and benefiting from their illegal and wrongful acts.

19     136. Plaintiffs' success in this action will enforce important rights affecting the public
20 interest.  Therefore, Plaintiffs sue on behalf of themselves as individuals and other similarly
21 situated employees.

22     137. An award of attorneys' fees is appropriate pursuant to California Civil Code Section
23 1021.5 because 1) this action will confer a significant benefit upon a large class of persons; and 2)
24 there is a financial burden involved in pursuing this action; and 3) it would be against the interest
25 of justice to force Plaintiffs to pay attorneys' fees from any amount recovered in this action.

26 /
27 //
28 ///

24

CLASS ACTION COMPLAINT

## **PRAYER FOR RELIEF**

Plaintiffs on behalf of themselves individually and on behalf of the similarly situated Class Members they seek to represent, request relief as follows:

1. For an order, pursuant to California Code of Civil Procedure Section 382, certifying this action as a class action, appointing Plaintiffs as Class Representatives and Plaintiffs' attorney as Class Counsel.

2. For a declaratory judgment that Defendants have violated California Labor Laws and public policy, as alleged herein.

3. For a declaratory judgment that Defendants have violated California Business and Professions Code sections 17200 et seq. as a result of the aforementioned violations of the Labor Code and of California public policy protecting workers by ensuring that workers are paid for all hours worked.

4. For a permanent and mandatory injunction prohibiting Defendants, its officers, agents, employees, affiliated companies and all those working in concert with them from committing future violations of the laws and public policies described herein;

5. For an award of restitution;

6. For an order imposing all statutory and/or civil penalties provided by law, including, but not limited to penalties under California Labor Code Sections 201-204, 226 (a), 226(e), 226.7, 558, 1194 and applicable IWC Wage Orders, together with interest on those amounts

7. For an order awarding Plaintiffs on behalf of themselves and the Class Members compensatory damages, including, but not limited to wages, earnings, and other compensation, according to proof and interest on these amounts.

8. For award of reasonable attorneys' fees as provided by California Labor code sections 218.5, 218.6, 226 (g), 558, 1194.2(a), 1021.5 and 2802(c).

9. An award and administrative priority claim against the Defendants in favor of the individual Plaintiffs and the other similarly situated Class Members equal to the sum of their unpaid wages and unpaid expenses, pursuant to California Labor Code Sections 201, 202 and 203;

25

CLASS ACTION COMPLAINT

10. For all costs of suit; and

11. For such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiffs and the Class Members demand trial by jury of all claims and causes of action so triable.

DATED: November 20, 2018

WHITEHEAD EMPLOYMENT LAW
MCNICHOLAS & MCNICHOLAS, LLP

By: _____
Jacob Whitehead
Patrick McNicholas
Attorneys for Plaintiffs individually and on
behalf of all others similarly-situated

26
CLASS ACTION COMPLAINT

**EXHIBIT "A"**

# W WHITEHEAD
## EMPLOYMENT LAW

October 31, 2018

**_Via Online Filing_**
Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

**_Via Certified Mail (Return Receipt Requested)_**
Annette Kuhlman, Registered Agent for Service of Process
CSC-Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

William D. Nash, CEO
CARMAX Auto Superstores West Coast, Inc.
12800 Tuckahoe Creek Parkway
Richmond, VA 23238

William D. Nash, CEO
CARMAX Auto Superstores California, LLC
12800 Tuckahoe Creek Parkway
Richmond, VA 23238

      **Re:**    <u>**Notice Pursuant to the Private Attorneys General Act, California Labor Code §
2699.3 (the "PAGA")**</u>

Dear Sir or Madam:

      PLAINTIFFS, Derek Mcelhannon, Aleena Iqbal, and Christopher Syharath ("Plaintiffs")
have retained our firm to represent them and other similarly-situated current and former employees
of CARMAX Auto Superstores West Coast Inc., a Virginia corporation and CARMAX Auto
Superstores California, LLC, a Virginia limited liability company ("Defendants") for alleged
violations of the California Labor Code. Defendants currently employ Plaintiffs and currently or
formerly have employed other similarly situated employees at their car sales lots located throughout
California (collectively, the "Aggrieved Employees").

      Plaintiffs and the Aggrieved Employees worked in various positions, including, but not
limited to Sales Consultants, Service Consultants/Customer Advisors, Service/Customer Operators,
Business Office Associates and Inventory Associates (hereinafter, "Covered Positions"). This letter
formally serves to inform Defendants of Plaintiffs' intent to file a PAGA class action complaint
against Defendants and bring causes of action for violations of the PAGA and for injunctive relief for
Defendants' failure to pay for unreimbursed expenses, failure to provide compliant rest periods and
meal break periods, failure to pay overtime wages earned, failure to timely pay all wages due, failure
to provide accurate, failure to issue accurately itemized wage statements, and failure to pay all wages
due upon termination or separation of employment, during the relevant time period. Based upon
these violations, Defendants violated numerous provisions of California's Labor Code including

Labor & Workforce Development Agency
October 31, 2018

violations of §§'s 201-202, 204, 226 (a), 226.7 510, 512, 1174, 1194, and 2802 as further detailed herein below.

Plaintiffs are informed and believe that said violations are ongoing, systematic and uniform. If Defendants fail to cure the alleged violations, as stated above, Plaintiffs will bring an action against Defendants under the PAGA to recover wages and penalties and for injunctive relief as provided by California law.[1]

## Facts and Theories to Support the Alleged Labor Code Violations

Plaintiffs and the Aggrieved employees currently or formerly worked for Defendants at the CarMax stores throughout the state of California during the relevant period. Plaintiffs and the Aggrieved held positions including but not limited to sales associates, business service operators, business office associates, ("Covered Positions") and perform or performed a variety of duties that requires or required them to daily interact with customers, managers, supervisors, service consultants, customer advisors and other CarMax team members throughout their scheduled shifts.

As a matter of routine and daily practice, Plaintiffs and the Aggrieved Employees are or were required to use their personal cell phones in conducting their duties and related communications. Sales Associates often move about Defendants' large car lots and are dependent on cell phone communications with supervisors and co-team members. Indeed, Defendants maintain, print out and circulate a list of employee names with their personal cell phone numbers for managers and supervisors to reference to quickly reach other coworkers and staff who worked the Covered Positions. Defendants' supervisory and managerial staff routinely send out group text messages to employees to advise them of status of important events such as meetings, which the employees would otherwise miss due to the logistical size and layout of the car lots. Many managers and supervisors also routinely text and/or use chat applications to communicate with Plaintiffs and the Aggrieved Employees at work and even when employees are at home and completely off the clock to

---

[1] Without limitation, Plaintiffs, if permitted, will seek any and all penalties otherwise capable of being collected by the Labor & Workforce Development Agency ("LWDA"). This includes, each of the following, as is set forth in Labor Code § 2699.5, which states:

The provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: subdivision (k) of Section 96, Sections 98.6, 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224, subdivision (a) of Section 226, Sections 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, and 1153, subdivisions (c) and (d) of Section 1174, Sections 1194, 1197, 1197.1, 1197.5, and 1198, subdivision (b) of Section 1198.3, Sections 1199, 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, and 1700.47, paragraphs (1), (2), and (3) of subdivision (a) of and subdivision (e) of Section 1701.4, subdivision (a) of Section 1701.5, Sections 1701.8, 1701.10, 1701.12, 1735, 1771, 1774, 1776, 1777.5, 1811, 1815, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, 2802, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3095, 6310, 6311, and 6399.

Labor & Workforce Development Agency
October 31, 2018

communicate matters concerning meetings, work schedules or to ask work-related questions such as "Hey, we can't locate [such and such] do you know where it is?" These off-the-clock, work related communications were never logged or recorded as time worked by the Defendants. Furthermore, Plaintiffs and the Aggrieved Employees are and/or were never paid for such off-the clock, work-related communications.

Further, it is standard policy and practice for employees who work Covered Positions inside the CarMax offices on the lots to encourage customers to text and email them information to allow for expedient and convenient communications to facilitate service and sales. Sales associates and consultants in particular, routinely provide customers with their personal cell phone numbers, as otherwise, such potential customers may call while they are out on the lot or be forced to call the main office line. All inbound calls come into the E-Hub and if a customer does not have the personal cell phone number of the sales associate they've been consulting with, their calls are routed to another sales consultant or worse, even when they ask for the sales associate by name as sometimes appropriated by another employee. These are illustrative of just a few examples of how Defendants not only encourage, but require Plaintiffs and the Aggrieved Employees' use of cell phones to daily communicate internally and externally with customers throughout their scheduled shifts.

At no time have Defendants reimbursed Plaintiffs and the similarly situated Aggrieved Employees for the use of their personal cell phones, which are routinely used and required in the discharge of their duties.

Plaintiffs and the Aggrieved Employees are compensated with a base hourly rate, plus commissions. They work very long hours during their scheduled shifts in order to sell as many cars as possible. This is because Plaintiffs and similarly situated Aggrieved Employees' commissions are paid at a flat rate of $100 per car sold, regardless of the value of the vehicle. Hand in glove with Defendants' flat rate commission policy is also a policy that provides if another sales associate has sufficient engagement or contact with a customer, then they are entitled to earn one-half of the $100 flat rate commission. Under this sufficient contact policy, simply greeting a customer is deemed sufficient contact to earn half of a $100 commission. Sending an email, allowing a customer to go for a test drive – any of these activities is deemed sufficient engagement with a customer entitling a colleague to half of the commission when the car is sold.

Because of these policies, Plaintiffs and Aggrieved Employees who work or worked in such Covered Positions never take or took rest period breaks and seldom take lunch breaks. Although Defendants have a rest break and lunch break policy, because of the cut throat nature of the used car sales business, in reality and practice the rest break and meal break policy is ignored and literally never enforced. Defendants are fully aware that at least four out of five days worked, Plaintiffs and the Aggrieved Employees typically either take/took a late lunch, long after the fifth hour of work and frequently, skip/skipped their lunch breaks entirely for fear of losing out on a customer and a full commission. Unless Plaintiffs and similarly-situated employees whose livelihood depends on their commission earnings, if such employees do not remain available to help customers throughout their entire shift, then they are required to split the $100 commission from any sale they worked on with another associate or team member who helps assist their customer if they were to take a rest break or a lunch break. Because of the comparatively low, flat rate commission compensation, and Defendants "sufficient engagement-contact" policy, Plaintiffs and Aggrieved Employees are afraid to lose fifty (50 %) percent of a $100 commission after having worked for sometimes months with a customer to sell a car, just because they wanted to take a rest break or a meal break. Thus, it forces everyone to take their meal breaks late and more often than not to skip them altogether. Defendants

Labor & Workforce Development Agency
October 31, 2018

managers and supervisors understand all too well and thus the "rule" that employees should take a lunch after the 5th hour of labor worked, is virtually never enforced. However, Defendants have failed to pay Plaintiffs and the Aggrieved Employees premium pay equal to one hour of their regular rate of pay, in lieu of such missed rest periods and meal breaks.

As a result of Defendants' failure to provide compliant rest periods and meal breaks, and failure to reimburse Plaintiffs and the Aggrieved Employees for the use of their personal cell phone, Plaintiffs are not being timely paid all their rightfully earned wages by law and are not receiving accurately itemized wage statements reflecting the premium pay and cell phone expense reimbursement to which they are lawfully entitled.

Moreover, Plaintiffs and a substantial portion of the Aggrieved Employees regularly worked 14 to 6 hours per day, seven days a week - especially Saturdays and Sundays, which is when the CarMax stores experience the greatest amount of customer traffic. For the Plaintiffs and Aggrieved Employees not working Saturdays and Sundays was out of the question as weekends provide the greatest opportunity for selling cars. However, Defendants do not and have not paid the Aggrieved Employees their proper overtime pay for hours worked in excess of eight hours in one workday and for work in excess of 40 hours in any given workweek; nor have they paid them the proper rate of twice the regular rate of pay for hours worked in excess of 12 hours in one day or for any work the hours they worked in excess of eight hours on any seventh day of a workweek.

Thus Defendants not only violated Labor Code §204 by failing to timely pay all wages twice monthly, when former Aggrieved Employees' employment with Defendants ended, Defendants failed to pay them all of their earned wages as described above, immediately upon their discharge or within 72 hours thereafter. In addition, Defendants have failed to pay the waiting time penalties to which such Aggrieved Employees are entitled.

At all times relevant, Labor Code § 200(a) defines "wages" as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation." Labor Code § 200(b) defines "labor" as all "work" or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment."

At all times relevant, Labor Code § 218 provides that "nothing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article."

At all times relevant, Labor Code § 558 provides, in pertinent part, "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the [IWC] shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee."

Labor & Workforce Development Agency
October 31, 2018

At all times relevant, Labor Code § 204 provides that all wages, other than those mentioned in sections 201, 202, 204.1, or 204.2, earned by any person in any employment, are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

At all times relevant, Labor Code § 210 provides, in pertinent part, "every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

At all times relevant, Labor Code § 1174 was in force and effect.  Section 1174 provides, that every person employing labor in this state shall "… Keep. at a central location in the state or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to. employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis. piece-rate units earned."

Here, Defendants violated Labor Code 201-202, 204, 226 (a), 226.7 510, 512, 1174, 1194 and 2802. As a result of their unlawful practices, including failure to provide compliant rest breaks and meal breaks; failure to pay them one hour's premium pay wage for each missed rest break or meal break; failure to pay proper overtime wages; failure to record all hours worked, including tracking and logging work related communications when employees are off the clock, failure to pay employees separately for all hours worked, failure to timely pay wages twice monthly, each calendar month worked; failure to reimburse for cell phone expenses incurred in the discharge of their duties; failure to provide accurately itemized wage statements; and failure to pay all wages due upon termination of employment, Defendants have failed to pay the Aggrieved Employees for all work related expenses incurred and for all labor performed.

## C. Defendants Failed to Furnish Accurate Wage Statements to the Aggrieved Employees.

At all times relevant, Labor Code § 226(a) requires Defendants to "furnish each of [its] employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, … (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

Here, Defendants violated Labor Code § 226 (a).  Defendants had a uniform policy and practice of failing to pay its workers premium pay wages for missed rest period and meal breaks,

Labor & Workforce Development Agency
October 31, 2018

failed to properly compensate the Aggrieved Employees for overtime worked and failed to reimburse workers for cell phone expenses necessarily incurred which were related and necessary in the discharge of their duties, thus failing to properly account for all applicable compensation and expense reimbursements to which the Aggrieved Employees in the Covered Positions are and were lawfully entitled during the relevant period.

Resultantly, Plaintiffs and the Aggrieved Employees shall also seek injunctive relief pursuant to Labor Code Section 226 (g) as well as their attorneys' fees, interest, expenses and costs of suit.

**B. Defendants Failed to Reimburse Aggrieved Employees for their Expenses.**

California Labor Code Section 2802 provides that an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

As discussed above, Defendants engage or engaged in the routine practice of texting and calling Plaintiff and the Aggrieved Employees on their personal cellphones during their scheduled shifts, regarding meetings, customer inquiries and services, and require utilization of their workers personal cell phones when communicating internally and with customers, but Defendants have not and do not pay the Aggrieved Employees a cell phone allowance, nor do they or have they reimbursed them for the daily imposition and required use of their personal cellphones to communicate in the discharge of their work-related duties in violation of Labor Code Section 2802.

In violation of Labor Code Section 2802, Defendants have failed to reimburse Plaintiffs and the Aggrieved Employees for their expenses which is a violation that has resulted in lost wages and lost interest. Plaintiffs and the Aggrieved Employees are also entitled to their attorneys' fees, interest, expenses and costs of suit.

**C. Defendants Have Failed to Maintain Records of All Hours Worked by Plaintiffs and the Aggrieved Employees**

Labor Code § 1174 provides, that every person employing labor in this state shall "... Keep, at a central location in the state or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to. and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or. if paid on a piece-rate basis, piece-rate units earned."

As stated, Defendants' managers and supervisors routinely send text message and chat communications to employees when they are at home and off the clock to notify them of work related issues or to ask them work related questions. Such time in which they are engaging or formerly engaged Plaintiffs and the Aggrieved Employees about work related matters are never recorded, tracked, nor are/were Plaintiffs and the Aggrieved Employees compensated for such interruptions of their personal off the clock time.

Labor & Workforce Development Agency
October 31, 2018

### D.  Defendants Have Failed to Pay Plaintiffs and the Aggrieved Employees Separately For Each Hour Worked at the Legal Rate

Pursuant to Labor Code Section 1194, "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

As described supra, Defendants' managers and supervisors routinely send text messages and use chat apps to communicate with employees when they are at home and off the clock to notify them of work related issues or to ask them work-related questions. As stated, Defendants have failed to track or record the time in which they are intruding and engaging employees about work-related issues when they are off the clock. Moreover, Plaintiffs and the Aggrieved Employees have not ever been compensated for when they are responding to their employer's questions and thus are working off the clock for free.

### E.  Defendants Have Failed to Pay Plaintiffs and the Aggrieved Employees for All Overtime Worked

Labor Code Section 510 provides,

**"Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee..."**

As stated, Plaintiffs and the Aggrieved Employees routinely work or worked 60-70 hours per week, during the relevant time period, including Saturdays and Sundays. Here, Defendants have not complied with Labor Code Section 510 by paying Plaintiffs or the Aggrieved Employees at 1.5 times their regular rate of pay for the hours they worked in excess of eight hours or in excess of 40 hours a week; nor did they ever pay them twice their regular rate of pay for work in excess of 12 hours in a day or for work in excess of eight hours on any seventh day of a workweek.

### F.  Defendants Have Failed to Timely Pay Wages

At all times relevant, Labor Code § 204 provides that all wages, other than those mentioned in sections 201, 202, 204.1, or 204.2, earned by any person in any employment, are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Labor & Workforce Development Agency
October 31, 2018

As discussed supra, Defendants failed to pay Plaintiffs and the Aggrieved Employees all wages due for labor performed twice during each calendar month.

**G.    Defendants Failed to pay all Wages Due to the Aggrieved Employees Upon Separation or Termination of Employment.**

At all times relevant, Labor Code § 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.  At all times relevant, Labor Code § 202 provides that if employees not having a written contract for a definite period quits their employment, their wages shall become due and payable no later than 72 hours thereafter, unless the employee has given 72 hours advance notice of their intention to quit, in which case the employee is entitled to their wages at the time of quitting.

At all times relevant, Labor Code § 203 provides that an employer who willfully fails to pay, without abatement or reduction, in accordance with sections 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than 30 days.

Here, Defendants have violated Labor Code §§ 201(a) and 204. When former Aggrieved Employees' employment with ended, Defendants failed to pay them all of their earned wages as detailed above, immediately upon their discharge or within 72 hours thereafter. In addition, Defendants have failed to pay the waiting time penalties to which such Aggrieved Employees are entitled under Labor Code Section 203.

To date, as set forth in detail above, Defendants have failed to pay the Aggrieved Employees all of their earned wages, accrued interest thereon, and failed to remit the Labor Code penalties to be imposed as a consequence of said violations of the Labor Code.

<u>**Conclusion**</u>

Defendants have violated the foregoing provisions of the California Labor Code.  Plaintiffs request the LWDA to investigate the above allegations and provide notice of the allegations under PAGA's provisions.  Alternatively, Plaintiffs request the LWDA to inform them if it does not intend to investigate these violations, so they may bring an action under the PAGA for the violations discussed in this letter.

Should you have any questions or comments regarding the foregoing, or any aspect of this matter, please do not hesitate to contact our offices.

Sincerely,

**WHITEHEAD EMPLOYMENT LAW**

Jacob N. Whitehead, Esq.

JNW/dlp

11-20-'18 17:52 FROM-Hallstrom Klein&Ward                    T-047  P0005/0041 F-478

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>—Jacob N. Whitehead, Esq. SBN 266123<br>WHITEHEAD EMPLOYMENT LAW<br>15615 Alton Pkwy., Suite 175<br>Irvine, CA 92618<br>TELEPHONE NO.: 949-936-4001      FAX NO.: 949-450-1588<br>ATTORNEY FOR (Name): Plaintiff, Derek McElhannon et al | FOR COURT USE ONLY<br><br>**FILED BY FAX**<br>ALAMEDA COUNTY<br>November 21, 2018<br>CLERK OF<br>THE SUPERIOR COURT<br>By Lynn Wiley, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 24405 Amador Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Hayward, CA 94544<br>BRANCH NAME: Hayward Hall of Justice | |

CASE NAME:
Derek McElhannon et al v. CarMax Auto Superstores West Coast et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>CASE NUMBER: HG18929561 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): Ten (10)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 20, 2018

Jacob N. Whitehead
(TYPE OR PRINT NAME)                              ▶ /s/ Jacob Whitehead
                                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary cause of action**. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3)' recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

ADR Info Sheet.Rev. 12/15/10

*Page 1 of 2*

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA  94702-1612
Telephone: (510) 548-2377      Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA  94550
Telephone: (925) 373-1035      Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA  94607
Telephone: (510) 768-3100      Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                      FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                          Time:                          Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

   ☐ Court mediation          ☐ Judicial arbitration
   ☐ Private mediation        ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PLAINTIFF)

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

| Form Approved for Mandatory Use <br> Superior Court of California, <br> County of Alameda <br> ALA ADR-001 [New January 1, 2010] | **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | Cal. Rules of Court, <br> rule 3.221(a)(4) |
|---|---|---|

Ex. A, Pg. 56

ALA ADR-001

| | |
|---|---|
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | CASE NUMBER.: |

Date:

_____    ▶ _____
   (TYPE OR PRINT NAME)                        (SIGNATURE OF DEFENDANT)

Date:

_____    ▶ _____
   (TYPE OR PRINT NAME)                   (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]
**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**
Cal. Rules of Court,
rule 3.221(a)(4)

Ex. A, Pg.  57

Fax Server          11/21/2018 8:41:53 PM   PAGE   1/001   Fax Server

11-20-'18 17:51 FROM-Hallstrom Klein&Ward                    T-047  P0002/0041 F-478

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
CARMAX AUTO SUPERSTORES WEST COAST, INC., a Virginia
corporation; "Additional Parties Attachment form is attached"

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
DEREK MCELHANNON, ALEENA IQBAL, CHRISTOPHER
SYHARATH, "Additional Parties Attachment form is attached"

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED BY FAX**
ALAMEDA COUNTY
November 21, 2018
CLERK OF
THE SUPERIOR COURT
By Lynn Wiley, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: | **CASE NUMBER:** |
| (El nombre y dirección de la corte es): Hayward Hall of Justice | *(Número del Caso):* |

Superior Court of California, County of Alameda
24405 Amador Street, Hayward, CA 94544

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: **HG18929561**
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Whitehead Employment Law, 15615 Alton Pkwy., Ste. 175, Irvine, CA 92618, 949-936-4001

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| (Fecha) | (Secretario) — *Lynn Wiley* | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Carmax Auto Superstores California, LLC, a Virginia Limited Liability Company
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other (specify): CCP 17061 (Limited Liability Company)
4. ☒ by personal delivery on (date):

| | | |
|---|---|---|
| **SUMMONS** | | Page 1 of 1 |

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| McElhannon et al v. CarMax Auto Superstores West | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

CARMAX AUTO SUPERSTORES
CALIFORNIA, LLC, a Virginia limited liability company; and DOES 1-50, inclusive,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Ex. A, Pg.  59

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| McElhannon et al v. CarMax Auto Superstores West | |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

RUBEN SANTIAGO, and EMIL MILISCI, each individually, and on behalf of all others similarly situated,

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Jacob N. Whitehead, Esq. SBN 266123
jacob@jnwpc.com
WHITEHEAD EMPLOYMENT LAW
15615 Alton Pkwy, Suite 175
Irvine, CA 92618
Tel. (949) 936-4001
Fax (949) 450-1588

Patrick McNicholas, Esq.
pmc@mcnicholaslaw.com
McNicholas & McNicholas, LLP
10866 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90024
Tel. (310) 474-1582
Fax (310) 475-7871

Attorneys for Plaintiffs, Derek Mcelhannon, Aleena Iqbal, Christopher Syharath,
Ruben Santiago, and Emil Milisci, each individually, and on behalf of all others similarly situated

**FILED BY FAX**
ALAMEDA COUNTY
November 21, 2018
CLERK OF
THE SUPERIOR COURT
By Lynn Wiley, Deputy
CASE NUMBER:
**HG18929561**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF ALAMEDA

DEREK MCELHANNON, ALEENA IQBAL,
CHRISTOPHER SYHARATH, RUBEN
SANTIAGO, and EMIL MILISCI, each
individually, and on behalf of all others similarly
situated,

                    Plaintiffs

          vs

CARMAX AUTO SUPERSTORES WEST
COAST, INC., a Virginia corporation;
CARMAX AUTO SUPERSTORES
CALIFORNIA, LLC, a Virginia limited liability
company; and DOES 1-50, inclusive,

                    Defendants

Case No.:

**CLASS ACTION COMPLAINT FOR**

1) Failure to Pay All Wages Due Upon Termination
   Labor Code § 201 (a)
2) Failure To Provide Accurately Itemized Wage
   Statements in Violation of Labor Code § 226(a)
3) Failure To Provide Meal Periods in violation of
   Labor Code §§ 226.7 and 512 and applicable
   IWC Wage Orders
4) Failure To Provide Rest Periods in violation of
   Labor Code § 226 and applicable IWC Wage
   Orders
5) Failure To Pay Overtime Earned in violation of
   Labor Code §§ 510, and applicable IWC Wage
   Orders
6) Failure to Maintain Record of all hours worked
   Labor Code §1174
7) Failure to Pay Wages For All Hours Worked in
   Violation of Labor Code 1194(a);
8) Failure to Pay All Wages When Due Labor Code
   Section 204
9) Failure to Reimburse Expenses Labor Code
   §2802
10) Unlawful Business Practices in violation of Cal.
    Bus. & Prof. Code §§ 17200, et seq.

**DEMAND FOR JURY TRIAL**

1
CLASS ACTION COMPLAINT

Plaintiffs, DEREK MCELHANNON, ALEENA IQBAL, CHRISTOPHER SYHARATH, RUBEN SANTIAGO and EMIL MILISCI, (each individually as "Plaintiff" and collectively, the "Plaintiffs"), each individually, on behalf of themselves and on behalf of all others similarly situated, allege as follows:

## I.  INTRODUCTION

1.      This is a Class Action, pursuant to Code of Civil Procedure section 382, on behalf of Plaintiffs, and all current or former similarly-situated, non-exempt employees, of CARMAX AUTO SUPERSTORES WEST COAST, INC., a Virginia corporation and CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, a Virginia limited liability company, and any subsidiaries or affiliated companies (hereinafter collectively referred to as "CarMax" or "Defendants").  The non-exempt employees employed by or formerly employed by Defendants within the State of California are hereinafter referred to individually as "Class Members" and collectively as the "Class" or "Classes."

2. Plaintiffs bring this action on their own behalf and on behalf of other similarly-situated current or former non-exempt employees of CarMax.

3. Plaintiffs are informed and believe, and based thereon allege that Defendants currently employs, and during the relevant period have employed thousands of employees in the State of California in non-exempt positions.

4. The acts complained of herein occurred, occur and will occur at least in part within the time period from four (4) years preceding the filing of the Complaint, up to and through the time of trial for this matter.

5. Defendants, Violated numerous provisions of the California Labor Code, including failure to compensate Plaintiffs and Class Members for all hours worked, failure  to provide compliant meal and rest periods, failure to pay premium pay wages for such missed rest and meal breaks,  failure to pay all earned wages due,  failure to pay all wages due at the conclusion of employment, failure to furnish paystubs accurately showing, among other things accurately and properly itemized earnings and deductions for the total hours worked during each pay period, failure to track and record all hours worked and failed to reimburse class Members for expenses

2

CLASS ACTION COMPLAINT

1   necessarily incurred in the discharge of their duties. Plaintiffs allege that these acts, which violate

2   the *California Labor Code*, constitute predicate unlawful and unfair business practices in violation

3   of the California Unfair Competition Laws.

4     6.  Plaintiffs, and each of them, bring this action as individuals and on behalf of all others

5   similarly situated, and seek compensation for all uncompensated work, liquidated and/or other

6   damages as permitted by applicable law, as well as attorneys' fees, applicable penalties as

7   provided by statute, plus interest and costs.

8   **II. JURISDICTION AND VENUE**

9     7.  The Court has jurisdiction over Plaintiffs' and Class Members' claims pursuant to

10  Business and Professions Code sections 17200-17208, and also seek injunctive relief and restitution

11  of ill-gotten benefits arising from Defendants' unlawful business acts and practices under California

12  Business and Professions Code sections 17200-17208.

13    8.  Venue is proper in this judicial district, pursuant to Code of Civil Procedure section 395.

14  Plaintiffs are residents of California and worked for Defendants all over the state of California,

15  including Alameda County.  Defendants conduct business in Alameda County, CA and the unlawful

16  acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of

17  California and within the County of Alameda.

18  **III. THE PARTIES**

19    9.  Plaintiff, Derek Mcelhannon, is a resident of Antelope, California and at all relevant

20  times worked at CarMax in Pleasanton, California in the County of Alameda. He will serve as an

21  adequate, typical and active participant and class representative for the proposed Class and/or

22  potential subclasses.  Plaintiff, Mcelhannon was formerly employed by Defendants as a non-

23  exempt sales associate and then after receiving training, became a manager.

24    10. Plaintiff, Aleena Iqbal, is a resident of Tracy, California, and at all relevant times

25  worked at CarMax in Pleasanton, California in the County of Alameda. She will serve as an

26  adequate, typical and active participant and class representative for the proposed Class and/or

27

28

3

CLASS ACTION COMPLAINT

1    potential subclasses.   Plaintiff, Iqbal was formerly employed by Defendants as a non-exempt

2    sales associate.

3        11. Plaintiff, Christopher Syharath, is a resident of Dublin, California and at all relevant

4    times reported to work at CarMax in Pleasanton, California, in the County of Alameda.  He will

5    serve as an adequate, typical and active participant and class representative for the proposed Class

6    and/or potential subclasses.  He was formerly employed by Defendants as a non-exempt sales

7    associate.

8        12. Plaintiff, Ruben Santiago, is a resident of Moreno Valley, California and at all

9    relevant times reported to work at CarMax locations in both Murrieta and Riverside, in the County

10   of Riverside, California.  He will serve as an adequate, typical and active participant and class

11   representative for the proposed Class and/or potential subclasses.  He was formerly employed by

12   Defendants as a non-exempt sales associate.

13       13. Plaintiff, Emil Milisci, is a resident of Newport Beach, California and at all relevant

14   times reported to work at the CarMax location in Irvine, California in the County of Orange,

15   California. He will serve as an adequate, typical and active participant and class representative for

16   the proposed Class and/or potential subclasses.  He was formerly employed by Defendants as a

17   non-exempt sales associate

18       14. Defendant, CarMax Auto Superstores West Coast, Inc., is a Virginia corporation,

19   ("CarMax, Inc.") with its principal place of business located at 12800 Tuckahoe Creek Parkway,

20   Richmond, VA 23238.  CarMax, Inc. is duly registered as a foreign corporation with the California

21   Secretary of State. Defendant, CarMax Inc., is a new and used car automobile dealership and

22   maintains CarMax sales locations throughout parts of California, including Alameda County.

23       15. Defendant, CarMax Auto Superstores California, LLC, is a Virginia limited liability

24   company; ("CarMax LLC") with its principal place of business located at 12800 Tuckahoe Creek

25   Parkway, Richmond, VA 23238.  CarMax, LLC is a used car dealership, duly registered as a

26   foreign entity with the California Secretary of State and conducts business throughout California,

27   including Alameda County.

28

---
4
---
CLASS ACTION COMPLAINT

16.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiffs, who therefore sue defendants by such fictitious names under Code of Civil Procedure section 474.

17. Plaintiffs are informed and believe, and based thereon allege, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

18.  Plaintiffs are informed and believe, and based thereon allege, that each Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendants are legally attributable to the other Defendants.

## IV. FACTUAL SUMMARY BACKGROUND

California Wage and Hour Violation Allegations

19. Upon information and belief, Defendants employ and have employed individuals in various non-exempt positions at their car sales lots as sales consultants, service consultants, customer operators, business office associates or other similarly titled positions. Upon information and belief, these employees work or formerly worked in non-exempt, non-managerial positions with non-organizational decision-making authority, but rather were engaged in the service, sales, clerical and administrative positions related to customer service and automobile sales. The non-exempt Plaintiffs and similarly situated employees were not or have not been paid during the relevant liability period all of their legal wages pursuant to the Labor Code and applicable Industrial Welfare Commission Wage Order No. 4 ("IWC No. 4).

20. The non-exempt Plaintiffs are informed and believe, and based thereon allege that Defendants currently employs, and during the relevant period had employed thousands of employees in the State of California, who were paid a base hourly rate, plus commissions.

5

CLASS ACTION COMPLAINT

21. During the Class Period, Defendants and their managers and supervisors often called or sent work related text messages to their employees while at home or off and clock, but failed to record and track the time worked when the non-exempt Plaintiffs and those similarly situated worked off the clock, as is required by Labor Code Section 1174 (d).   As a result, Plaintiffs and those similarly situated were not paid for all hours worked, including work performed off the clock.

22. During the Class Period, the non-exempt Plaintiffs and those similarly-situated worked overtime, including Saturdays and Sundays but were not properly paid their overtime wages.

23. During the Class Period, Defendants maintained a comparatively low, flat rate per car commission policy, (ranging from $100 to $150 per car sold) which commission does not vary with the value of the car.   In addition, Defendants maintain a "sufficient engagement" or "sufficient contact" policy which provides if any associate has sufficient contact or engagement with a customer, they are entitled to half the commission earned by the sales person who sold the car.  Under the policy, actions as simple as greeting a customer who comes onto the lot, or sending an email or allowing a customer to take a test drive is deemed sufficient engagement, entitling them to share the commission.  Because of the cut-throat nature of the used car sales industry, Defendants' "sufficient engagement" policy creates or created incentives for other associates to deliberately intercept customers in order to prey on commissions of other sales consultants. As a result of this policy Plaintiffs and the similarly-situated class Members never take or took rest periods or meal breaks because of the threat of loss of half of a $100-dollar commission on a sale to a customer that they might have worked with for weeks or even longer, were another colleague to "sufficiently engage" a customer while they are on a ten-minute rest period or a meal break.

24. Thus, even though Defendant purports to have a rest and meal break policy, in reality and practice the rest break and meal break policy is literally ignored and never enforced. Defendants are fully aware that at least four days out of five, Plaintiffs and the class Members whose livelihood depends on their commission earnings, frequently, take their breaks very late or miss them entirely for fear of losing out on a customer and full commission if they do not remain

6

CLASS ACTION COMPLAINT

available at all times to their customers. Resultantly, Defendants through their policies and conduct impeded the Plaintiffs and those similarly-situated the ability to take labor code compliant rest and meal breaks.

25. On information and belief, the non-exempt Plaintiffs allege that they and the Class Members they seek to represent did not waive their meal or rest periods during the liability period.

26. Accordingly, during the Class Period, the Plaintiffs and Class Members were not provided with one hour's wages in lieu of missed meal breaks in one or more of the following manners:

a) They were not provided meal periods for work days in excess of five and/or ten hours and were not compensated one hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Order No. 4-2001;

b) They were required to work through their daily meal period(s), or to work an unlawful "on-duty meal period;"

c) They were impeded in their ability to take a meal period.

27. In addition, during the Class Period, the non-exempt Plaintiffs and Class Members they seek to represent, were not provided lawful rest periods, and were not provided with one hour's wages in lieu thereof, in one or more of the following manners:

a) They were required to work without being provided a minimum ten minute rest period for every four hours or major fraction thereof worked and not being compensated one hour of pay at their regular rate of compensation for each workday that a rest period was not provided;

b) They were either impeded or prevented from taking or unable to take lawful rest periods.

28. Further, during the Class Period as a matter of routine and daily practice, Plaintiffs and those similarly situated are/were required to use their personal cell phones in conducting their duties. Sales Associates often move about Defendants' large car lots and area dependent on cell phone communications with supervisors and co-team Members.

29. As a matter of routine practice, Defendants' managers maintain, print out and circulate a list of employee names and personal cell phone numbers for managers and supervisors to

7

CLASS ACTION COMPLAINT

1    reference to quickly reach employees. Such managers and supervisors routinely send out group
2    text messages to employees to advise them of status of important events such as staff meetings.
3    Many of Defendants' managers and supervisors routinely text or use chat apps to communicate
4    with employees both at work and while they are at home off the clock.

5        30.  Plaintiffs and those similarly situated are encouraged to and allow customers to call or
6    text them on their personal cell phones. Otherwise potential customers they are/were working
7    with have to call the lot on the main inbound call center phone line if a customer does not have
8    their sales associate's cell phone number. The practice of maintaining customer contact by
9    providing customers with their personal cell phone information is a necessity to prevent the
10   potential customer with whom a sales associate has established a relationship from being
11   misappropriated or routed to a different sales consultant.

12       31.  At no time have Plaintiffs or those similarly situated, been reimbursed for the use of
13   their personal cell phones.

14       32.  Because of the foregoing alleged practices, the Plaintiffs and similarly situated Class
15   Members did not receive accurately itemized wage statements during the Class Period.

16       33.  During the Class Period, the non-exempt Plaintiffs and Class Members they seek to
17   represent, were not paid wages for all hours worked, whether regular time or overtime, and/or
18   were required to work without compensation during the workday and workweek while performing
19   tasks, duties, and responsibilities for compensable hours worked.

20       34.  Further on information and belief, Defendants willfully failed to pay all such legally due
21   wages when formerly employed Class Members ceased their employment with Defendants in
22   violation of California Labor Code Section 203.

23       35.  Defendants engaged in, ratified and enforced the following unlawful practices and
24   policies against Plaintiffs and the Class Members they seek to represent:

25           a.)  Failing to pay former employee Class Members who were discharged, laid off, or
26               resigned in accordance with the requirements of Labor Code §§ 201, 202, and 203.

27
28

8
CLASS ACTION COMPLAINT

b.)    Failing to pay non-exempt employees overtime for all hours worked in excess of an eight-hour day in violation of Labor Code Section 510, 1194 and IWC Wage Order No. 4-2001.

c.)    Failing to maintain accurate records of earned wages and work periods in violation of Labor Code §§ 226 and 1174(d) and IWC Wage Order No. 4-2001.

d.)    Failing to provide non-exempt employees meal periods under Labor Code Section 226.7 and IWC Wage Order No. 4-2001.

e.)    Failing to provide non-exempt employees rest periods under Labor Code Section 226.7 and IWC Wage Order No. 4-2001.

f.)    Failing to furnish timely and accurate itemized wage statements to non-exempt employees under Labor Code Section 226.

g.) Failing to pay employees all wage due, each and every pay period under Labor Code Section 204.

h.) Failing to reimburse employees for cell phone use and expenses necessarily incurred in the discharge of their duties;

i.) Defendants engaged in unfair business practices under Business and Professions Code Section 17200 et seq.

36.    On information and belief, Plaintiffs allege that Defendants' actions as described throughout this Complaint were willful.

37.    Because Defendants failed to comply with Labor Code section 226(a) by failing to provide itemized wage statements showing all deductions from payment of wages and accurately reporting total hours worked, the non-exempt Plaintiffs and the similarly-situated Class Members they seek to represent are entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b).

38. The non-exempt Plaintiffs, as individuals, and on behalf of all others similarly situated, seek injunctive relief, compensation for all uncompensated work, and/or all other damages permitted by applicable law, as well as attorneys' fees, penalties, interest and costs.

9

CLASS ACTION COMPLAINT

39. In addition, and pursuant to the Private Attorneys General Act ("PAGA"), Plaintiffs have given notice to the Labor and Workforce Development Agency ("LWDA") of the Labor Code violations alleged in this complaint. (A true and correct copy of the October 31, 2018 PAGA notice is attached hereto as **Exhibit A.**) At the appropriate time, absent action by the LWDA or the Division of Labor Standards Enforcement ("DLSE"), Plaintiffs will file an amended complaint seeking all recoverable penalties for Labor Code violations as permitted and proscribed by the PAGA. An amended complaint will include allegations and remedies available under Labor Code §§ 2699, 2699.5, and 2933.3, among others. *See* Cal. Labor Code § 2933.3(a)(2)(C) ("Notwithstanding any other provisions of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part within 60 days of the time periods specified in this part.")

## V.  CLASS ACTION ALLEGATIONS

40. Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to California Code of Civil Procedure Section 382. Plaintiffs seek to represent a Class composed of and defined as follows under California Labor Code Section 203 (a):

> **"All persons who are employed or have been formerly employed by Defendants, CARMAX AUTO SUPERSTORES WEST COAST, INC. , a Virginia corporation and/or CARMAX AUTO SUPERSTORES CALIFORNIA, LLC a Virginia limited liability ("Defendants") in the State of California, and who, within four (4) years of the filing of this Complaint, have suffered any of the following: Failed to have been paid by Defendants all of their lawful wages for all hours worked; who have failed to receive timely and accurately itemized wage statements; who worked and were not compensated for overtime; who were not provided with California Labor Code complaint meal and rest breaks; who were not compensated for missed or shortened duty free meal breaks, who were not reimbursed for use of personal cell phone expenses incurred in the discharge of their duties; and who failed to timely receive all wages due and owed upon their discharge or termination."**

10

CLASS ACTION COMPLAINT

1    Plaintiffs reserve the right under Rule 3.764, California Rules of Court, to amend or

2    modify the class description with greater specificity or further division into subclasses

3    or limitation to particular issues.

4         41.  This action has been brought and may properly be maintained as a class action under the

5    provisions of section 382 of the Code of Civil Procedure because there is a well-defined community

6    of interest in the litigation and the proposed Class Members are easily ascertainable.

7         42.  Numerosity:  Plaintiffs are informed and believe and based on such information and

8    belief alleges that the potential Members of the Class as defined are so numerous that joinder of

9    all the Members of the Class is impracticable.  The exact number of the Members of the class is

10   presently unknown to Plaintiffs, but upon information and belief, Plaintiffs alleges that the exact

11   number and specific identities of the Members of the Class may be readily ascertained through

12   inspection of Defendants' business records, but it is estimated that there are in excess of 1,000

13   class Members.

14        43.  Commonality: There are questions of law and fact common to the individual Plaintiffs

15   and to the Class that predominate over any questions affecting only individual Members of the

16   Class.  These common questions of law and fact include, without limitation:

17        a.)  Whether Defendants' policy and practice of failing to pay such Members of the Class

18             for all hours worked violates California labor law;

19        b.) Whether Defendants' policy and practice of failing to pay such Members of the Class

20             all overtime due when they worked in excess of eight hours a day, including overtime

21             hours worked on weekends, including seven consecutive days of work, violates

22             California labor law;

23        c.)  Whether Defendants' policy and practice of failing to provide accurately itemized

24             wage statements violates California labor laws entitling Class Members to injunctive

25             relief under 226 (h);

26        d.) Whether Defendants' policy and practice of failing to provide such Class Members with

27             their required meal breaks violates California labor law;

28

_____11_____
CLASS ACTION COMPLAINT

e.) Whether Defendants' policy and practice of failing to provide such Class Members with their required rest breaks violates California labor law;

f.) Whether Defendant's failure to record all hours worked, including time worked off the clock violates California Labor law;

g.) Whether Defendants' failure to reimburse for personal cell phone expenses incurred in the discharge of work related duties, violates California Labor Code Section 2802;

h.) Whether Defendants' policy and practice of failing to timely pay all wages due and owed upon discharge or termination violates California labor law; and

i.) Whether Defendants violated Labor Code sections 201-203, 221, 226, 226.7, 510, 512, 1174, 1194, 2802, and applicable IWC Wage Order No. 4-2001;

j.) Whether Defendants violated Business and Professions Code Sections 17200 *et. seq.* of and whether such violations constitute a violation of fundamental public policy;

k.) The proper formula for calculating restitution, damages and waiting time penalties owed to Plaintiffs and the Class Members;

l.) Whether Plaintiffs and Class Members are entitled to equitable relief pursuant to Business and Professions Code sections 17200, *et. seq.;* and

44. <u>Typicality:</u>  Plaintiffs' claims are typical of the claims of the Class.  Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiffs and Class Members to sustain the same or similar injuries and damages.  Plaintiffs' claims are thereby representative of, and co-extensive with the claims of the Class.

45. <u>Adequacy of Representation:</u>  Plaintiffs are Members of the Class and do not have any known existing conflicts of interest with other Class Members.  Plaintiffs will prosecute the case vigorously on behalf of the Class.  Counsel representing Plaintiffs is competent and experienced in litigating employment class actions.  Plaintiffs will fairly and adequately protect the interest of Class Members.

46. <u>Superiority of Class Action:</u>  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions

12

CLASS ACTION COMPLAINT

1    affecting only individual Members of the Class. Each Class Member has been damaged and is

2    entitled to recovery by reason of Defendants' illegal policies and practices. Class action treatment

3    will allow those similarly situated persons to litigate their claims in the manner that is most

4    efficient and economical for the parties and the judicial system.

### FIRST CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES DUE UPON TERMINATION
### In Violation of Labor Code § 201(a), 202 and 203
### (As to Defendants and Does 1-50, Inclusive)

8    47.  Plaintiffs individually, on their own behalf and on behalf of the Class Members re-

9    allege and incorporate by reference all of the foregoing paragraphs, as though fully set forth

10   herein.

11   48.  Labor Code Section 201(a) requires an employer who discharges an employee to pay all

12   compensation due and owing to the employee immediately upon the employee's discharge from

13   employment.

14   49.  Labor Code Section 202 requires an employer to pay within 72 hours all compensation due

15   and owing to an employee who quits his or her employment.

16   50.  Labor Code Section 203 provides that if an employer willfully fails to pay, without

17   abatement or reduction, in accordance with Labor Code Sections 201, 201.3, 201.5, 201.9, 202, and

18   205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall

19   continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is

20   commenced; but the wages shall not continue for more than 30 days.

21   51.  By failing to compensate Plaintiffs and Class Members as required by law,

22   Defendants have willfully failed to make timely payment of the full wages due to its employees

23   who have resigned or been discharged.

24   52.  As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs and Class

25   Members have sustained economic damages, including, but not limited to, unpaid wages and lost

26   interest in an amount to be determined at trial.

27

28

13
CLASS ACTION COMPLAINT

53.  As a result of Defendants' conduct Plaintiffs and the Class Members suffered injuries and are also entitled to attorneys' fees, in addition to interest, expenses and costs of suit, under Labor Code sections 218.5 and 1194.

54.  Wherefore, Plaintiffs and the Class Members request judgment as is further set forth herein below.

## SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATELY ITEMIZED WAGE STATEMENTS
### In Violation of Labor Code § 226
### (Against Defendants and Does 1-50, Inclusive)

55.  The non-exempt Plaintiffs individually on their own behalf and on behalf of similarly-situated Class Members re-allege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

56.  California Labor Code section 226(a) provides that, semimonthly or at the time of each payment of wage, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period.

57.  An employee suffers injury if the employer fails to provide a wage statement or an employee suffers injury if the employer fails to provide accurate and complete information as required by any one or more items listed in section 226(a)(1)-(9) and the employee cannot "promptly and easily" ascertain one or more of the following without reference to other documents or information the amount of gross wages or net wages paid during the pay period: The total number of hours worked if the employee is not salaried; the number of piece-rate units earned and the piece rate; deductions made; the dates of the pay period; all applicable hourly rates in effect during that pay period; the name and address of the employer; or the name of the employee and either the last four digits of his or her social security number or an employee identification number other than the social security number.

58.  California Labor Code Section 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code section 226(a) is entitled to recover the greater of his or her actual damages or a penalty of $50 for the

14
CLASS ACTION COMPLAINT

1    initial pay period in which a violation occurs and $100 per employee for each violation in a

2    subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

3        59.  The Plaintiffs and Class Members are and/or were entitled to payment and

4    accompanying accurately itemized wage statements semimonthly.

5        60.  Defendants knowingly and intentionally failed to provide accurately itemized wage

6    statements to Plaintiffs and Class Members that correctly reflected all hours worked, including

7    overtime and hours worked off the clock and failed to pay them premium pay for missed rest and

8    or meal break periods in accordance with California Labor Code Section 226.

9        61.  Defendants' failure to provide accurately itemized wage statements to Plaintiffs and

10    Class Members caused injury to Plaintiffs and Class Members by, among other things, impeding

11    them from knowing the accurate amount of wages to which they were entitled.

12        62.  As a result of Defendants' unlawful conduct, as alleged herein, Plaintiffs and Class

13    Members are entitled to the damages and penalties under California Labor Code section 226(e).

14        63.  As a result of Defendants' conduct, Plaintiffs and the Class Members are also entitled

15    to injunctive relief under Labor Code  Section 226(g) and in addition to attorneys' fees, interest,

16    expenses and costs of suit pursuant to Section 226(e).

17                    **THIRD CAUSE OF ACTION**
18                 **FAILURE TO PROVIDE MEAL BREAKS**
                **In Violation of Labor Code §§ 226.7, 512 and IWC No.  4-2001**
19
                    **(Against Defendants and Does 1-50, Inclusive)**
20
         64.  The non-exempt Plaintiffs on their own behalf and on behalf of the similarly situated,
21
     Class Members re-allege and incorporate by reference all of the foregoing paragraphs, as though
22
     fully set forth herein.
23
         65.  California Labor Code Sections 226.7 and 512(a) and Wage Order No. 4-2001 provide
24
     that all employees who work in excess of five hours must be provided at least a half-hour
25
     uninterrupted meal break in which they are relieved of all  duty.
26
         66.  The Plaintiffs and Class Members work(ed) shifts in excess of five hours, but are or
27
     were not provided with a half-hour uninterrupted meal breaks.
28

_____ 15 _____
CLASS ACTION COMPLAINT

1    67. Defendants by and through its workplace policies fail or have failed to provide or have

2  impeded the ability of the Plaintiffs and Class Members to take half-hour uninterrupted meal

3  breaks.

4    68. As a result of Defendants' failure to afford proper meal periods on days, they are

5  liable to the Plaintiffs and Class Members for one hour of additional pay at the regular rate of

6  compensation for each workday that proper meal periods are or were not provided, pursuant to

7  California Labor Code section 226.7

8    69. Defendants have not paid such premiums to Plaintiffs and Class Members.

9    70. As a result of Defendants' conduct, Plaintiffs and Class Members are entitled to

10  damages to compensate them for the unpaid premiums, as well as injunctive relief-requiring

11  Defendants to comply with the California Labor Code and Wage Order No. 4-2001 with respect

12  to meal and rest periods.

13    71. As a result of Defendants' conduct, the Plaintiffs and the Class Members are also

14  entitled to attorneys' fees under Labor Code sections 218.5 and 1194, in addition to interest,

15  expenses and costs of suit.

16    72. Wherefore, Plaintiffs and the Class Members request judgment as is further set forth

17  herein below.

18                    **FOURTH CAUSE OF ACTION**
                  **FAILURE TO PROVIDE REST BREAKS**
19           **In Violation of Labor Code § 226.7, and IWC No. 4-2001**
                **(Against Defendants and Does 1-50, Inclusive)**
20

21    73. The non-exempt Plaintiffs, on their own behalf and on behalf of similarly situated

22  Class Members re-allege and incorporate by reference all of the foregoing paragraphs, as though

23  fully set forth herein.

24    74. During the liability period, Defendants did not permit or impeded the Plaintiffs and

25  Class Members' ability to take rest periods.

26    75. By their failure to provide rest periods for every four hours or major fraction thereof

27  worked per day and by failing to provide compensation for such unprovided rest periods, as

28

CLASS ACTION COMPLAINT

1    alleged above, Defendants willfully violated the provisions of Labor Code Section 226.7 and IWC

2    Wage Order 4-2001.

3        76.  The Plaintiffs and Class Members did not voluntarily or willfully waive their rest

4    periods.

5        77.  By their failure to keep adequate records as required by sections 226 and 1174(d) of

6    the Labor Code, Defendants have injured the Plaintiffs and Class Members and made it difficult

7    for them to calculate their unpaid rest period compensation (including wages, interest, and

8    penalties thereon) due the Plaintiffs and Class Members.

9        78.  As a result of the unlawful acts of Defendants, the Plaintiffs and Class Members have

10   been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of

11   such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§

12   203, 226, 226.7, and 1194, and applicable IWC Wage Orders.

13       79.  Wherefore, the Plaintiffs and the Class Members request relief as described herein and

14   below.

15                  **FIFTH CAUSE OF ACTION**
                    **FAILURE TO PAY OVERTIME**
16   **Violation of California Labor Code § 510, 1198 and IWC Wage Order 4-2001**
                    **(As to Defendants and Does 1-50, Inclusive)**
17

18       80.  The non-exempt Plaintiffs, on their own behalf and on behalf of the similarly situated

19   Class Members re-allege and incorporate by reference all of the foregoing paragraphs, as though

20   fully set forth herein.

21       81.  California Labor Code § 510 provides that work in excess of eight hours in a day, or

22   40 hours in a week, must be compensated  at a rate of not less than one and one-half times the

23   regular rate of pay for an employee;  and for the first eight hours worked on the seventh

24   consecutive day of work in a workweek; and double the employee's regular rate of pay for all

25   hours worked in excess of 12 hours in any workday and double the employee's regular rate of

26   pay for all hours worked in excess of eight on the seventh consecutive day of work in a

27   workweek.

28

                                   17
                         CLASS ACTION COMPLAINT

1    82.  IWC Wage Order 4-2001 and Cal. Code Reg., Title 8, section 11100 also provide that work

2    in excess of eight hours in a day, or 40 hours in a week, must be compensated at not less than one and

3    one-half times the regular rate of pay for an employee.

4    83.  Labor Code Section 1198 makes unlawful the employment of any employee under

5    conditions of labor prohibited by the applicable Wage Order.

6    84.  The Plaintiffs and Class Members work, or have worked, more than eight hours in a day

7    and were not paid at the overtime rate for all hours worked and/or work or have worked in excess of

8    eight hours on the seventh consecutive day of work in a workweek without being paid their proper

9    overtime wages.

10    85.  Pursuant to Labor Code sections 218 and 1194, the Plaintiffs and Class Members are

11    entitled to recover in a civil action the unpaid balance of the full amount of overtime compensation for

12    all hours worked in excess of eight hours a day.

13    86.  Wage Order 4-2001 provides for civil penalties for violations of the Wage Order.  As

14    result of Defendants' violation of Wage Order 4-2001 the Plaintiffs and Class Members are entitled to

15    and hereby seek civil penalties in the amount of $50 for the first violation and $100 for each

16    subsequent violation.

17    87.  Labor Code Section 558 provides that any employer who violates any provision

18    regulating hours and days of work in any order of the IWC shall be subject to civil penalties.

19    88.  As a result of Defendants' violation of Wage Order 4-2001, the Plaintiffs and Class

20    Members are entitled to and hereby seek civil penalties in the amount of $50 for the first violation and

21    $100 for each subsequent violation.

22    89.  Labor Code Section 218.6 provides for interest on all unpaid wages in any action brought

23    for nonpayment of wages.

24    90.  The Plaintiffs and Class Members seek to recover interest on all unpaid wages due.

25    91.  The Plaintiffs and Class Members seek liquidated damages pursuant to Labor Code section

26    1194.2.

27    92.  The Plaintiffs and Class Members seek to recover all unpaid overtime wages, penalties

28    and interest and interest due to them.

18

CLASS ACTION COMPLAINT

93.  As a result of Defendants' conduct, the Plaintiffs and Class Members are also entitled to attorneys' fees under Labor Code sections 218.5 and 1194, in addition to interest expenses and costs of suit.

## SIXTH CAUSE OF ACTION
### FAILURE TO MAINTAIN RECORDS OF ALL HOURS WORKED
### In Violation of Labor Code § 1174
### (As to Defendants and Does 1 – 50, Inclusive)

94.  The non-exempt Plaintiffs, on their own behalf and on behalf of the similarly situated Class Members re-allege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

95.  California Labor Code § 1174 (d), which was in force and effect at all relevant times herein, provides in pertinent part, that "Every person employing labor in this state shall keep... "at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

96.  Defendants failed to maintain records of all hours that the Plaintiffs and Class Members worked, including the time they were contacted by supervisors and managers requiring them work on their personal time while off the clock.

97.  Labor Code Section 1174.5 provides that an employer who fails to maintain the records pursuant to 1174 (d) shall be subject to a civil penalty of five hundred ($500) dollars.

98.  As a result of Defendants' violation of Section 1174 (d) Plaintiffs and the Class Members are entitled to and do hereby seek civil penalties in the amount of $500.00.

99.  Wherefore, the Plaintiffs and the Class Members request relief as described herein and below.

19
CLASS ACTION COMPLAINT

### SEVENTH CAUSE OF ACTION
**FAILURE TO PAY WAGES FOR ALL HOURS WORKED**
**In Violation of Labor Code §1194**
**(As to Defendants, and Does 1 – 50, Inclusive)**

100. The Plaintiffs, on their own behalf and on behalf of the similarly situated Class Members re-allege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

101. As alleged herein, during the Class Period Defendants have failed to properly compensate Plaintiffs and the Class Members for all overtime worked nor did they record and pay Plaintiffs and the Class Members for time that they were required to work when off the clock.

102. By uniformly failing to track and record all of the hours worked by Plaintiffs and members of the Class, and failing to compensate them for all overtime hours worked, Defendants were able to skim wages from employees by not paying them a separate hourly wage for each and every hour worked as clearly required by California law.  Through this unlawful and illegal policy and practice, Defendants have failed to pay Plaintiffs and the Class all wages owed to them.

103. Pursuant to Labor Code § 1194, "… any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

104. Plaintiffs are informed and believe and based thereupon allege that the result of the unlawful and illegal policy and practice caused damage in the nonpayment of wages to themselves and the proposed Class and/or Unpaid Wage Subclass, in an amount according to proof at trial.

105. Plaintiffs are informed and believe that the nonpayment of their wages is fixed and ascertainable on a class wide basis such that prejudgment interest on those wages is recoverable.

106. Plaintiffs are informed and believe that the nonpayment of wages for all labor performed also entitles Plaintiffs and the proposed Class and/or Unpaid Wage Subclass to attorneys' fees and costs, and liquidated damages in an amount equal to the amount unlawfully unpaid according to Labor Code § 1194.2.

---
20
---
CLASS ACTION COMPLAINT

### EIGHTH CAUSE OF ACTION
**FAILURE TO TIMELY PAY ALL WAGES EARNED WHEN DUE**
**In Violation of California Labor Code Sections 201 - 204**
**(Against Defendants and Does 1-50, Inclusive)**

107. The non-exempt Plaintiffs on their own behalf, and on behalf of the Class Members re-allege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

108. California Labor Code Sections 201 and 202 require Defendants to pay its employees all wages due within the time specified by law under Labor Code Section 204. California Labor Code Section 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days' wages.

109. The Plaintiffs on their own behalf, and on behalf of the Class Members who are currently or were formerly employed with Defendants during the Class Period are entitled to unpaid compensation, but to date have not received such compensation.

110. The Defendants did not or have not paid the Plaintiffs and the Class Members who are currently or were formerly employed by Defendants, their accrued and rightfully earned wages for each and every hour of labor worked during each and every pay period of their employment pursuant to Labor Code Section 204.

111. The Plaintiffs and the Class Members were not and/or have not been properly compensated for overtime wages and wages for they work or worked while off the clock, each and every pay period, to which they are and were entitled, during the term of their employment.

112. As a result of Defendants' unlawful conduct as alleged herein, the non-exempt Plaintiffs and Class Members have sustained economic damages, including, but not limited to such unpaid wages and lost interest in an amount to be determined at trial.

113. As a result of Defendants' conduct, Plaintiffs and the Class Members are also entitled to attorneys' fees, in addition to interest, expenses and costs of suit, pursuant to Labor Code sections 218.5 and 1194.

114.  Wherefore, Plaintiffs and the Class Members request judgment as is further set forth herein below.

## NINTH CAUSE OF ACTION
### UNLAWFUL FAILURE TO REIMBURSE EMPLOYEES FOR EXPENSES
### In Violation of Labor Code § 2802
### (As to Defendant and Does 1 – 50, Inclusive)

115. Plaintiffs on their own behalf and on behalf of the similarly situated Class Members reallege and incorporate by reference all of the foregoing paragraphs as though fully set forth herein.

116. California Labor Code Section 2802 provides than an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

117. Defendants required as a condition of employment that Plaintiffs and the Class Members to utilize their personal cell phones in the daily and routine discharge of their duties. Defendants do not and have not reimbursed Plaintiffs and the Class Members for their cell phone expenses.

118. As a result of Defendants' unlawful conduct and such non reimbursement for expenses incurred in direct consequence of the discharge of their duties, Plaintiffs and the Class Members have sustained economic damages, including but not limited to such lost reimbursement of cell phone expenses.

119. As a result of Defendants' conduct, Plaintiffs and the Class Members are also entitled and seek to recover attorneys' fees under Labor Code Section 2802 (c) , in addition to interest and costs of suit.

### UNLAWFUL, UNFAIR AND FRAUDULENT BUSINESS PRACTICES
### Violation of California Business and Professions Code § 17200 et seq.
### (Against Defendants and Does 1-50, Inclusive)

120. Plaintiffs on their own behalf, and on behalf of the Class Members re-allege and incorporate by reference all of the foregoing paragraphs, as though fully set forth herein.

22

CLASS ACTION COMPLAINT

121. California Business and Professions Code Section 17200, et seq. prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

122. California Business and Professions Code Section 17202 provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in case of unfair competition."

123. California Business and Professions Code Section 17203 provides in relevant part that the court may "restore to any person in interest any money or property, real or person, which may have been acquired by means of such unfair competition."

124. California Business and Professions Code Section 17203 also provides that any person who meets the standing requirements of Section17204 and complies with California Code of Civil Procedure Section 382 may pursue representative claims for relief on behalf of others.

125. California Business and Professions Code Section 17204 allows any "person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Business Practices Act.

126. Pursuant to Section 17204, Plaintiffs and the other similarly situated Class Members are entitled to enforce all applicable provisions of the Labor Code.

127. Beginning at an exact date unknown to Plaintiffs, but a least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent practices and acts described in the Complaint, including, but not limited to violations of Labor Code Sections 201-204, 226, 226.7, 510, 512, 1174 (d), 1174 (d), 1194, 2802 and the provisions of IWC No. 4-2001.

128. The violations of these laws and regulations, as well as of fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code Section 17200 et seq.

129. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code

Section 17200, et seq. Among other things, Defendants' acts and practices have forced Plaintiffs and other similarly situated workers to labor without receiving appropriate compensation.

130. The acts and practices described above have allowed Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

131. As a result of the acts and practices described herein, Plaintiffs and other similarly situated workers have been denied compensation in an amount to be proven at trial.

132. Plaintiffs and other similarly situated Class Members are therefore, entitled to restitution pursuant to Business and Professions Code Section 17203 and 17208 for all wages and other compensation unlawfully withheld from them during the four-year period prior to the filing of the complaint.

133. As a result of the aforementioned acts and practices, Defendants have received and continue to receive ill-gotten gains belonging to Plaintiffs and other similarly situated Class Members.

134. Injunctive relief is necessary and appropriate to prevent Defendants from repeating their unlawful, unfair and fraudulent business acts and practices described herein.

135. Pursuant to Section 17203 and/or any other applicable law, Plaintiffs seek an order-preventing Defendants from engaging in unlawful, unfair and fraudulent conduct and preventing Defendants from profiting and benefiting from their illegal and wrongful acts.

136. Plaintiffs' success in this action will enforce important rights affecting the public interest. Therefore, Plaintiffs sue on behalf of themselves as individuals and other similarly situated employees.

137. An award of attorneys' fees is appropriate pursuant to California Civil Code Section 1021.5 because 1) this action will confer a significant benefit upon a large class of persons; and 2) there is a financial burden involved in pursuing this action; and 3) it would be against the interest of justice to force Plaintiffs to pay attorneys' fees from any amount recovered in this action.

/

//

///

**PRAYER FOR RELIEF**

Plaintiffs on behalf of themselves individually and on behalf of the similarly situated Class Members they seek to represent, request relief as follows:

1. For an order, pursuant to California Code of Civil Procedure Section 382, certifying this action as a class action, appointing Plaintiffs as Class Representatives and Plaintiffs' attorney as Class Counsel.

2. For a declaratory judgment that Defendants have violated California Labor Laws and public policy, as alleged herein.

3. For a declaratory judgment that Defendants have violated California Business and Professions Code sections 17200 et seq. as a result of the aforementioned violations of the Labor Code and of California public policy protecting workers by ensuring that workers are paid for all hours worked.

4. For a permanent and mandatory injunction prohibiting Defendants, its officers, agents, employees, affiliated companies and all those working in concert with them from committing future violations of the laws and public policies described herein;

5. For an award of restitution;

6. For an order imposing all statutory and/or civil penalties provided by law, including, but not limited to penalties under California Labor Code Sections 201-204, 226 (a), 226(e), 226.7, 558, 1194 and applicable IWC Wage Orders, together with interest on those amounts

7. For an order awarding Plaintiffs on behalf of themselves and the Class Members compensatory damages, including, but not limited to wages, earnings, and other compensation, according to proof and interest on these amounts.

8. For award of reasonable attorneys' fees as provided by California Labor code sections 218.5, 218.6, 226 (g), 558, 1194.2(a), 1021.5 and 2802(c).

9. An award and administrative priority claim against the Defendants in favor of the individual Plaintiffs and the other similarly situated Class Members equal to the sum of their unpaid wages and unpaid expenses, pursuant to California Labor Code Sections 201, 202 and 203;

---
25
CLASS ACTION COMPLAINT

10. For all costs of suit; and

11. For such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiffs and the Class Members demand trial by jury of all claims and causes of action so triable.

DATED: November 20, 2018

WHITEHEAD EMPLOYMENT LAW
MCNICHOLAS & MCNICHOLAS, LLP

By: _____
Jacob Whitehead
Patrick McNicholas
Attorneys for Plaintiffs individually and on
behalf of all others similarly-situated

26
CLASS ACTION COMPLAINT

EXHIBIT "A"



**WHITEHEAD**
EMPLOYMENT LAW

October 31, 2018

***Via Online Filing***
Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

***Via Certified Mail (Return Receipt Requested)***
Annette Kuhlman, Registered Agent for Service of Process
CSC-Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

William D. Nash, CEO
CARMAX Auto Superstores West Coast, Inc.
12800 Tuckahoe Creek Parkway
Richmond, VA 23238

William D. Nash, CEO
CARMAX Auto Superstores California, LLC
12800 Tuckahoe Creek Parkway
Richmond, VA 23238

      **Re:**    **Notice Pursuant to the Private Attorneys General Act, California Labor Code §**
                **2699.3 (the "PAGA")**

Dear Sir or Madam:

      PLAINTIFFS, Derek Mcelhannon, Aleena Iqbal, and Christopher Syharath ("Plaintiffs")
have retained our firm to represent them and other similarly-situated current and former employees
of CARMAX Auto Superstores West Coast Inc., a Virginia corporation and CARMAX Auto
Superstores California, LLC, a Virginia limited liability company ("Defendants") for alleged
violations of the California Labor Code. Defendants currently employ Plaintiffs and currently or
formerly have employed other similarly situated employees at their car sales lots located throughout
California (collectively, the "Aggrieved Employees").

      Plaintiffs and the Aggrieved Employees worked in various positions, including, but not
limited to Sales Consultants, Service Consultants/Customer Advisors, Service/Customer Operators,
Business Office Associates and Inventory Associates (hereinafter, "Covered Positions"). This letter
formally serves to inform Defendants of Plaintiffs' intent to file a PAGA class action complaint
against Defendants and bring causes of action for violations of the PAGA and for injunctive relief for
Defendants' failure to pay for unreimbursed expenses, failure to provide compliant rest periods and
meal break periods, failure to pay overtime wages earned, failure to timely pay all wages due, failure
to provide accurate, failure to issue accurately itemized wage statements, and failure to pay all wages
due upon termination or separation of employment, during the relevant time period. Based upon
these violations, Defendants violated numerous provisions of California's Labor Code including

15615 ALTON PARKWAY, SUITE 175, IRVINE, CA 92618
TEL (949) 936-4001 • FAX (949) 450-1588 • WWW.WHITEHEADEMPLOYMENTLAW.COM

Ex. A, Pg. 88

Labor & Workforce Development Agency
October 31, 2018

violations of §§'s 201-202, 204, 226 (a), 226.7 510, 512, 1174, 1194, and 2802 as further detailed herein below.

Plaintiffs are informed and believe that said violations are ongoing, systematic and uniform. If Defendants fail to cure the alleged violations, as stated above, Plaintiffs will bring an action against Defendants under the PAGA to recover wages and penalties and for injunctive relief as provided by California law.[1]

## Facts and Theories to Support the Alleged Labor Code Violations

Plaintiffs and the Aggrieved employees currently or formerly worked for Defendants at the CarMax stores throughout the state of California during the relevant period. Plaintiffs and the Aggrieved held positions including but not limited to sales associates, business service operators, business office associates, ("Covered Positions") and perform or performed a variety of duties that requires or required them to daily interact with customers, managers, supervisors, service consultants, customer advisors and other CarMax team members throughout their scheduled shifts.

As a matter of routine and daily practice, Plaintiffs and the Aggrieved Employees are or were required to use their personal cell phones in conducting their duties and related communications. Sales Associates often move about Defendants' large car lots and are dependent on cell phone communications with supervisors and co-team members. Indeed, Defendants maintain, print out and circulate a list of employee names with their personal cell phone numbers for managers and supervisors to reference to quickly reach other coworkers and staff who worked the Covered Positions. Defendants' supervisory and managerial staff routinely send out group text messages to employees to advise them of status of important events such as meetings, which the employees would otherwise miss due to the logistical size and layout of the car lots. Many managers and supervisors also routinely text and/or use chat applications to communicate with Plaintiffs and the Aggrieved Employees at work and even when employees are at home and completely off the clock to

---

[1] Without limitation, Plaintiffs, if permitted, will seek any and all penalties otherwise capable of being collected by the Labor & Workforce Development Agency ("LWDA"). This includes, each of the following, as is set forth in Labor Code § 2699.5, which states:

The provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: subdivision (k) of Section 96, Sections 98.6, 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224, subdivision (a) of Section 226, Sections 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, and 1153, subdivisions (c) and (d) of Section 1174, Sections 1194, 1197, 1197.1, 1197.5, and 1198, subdivision (b) of Section 1198.3, Sections 1199, 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, and 1700.47, paragraphs (1), (2), and (3) of subdivision (a) of and subdivision (e) of Section 1701.4, subdivision (a) of Section 1701.5, Sections 1701.8, 1701.10, 1701.12, 1735, 1771, 1774, 1776, 1777.5, 1811, 1815, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, 2802, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3095, 6310, 6311, and 6399.

Labor & Workforce Development Agency
October 31, 2018

communicate matters concerning meetings, work schedules or to ask work-related questions such as "Hey, we can't locate [such and such] do you know where it is?" These off-the-clock, work related communications were never logged or recorded as time worked by the Defendants. Furthermore, Plaintiffs and the Aggrieved Employees are and/or were never paid for such off-the clock, work-related communications.

Further, it is standard policy and practice for employees who work Covered Positions inside the CarMax offices on the lots to encourage customers to text and email them information to allow for expedient and convenient communications to facilitate service and sales. Sales associates and consultants in particular, routinely provide customers with their personal cell phone numbers, as otherwise, such potential customers may call while they are out on the lot or be forced to call the main office line. All inbound calls come into the E-Hub and if a customer does not have the personal cell phone number of the sales associate they've been consulting with, their calls are routed to another sales consultant or worse, even when they ask for the sales associate by name as sometimes appropriated by another employee. These are illustrative of just a few examples of how Defendants not only encourage, but require Plaintiffs and the Aggrieved Employees' use of cell phones to daily communicate internally and externally with customers throughout their scheduled shifts.

At no time have Defendants reimbursed Plaintiffs and the similarly situated Aggrieved Employees for the use of their personal cell phones, which are routinely used and required in the discharge of their duties.

Plaintiffs and the Aggrieved Employees are compensated with a base hourly rate, plus commissions. They work very long hours during their scheduled shifts in order to sell as many cars as possible. This is because Plaintiffs and similarly situated Aggrieved Employees' commissions are paid at a flat rate of $100 per car sold, regardless of the value of the vehicle. Hand in glove with Defendants' flat rate commission policy is also a policy that provides if another sales associate has sufficient engagement or contact with a customer, then they are entitled to earn one-half of the $100 flat rate commission. Under this sufficient contact policy, simply greeting a customer is deemed sufficient contact to earn half of a $100 commission. Sending an email, allowing a customer to go for a test drive – any of these activities is deemed sufficient engagement with a customer entitling a colleague to half of the commission when the car is sold.

Because of these policies, Plaintiffs and Aggrieved Employees who work or worked in such Covered Positions never take or took rest period breaks and seldom take lunch breaks. Although Defendants have a rest break and lunch break policy, because of the cut throat nature of the used car sales business, in reality and practice the rest break and meal break policy is ignored and literally never enforced. Defendants are fully aware that at least four out of five days worked, Plaintiffs and the Aggrieved Employees typically either take/took a late lunch, long after the fifth hour of work and frequently, skip/skipped their lunch breaks entirely for fear of losing out on a customer and a full commission. Unless Plaintiffs and similarly-situated employees whose livelihood depends on their commission earnings, if such employees do not remain available to help customers throughout their entire shift, then they are required to split the $100 commission from any sale they worked on with another associate or team member who helps assist their customer if they were to take a rest break or a lunch break. Because of the comparatively low, flat rate commission compensation, and Defendants "sufficient engagement-contact" policy, Plaintiffs and Aggrieved Employees are afraid to lose fifty (50 %) percent of a $100 commission after having worked for sometimes months with a customer to sell a car, just because they wanted to take a rest break or a meal break. Thus, it forces everyone to take their meal breaks late and more often than not to skip them altogether. Defendants

Labor & Workforce Development Agency
October 31, 2018

managers and supervisors understand all too well and thus the "rule" that employees should take a lunch after the 5th hour of labor worked, is virtually never enforced. However, Defendants have failed to pay Plaintiffs and the Aggrieved Employees premium pay equal to one hour of their regular rate of pay, in lieu of such missed rest periods and meal breaks.

As a result of Defendants' failure to provide compliant rest periods and meal breaks, and failure to reimburse Plaintiffs and the Aggrieved Employees for the use of their personal cell phone, Plaintiffs are not being timely paid all their rightfully earned wages by law and are not receiving accurately itemized wage statements reflecting the premium pay and cell phone expense reimbursement to which they are lawfully entitled.

Moreover, Plaintiffs and a substantial portion of the Aggrieved Employees regularly worked 14 to 6 hours per day, seven days a week - especially Saturdays and Sundays, which is when the CarMax stores experience the greatest amount of customer traffic. For the Plaintiffs and Aggrieved Employees not working Saturdays and Sundays was out of the question as weekends provide the greatest opportunity for selling cars. However, Defendants do not and have not paid the Aggrieved Employees their proper overtime pay for hours worked in excess of eight hours in one workday and for work in excess of 40 hours in any given workweek; nor have they paid them the proper rate of twice the regular rate of pay for hours worked in excess of 12 hours in one day or for any work the hours they worked in excess of eight hours on any seventh day of a workweek.

Thus Defendants not only violated Labor Code §204 by failing to timely pay all wages twice monthly, when former Aggrieved Employees' employment with Defendants ended, Defendants failed to pay them all of their earned wages as described above, immediately upon their discharge or within 72 hours thereafter. In addition, Defendants have failed to pay the waiting time penalties to which such Aggrieved Employees are entitled.

At all times relevant, Labor Code § 200(a) defines "wages" as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation." Labor Code § 200(b) defines "labor" as all "work" or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment."

At all times relevant, Labor Code § 218 provides that "nothing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article."

At all times relevant, Labor Code § 558 provides, in pertinent part, "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the [IWC] shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee."

Labor & Workforce Development Agency
October 31, 2018

At all times relevant, Labor Code § 204 provides that all wages, other than those mentioned in sections 201, 202, 204.1, or 204.2, earned by any person in any employment, are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

At all times relevant, Labor Code § 210 provides, in pertinent part, "every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

At all times relevant, Labor Code § 1174 was in force and effect.   Section 1174 provides, that every person employing labor in this state shall "… Keep. at a central location in the state or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to. employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis. piece-rate units earned."

Here, Defendants violated Labor Code 201-202, 204, 226 (a), 226.7 510, 512, 1174, 1194 and 2802. As a result of their unlawful practices, including failure to provide compliant rest breaks and meal breaks; failure to pay them one hour's premium pay wage for each missed rest break or meal break; failure to pay proper overtime wages; failure to record all hours worked, including tracking and logging work related communications when employees are off the clock, failure to pay employees separately for all hours worked, failure to timely pay wages twice monthly, each calendar month worked; failure to reimburse for cell phone expenses incurred in the discharge of their duties; failure to provide accurately itemized wage statements; and failure to pay all wages due upon termination of employment, Defendants have failed to pay the Aggrieved Employees for all work related expenses incurred and for all labor performed.

## C. Defendants Failed to Furnish Accurate Wage Statements to the Aggrieved Employees.

At all times relevant, Labor Code § 226(a) requires Defendants to "furnish each of [its] employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, … (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

Here, Defendants violated Labor Code § 226 (a).  Defendants had a uniform policy and practice of failing to pay its workers premium pay wages for missed rest period and meal breaks,

Labor & Workforce Development Agency
October 31, 2018

failed to properly compensate the Aggrieved Employees for overtime worked and failed to reimburse workers for cell phone expenses necessarily incurred which were related and necessary in the discharge of their duties, thus failing to properly account for all applicable compensation and expense reimbursements to which the Aggrieved Employees in the Covered Positions are and were lawfully entitled during the relevant period.

Resultantly, Plaintiffs and the Aggrieved Employees shall also seek injunctive relief pursuant to Labor Code Section 226 (g) as well as their attorneys' fees, interest, expenses and costs of suit.

### B. Defendants Failed to Reimburse Aggrieved Employees for their Expenses.

California Labor Code Section 2802 provides that an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

As discussed above, Defendants engage or engaged in the routine practice of texting and calling Plaintiff and the Aggrieved Employees on their personal cellphones during their scheduled shifts, regarding meetings, customer inquiries and services, and require utilization of their workers personal cell phones when communicating internally and with customers, but Defendants have not and do not pay the Aggrieved Employees a cell phone allowance, nor do they or have they reimbursed them for the daily imposition and required use of their personal cellphones to communicate in the discharge of their work-related duties in violation of Labor Code Section 2802.

In violation of Labor Code Section 2802, Defendants have failed to reimburse Plaintiffs and the Aggrieved Employees for their expenses which is a violation that has resulted in lost wages and lost interest. Plaintiffs and the Aggrieved Employees are also entitled to their attorneys' fees, interest, expenses and costs of suit.

### C. Defendants Have Failed to Maintain Records of All Hours Worked by Plaintiffs and the Aggrieved Employees

Labor Code § 1174 provides, that every person employing labor in this state shall "... Keep, at a central location in the state or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to. and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

As stated, Defendants' managers and supervisors routinely send text message and chat communications to employees when they are at home and off the clock to notify them of work related issues or to ask them work related questions. Such time in which they are engaging or formerly engaged Plaintiffs and the Aggrieved Employees about work related matters are never recorded, tracked, nor are/were Plaintiffs and the Aggrieved Employees compensated for such interruptions of their personal off the clock time.

Labor & Workforce Development Agency
October 31, 2018

**D.    Defendants Have Failed to Pay Plaintiffs and the Aggrieved Employees Separately For Each Hour Worked at the Legal Rate**

Pursuant to Labor Code Section 1194, "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

As described supra, Defendants' managers and supervisors routinely send text messages and use chat apps to communicate with employees when they are at home and off the clock to notify them of work related issues or to ask them work-related questions. As stated, Defendants have failed to track or record the time in which they are intruding and engaging employees about work-related issues when they are off the clock. Moreover, Plaintiffs and the Aggrieved Employees have not ever been compensated for when they are responding to their employer's questions and thus are working off the clock for free.

**E.    Defendants Have Failed to Pay Plaintiffs and the Aggrieved Employees for All Overtime Worked**

Labor Code Section 510 provides,

**"Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee..."**

As stated, Plaintiffs and the Aggrieved Employees routinely work or worked 60-70 hours per week, during the relevant time period, including Saturdays and Sundays. Here, Defendants have not complied with Labor Code Section 510 by paying Plaintiffs or the Aggrieved Employees at 1.5 times their regular rate of pay for the hours they worked in excess of eight hours or in excess of 40 hours a week; nor did they ever pay them twice their regular rate of pay for work in excess of 12 hours in a day or for work in excess of eight hours on any seventh day of a workweek.

**F.    Defendants Have Failed to Timely Pay Wages**

At all times relevant, Labor Code § 204 provides that all wages, other than those mentioned in sections 201, 202, 204.1, or 204.2, earned by any person in any employment, are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Labor & Workforce Development Agency
October 31, 2018

As discussed supra, Defendants failed to pay Plaintiffs and the Aggrieved Employees all wages due for labor performed twice during each calendar month.

**G.    Defendants Failed to pay all Wages Due to the Aggrieved Employees Upon Separation or Termination of Employment.**

At all times relevant, Labor Code § 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. At all times relevant, Labor Code § 202 provides that if employees not having a written contract for a definite period quits their employment, their wages shall become due and payable no later than 72 hours thereafter, unless the employee has given 72 hours advance notice of their intention to quit, in which case the employee is entitled to their wages at the time of quitting.

At all times relevant, Labor Code § 203 provides that an employer who willfully fails to pay, without abatement or reduction, in accordance with sections 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not continue for more than 30 days.

Here, Defendants have violated Labor Code §§ 201(a) and 204. When former Aggrieved Employees' employment with ended, Defendants failed to pay them all of their earned wages as detailed above, immediately upon their discharge or within 72 hours thereafter. In addition, Defendants have failed to pay the waiting time penalties to which such Aggrieved Employees are entitled under Labor Code Section 203.

To date, as set forth in detail above, Defendants have failed to pay the Aggrieved Employees all of their earned wages, accrued interest thereon, and failed to remit the Labor Code penalties to be imposed as a consequence of said violations of the Labor Code.

<u>**Conclusion**</u>

Defendants have violated the foregoing provisions of the California Labor Code. Plaintiffs request the LWDA to investigate the above allegations and provide notice of the allegations under PAGA's provisions. Alternatively, Plaintiffs request the LWDA to inform them if it does not intend to investigate these violations, so they may bring an action under the PAGA for the violations discussed in this letter.

Should you have any questions or comments regarding the foregoing, or any aspect of this matter, please do not hesitate to contact our offices.

Sincerely,

**WHITEHEAD EMPLOYMENT LAW**

Jacob N. Whitehead, Esq.

JNW/dlp

11-20-'18 17:52 FROM-Hallstrom Klein&Ward                    T-047  P0005/0041 F-478

CM-010

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):<br>Jacob N. Whitehead, Esq. SBN 266123<br>WHITEHEAD EMPLOYMENT LAW<br>15615 Alton Pkwy., Suite 175<br>Irvine, CA 92618<br>TELEPHONE NO.: 949-936-4001      FAX NO.: 949-450-1588<br>ATTORNEY FOR (Name): Plaintiff, Derek McElhannon et al | **FILED BY FAX**<br>ALAMEDA COUNTY<br>November 21, 2018<br>CLERK OF<br>THE SUPERIOR COURT<br>By Lynn Wiley, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME:
Derek McElhannon et al v. CarMax Auto Superstores West Coast et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>HG18929561 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve               in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): Ten (10)
5. This case [✓] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 20, 2018
Jacob N. Whitehead                          ▶ /s/ J. Whitehead
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2



# Superior Court of California, County of Alameda
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

## What Are The Advantages Of Using ADR?

- ***Faster*** –Litigation can take years to complete but ADR usually takes weeks or months.

- ***Cheaper*** – Parties can save on attorneys' fees and litigation costs.

- ***More control and flexibility*** – Parties choose the ADR process appropriate for their case.

- ***Cooperative and less stressful*** – In mediation, parties cooperate to find a mutually agreeable resolution.

- ***Preserve Relationships*** – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is The Disadvantage Of Using ADR?

- ***You may go to court anyway*** – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- ***Mediation*** – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o  **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation**:  This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial and the rules of evidence are often relaxed.  Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program** (non-binding):  The judge can refer a case or the parties can agree to use judicial arbitration.  The parties select an arbitrator from a list provided by the court.  If the parties cannot agree on an arbitrator, one will be assigned by the court.  There is no fee for the arbitrator.  The arbitrator must send the decision (award of the arbitrator) to the court.  The parties have the right to reject the award and proceed to trial.

o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated.  This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations.  Trained volunteer mediators provide these services.  Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA  94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA  94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA  94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:            FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1.   Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                          Time:                          Department:

2.   Counsel and all parties certify they have met and conferred and have selected the following ADR process (check one):

   ☐ Court mediation          ☐ Judicial arbitration
   ☐ Private mediation        ☐ Private arbitration

3.   All parties agree to complete ADR within 90 days and certify that:

   a.   No party to the case has requested a complex civil litigation determination hearing;
   b.   All parties have been served and intend to submit to the jurisdiction of the court;
   c.   All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d.   Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e.   Case management statements are submitted with this stipulation;
   f.   All parties will attend ADR conferences; and,
   g.   The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶ _____
   (TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF)

Date:

_____          ▶ _____
   (TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

Ex. A, Pg.  100

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF DEFENDANT)

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

Ex. A, Pg.  101