JACK S. SHOLKOFF, CA Bar No. 145097
jack.sholkoff@ogletree.com
JENNIFER L. KATZ, CA Bar No. 258917
jennifer.katz@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:     213-239-9800
Facsimile:      213-239-9045

Attorneys for Defendants
CARMAX AUTO SUPERSTORES WEST
COAST, INC. and CARMAX AUTO
SUPERSTORES CALIFORNIA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEREK MCELHANNON, ALEENA IQBAL, CHRISTOPHER SYHARATH, RUBEN SANTIAGO, and EMIL MILISCI, each individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CARMAX AUTO SUPERSTORES WEST COAST, INC., a Virginia corporation; CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, a Virginia limited liability company; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:19-cv-00586-EDL<br><br>**DECLARATION OF JENNIFER L. KATZ IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION, DISMISS CLASS CLAIMS, AND STAY PAGA CLAIM PURSUANT TO THE FEDERAL ARBITRATION ACT (9 U.S.C. § 3), OR, IN THE ALTERNATIVE, TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**<br><br>Date:           April 16, 2019<br>Time:          9:00 a.m.<br>Place:          Courtroom E<br><br>Complaint Filed: November 21, 2018<br>Removal Date:   February 1, 2019<br>Trial Date:        None<br><br>Judge:            Hon. Elizabeth D. Laporte |

I, JENNIFER L. KATZ, declare as follows:

1. I am an attorney at law licensed to practice before the courts of the State of California. I am an associate with the firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., counsel for defendants CarMax Auto Superstores California, LLC and CarMax Auto Superstores West Coast, Inc. (together, "CarMax"). I have personal knowledge of the matters contained herein. If called, I would and could testify competently thereto.

2. Plaintiffs Derek McElhannon ("McElhannon"), Aleena Iqbal ("Iqbal"), Christopher Syharath ("Syharath"), Ruben Santiago ("Santiago"), Emil Milisci ("Milisci"), and Michael Lantis ("Lantis") (collectively, "Plaintiffs") each entered into an arbitration agreement requiring that claims arising out of their employment with CarMax be resolved through binding arbitration. On or about January 9, 2019, I became aware that CarMax had been served with a copy of the Class Action Complaint that plaintiffs McElhannon, Iqbal, Syharath, Santiago, and Milisci had filed in the Superior Court of California for Alameda County.

3. On February 6, 2019, I sent a letter, via email and mail, to the attorneys representing Plaintiffs in this matter, informing them that plaintiffs McElhannon, Iqbal, Syharath, Santiago, and Milisci had entered into binding arbitration agreements with CarMax and inquired whether they would agree to submit their claims to arbitration on an individualized basis and dismiss their class claims. I attached to my letter copies of the agreements and the applicable arbitration rules, the 2014 Dispute Resolution Rules and Procedures ("DRRP"). In response to my letter, Jacob Whitehead, one of the attorneys for Plaintiffs informed us that he would review the materials and get back to us; he also informed us that they had filed a First Amended Complaint on January 31, 2019, though it had not yet been served on CarMax. Because the First Amended Complaint added Lantis as an additional named plaintiff, I sent Plaintiffs' counsel a copy of Lantis' arbitration agreement on February 26, 2019.

4. I had two phone conversations with Plaintiffs' counsel, first on February 11, 2019 and then again on March 1, 2019, and exchanged emails, about whether they would agree to stipulate to submit Plaintiffs' individual claims to arbitration, dismiss their class claims, and stay the derivative claim for civil penalties under the Private Attorney General Act ("PAGA").

1  Although Plaintiffs' counsel indicated that they may be willing to submit Plaintiffs' claims to
2  arbitration, Plaintiffs' counsel would not give me a firm answer about whether they would agree to
3  dismiss the class claims and proceed to arbitration on an individualized basis, would not agree to
4  sign the stipulation I proposed, and explicitly refused to stay the derivative PAGA claim.

6  I declare under penalty of perjury under the laws of the State of California that the
7  foregoing is true and correct.
8  Executed on this 6th day of March, 2019, in Los Angeles, California.

_____
JENNIFER L. KATZ