JACK S. SHOLKOFF, CA Bar No. 145097
jack.sholkoff@ogletree.com
JENNIFER L. KATZ, CA Bar No. 258917
jennifer.katz@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone:    213-239-9800
Facsimile:    213-239-9045

Attorneys for Defendants
CARMAX AUTO SUPERSTORES WEST
COAST, INC. and CARMAX AUTO
SUPERSTORES CALIFORNIA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK MCELHANNON, ALEENA IQBAL, CHRISTOPHER SYHARATH, RUBEN SANTIAGO, and EMIL MILISCI, each individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>   v.<br><br>CARMAX AUTO SUPERSTORES WEST COAST, INC., a Virginia corporation; CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, a Virginia limited liability company; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 3:19-cv-00586-EDL<br><br>**DECLARATION OF KAREN HOLT IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION, DISMISS CLASS CLAIMS, AND STAY PAGA CLAIM PURSUANT TO THE FEDERAL ARBITRATION ACT (9 U.S.C. § 3), OR, IN THE ALTERNATIVE, TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**<br><br>Date:   April 16, 2019<br>Time:   9:00 a.m.<br>Place:   Courtroom E<br><br>Complaint Filed: November 21, 2018<br>Removal Date: February 1, 2019<br>Trial Date:  None<br><br>Judge:   Hon. Elizabeth D. Laporte |

I, KAREN HOLT, declare as follows:

1.     I am currently employed with CarMax as its Divisional Director of Human Resources.  I have held this position since October 26, 2014 and have been employed with CarMax entities since March 1, 2004.  Prior to my position as Divisional Director, I was Regional Human Resources Director for CarMax from January 2005 until October 2014.  I am familiar with the human resources policies and procedures of CarMax entities.  I have personal knowledge of CarMax's employee dispute resolution programs and CarMax's practices regarding maintaining custody of program documents.  I also have knowledge of the job duties of CarMax's Sales Consultants and Sales Managers, and know how these employees generally perform their jobs.  I also have general knowledge of CarMax business operations.  Based upon my personal experience, as well as reviewing CarMax business records, I have personal knowledge of the matters contained herein, and if called, I would and could testify competently thereto.

2.     I am aware of the legal action filed by plaintiffs Derek McElhannon ("McElhannon"), Aleena Iqbal ("Iqbal"), Christopher Syharath ("Syharath"), Ruben Santiago ("Santiago"), Emil Milisci ("Milisci"), and Michael Lantis ("Lantis") (collectively, "Plaintiffs") against CarMax, entitled *Derek McElhannon, et al. v. CarMax Auto Superstores West Coast, Inc., et al.*, currently pending in the United States District Court for the Northern District of California, Case No. 3:19-cv-00586-EDL.

3.     Since at least 1999, CarMax has implemented a Dispute Resolution Program for its employees to cover certain employment-related disputes between CarMax and its employees, including its Sales Consultants and Sales Managers.  Since at least 1999, CarMax has implemented Dispute Resolution Rules and Procedures ("DRRP") to govern its dispute resolution programs for its employees.  Since at least 2005, CarMax has required all applicants to consent to the Dispute Resolution Agreement ("DRA") and the DRRP as a condition of employment.  CarMax has established systems to preclude an applicant from completing the CarMax Application or submitting an application to CarMax if the applicant does not consent to the DRA and DRRP. The DRRP are, pursuant to CarMax policy and procedure, provided to all applicants for employment at CarMax entities.  Since December 31, 2014, CarMax has utilized the 2014 DRRP, a true and

correct copy of which is attached as **Exhibit A**.

4.      Attached hereto as **Exhibit B** is a true and correct copy of the CarMax DRA signed by McElhannon on December 14, 2016, which is contained in CarMax's personnel records.  On or about December 26, 2016, McElhannon started working for CarMax as a Sales Manager in Training, before becoming a Sales Manager on or about May 21, 2017.  At the time that McElhannon was hired, the 2014 DRRP was in effect and applicable to him.  It remains in effect as of today.

5.      Attached hereto as **Exhibit C** is a true and correct copy of the CarMax DRA signed by Iqbal on February 26, 2016, which is contained in CarMax's personnel records.  On or about March 4, 2016, Iqbal started working for CarMax as a Sales Consultant Trainee, before becoming a Sales Consultant on or about May 11, 2016.  At the time that Iqbal was hired, the 2014 DRRP was in effect and applicable to her.  It remains in effect as of today.

6.      Attached hereto as **Exhibit D** is a true and correct copy of the CarMax DRA signed by Syharath on September 30, 2016, which is contained in CarMax's personnel records.  On or about October 20, 2016, Syharath started working for CarMax as a Sales Consultant Trainee, before becoming a Sales Consultant on or about November 10, 2016.  At the time that Syharath was hired, the 2014 DRRP was in effect and applicable to him.  It remains in effect as of today.

7.      Attached hereto as **Exhibit E** is a true and correct copy of the CarMax DRA signed by Santiago on November 17, 2016, which is contained in CarMax's personnel records.  On or about January 10, 2017, Santiago started working for CarMax as a Sales Consultant Trainee, before becoming a Sales Consultant on or about February 15, 2017.  At the time that Santiago was hired, the 2014 DRRP was in effect and applicable to him.  It remains in effect as of today.

8.      Attached hereto as **Exhibit F** is a true and correct copy of the CarMax DRA signed by Lantis on May 3, 2017, which is contained in CarMax's personnel records.  On or about June 9, 2017, Lantis started working for CarMax as a Sales Consultant Trainee, before becoming a Sales Consultant on or about June 28, 2017.  At the time that Lantis was hired, the 2014 DRRP was in effect and applicable to him.  It remains in effect as of today.

9.      Attached hereto as **Exhibit G** is a true and correct copy of the CarMax DRA signed

by Milisci on January 4, 2007, which is contained in CarMax's personnel records. On or about January 10, 2007, Milisci started working for CarMax as a Sales Consultant Trainee, before becoming a Sales Consultant on or about February 3, 2007.

10. The DRRP adopted in 2005 and all subsequent DRRP versions all contain a modification clause that provides the method for CarMax to modify the DRRP. The modification clauses all provide that CarMax may modify the DRRP on December 31 of any year upon giving thirty (30) calendar days written notice to Associates. The modification clauses further provide that Notice may be given by posting a written notice by December 1 of each year at CarMax locations.

11. At the time that Milisci began working for CarMax on or about February 3, 2007, DRRP December, 2005 (the "2005 DRRP") was in effect. CarMax subsequently modified the DRRP pursuant to the modification provisions of the DRRP. Attached as **Exhibit H** is the DRRP effective December, 2011 (the "2011 DRRP"). The 2014 DRRP, which is attached as Exhibit A, has been continuously effective since December 2014. The document itself containing the 2014 DRRP is dated December 31, 2014. The 2014 DRRP are the current DRRP in effect, and these are the rules applicable to the instant action brought by Plaintiffs.

12. When modifying the terms of the DRRP, CarMax notifies its employees in two ways. First, CarMax posts notice of the changes to the arbitration program at CarMax stores in the same area as other employee notifications and postings. Second, as indicated in said notice, employees may obtain the text of the modified DRRP by requesting a copy of the modified DRRP from Human Resources or by examining the applicant packet which is kept at their local CarMax store. Additionally, CarMax associates have access to the DRRP on CarMax's intranet system. To my knowledge, at no time did Milisci request copies of the DRRP.

13. Prior to serving in my present role as Divisional Director of Human Resources, I served as the Los Angeles Regional Human Resources Director. This included Human Resources oversight for the Irvine store where Milisci worked. In 2014, I know that notice of the changes to the DRRP was posted at, among other stores, the Irvine store because I would ensure that they were posted in that store and did ensure that they were posted in that store as part of my job duties

1  and the job duties of CarMax Human Resources representatives who reported to me.

2      14.    To my knowledge, at no time did Milisci request a copy of the DRRP.

3      15.    CarMax is a national sales organization. As a result, CarMax employees, including

4  Sales Consultants and Sales Managers, often engage in interstate transactions as part of their job

5  duties. For example, the company has sales locations in forty-one (41) states, including California.

6  CarMax makes its national sales inventory available to all customers, regardless of the location

7  which they visit. As part of the CarMax sales process, customers may review CarMax's national

8  sales inventory to find the car they believe best for them. For example, as described in the Sales

9  Consultant Job Description, Sales Consultants are generally "responsible for providing customer

10  service and helping to meet individual and store sales goals." Among other duties, Sales

11  Consultants assist customers with vehicle selection, process paperwork associated with automobile

12  sales, and assist in auctions and the vehicle appraisal process; Sales Managers help manage this

13  process. CarMax Sales Consultants and Sales Managers such as Plaintiffs are trained to work with

14  the customer to find a vehicle in the national CarMax inventory that will best meet the customer's

15  needs. In performing this duty, a Sales Consultant will also review CarMax's national inventory.

16  If the Sales Consultant finds a car that interests a customer, but the vehicle is not located at

17  CarMax location where the customer is, then the Sales Consultant is involved in arranging for the

18  transport of the vehicle from one location to the current location. Sales Managers manage and

19  assist with this process. This may involve a variety of interstate transactions, since in many cases

20  the desired vehicle is located in another state than the customer. Similarly, Sales Consultants and

21  Sales Managers often have to respond to inquiries from other CarMax locations that may be out of

22  California and arrange for transport of vehicles from their location to a location out of state.

23      I declare under penalty of perjury under the laws of the State of California that the

24  foregoing is true and correct.

25      Executed on this ___6th.___ day of March, 2019, in Richmond, Virginia.

26

27  _____
   KAREN HOLT

28

# EXHIBIT A

# DISPUTE RESOLUTION RULES AND PROCEDURES

**Last Revised**
**December 31, 2014**

# CARMAX DISPUTE RESOLUTION RULES AND PROCEDURES

## Rule 1: PURPOSE

CarMax has established an employment dispute resolution procedure, culminating in formal arbitration that is designed to provide a fair, private, exclusive, expeditious, final, and binding means for resolving legal disputes rising out of, or relating to, employment with CarMax, without the need for litigation in federal, state or local courts. These Dispute Resolution Rules and Procedures govern arbitrations held pursuant to the CarMax Dispute Resolution Agreement, whether brought by an Associate or by CarMax. The term "Associate" includes applicants, employees, and former employees. These Dispute Resolution Rules and Procedures are written to guide an Associate through the arbitration process; however, they apply with full force and effect to both Associates and CarMax.

## Rule 2: CLAIMS SUBJECT TO ARBITRATION

Except as otherwise limited herein, any and all employment-related legal disputes, controversies or claims arising out of, or relating to, an Associate's application or candidacy for employment, employment or cessation of employment with CarMax or one of its affiliates shall be settled exclusively by final and binding arbitration before a neutral third-party Arbitrator selected in accordance with these Dispute Resolution Rules and Procedures. Arbitration shall apply to any and all such disputes, controversies, or claims whether asserted against the Company and/or against any employee, officer, alleged agent, director, or affiliate company.

All previously unasserted claims arising under federal, state or local statutory, or common law, shall be subject to arbitration. Merely by way of example, these claims include, but are not limited to, claims arising under the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act (ADA), the Fair Labor Standards Act (FLSA), 42 U.S.C. § 1981, as amended, the Employee Polygraph Protection Act, the Employee Retirement Income Security Act (ERISA), state discrimination statutes, state statutes and/or common law regulating employment termination, the law of contract or the law of tort; including, but not limited to, claims for malicious prosecution, wrongful discharge, wrongful arrest/wrongful imprisonment, and intentional/negligent infliction of emotional distress or defamation.

Nothing herein is intended to affect or limit the Associate's right to file an administrative charge with or to otherwise seek relief from, any government agency such as the Equal Employment Opportunity Commission or the National Labor Relations Board.

Claims by Associates for state employment insurance benefits (e.g., unemployment compensation, workers' compensation, worker disability compensation) claims arising under the National Labor Relations Act, or any claims or disputes by whistleblowers arising pursuant to the Sarbanes-Oxley Act and alleging unlawful retaliation or seeking other relief pursuant to that Act, shall not be subject to arbitration. Other statutory or common law claims alleging that CarMax retaliated or discriminated against an Associate, however, shall be subject to arbitration.

For purposes of this Rule, claims against "CarMax" shall include claims against any parent company, subsidiary, or related company, claims against any officer, director, or associate (current or former), and claims against any alleged joint employer.

**Rule 3: DISMISSAL/STAY OF COURT PROCEEDINGS**

By agreeing to the Dispute Resolution Program, both CarMax and the Associate agree to resolve through arbitration all claims described in, or contemplated by Rule 2. If either Party files a lawsuit in court to resolve claims subject to arbitration, both Parties agree that the Court shall dismiss the lawsuit and require the Parties to arbitrate the dispute.

If either Party files a lawsuit in Court involving claims which are, and other claims with are not, subject to arbitration, both Parties agree that the court shall stay litigation of the nonarbitrable claims and require that arbitration take place with respect to those claims subject to arbitration. The Parties further agree that the Arbitrator's decision on the arbitrable claims, including any determinations as to disputed factual or legal issues, shall be entitled to full force and effect in any later court lawsuit on any nonarbitrable claims.

**Rule 4: COMMENCEMENT OF ARBITRATION**

a. PROCEDURE

An Associate shall commence an arbitration by completing and sending the attached CarMax Arbitration Request to:

Arbitration Coordinator
CarMax Auto Superstores, Inc.
12800 Tuckahoe Creek Parkway
Richmond, VA 23238

b. TIME LIMITS

i. FILING OF REQUEST FOR ARBITRATION

The CarMax Arbitration Request Form shall be submitted no later than the applicable statute of limitations for the asserted claims under the applicable law. The failure of an Associate to initiate an arbitration within the applicable statute of limitations shall constitute a waiver with respect to that dispute relative to that Associate.

ii. CARMAX'S RESPONSE

Within twenty-one (21) calendar days of receipt of an Associate's Arbitration Request Form, the Company shall send the Company's Response to the Associate via first-class mail, postage prepaid, or hand delivery.

c. NOTICE/OTHER FILINGS

All other communications, notices or filings, including discovery requests and responses, shall be in writing, and shall be deemed to have been given if (i) delivered by hand to a person of suitable age and discretion; or (ii) mailed first-class mail, postage prepaid, as follows:

If to CarMax:
    i. Arbitration Coordinator
    CarMax Auto Superstores, Inc.
    12800 Tuckahoe Creek Parkway
    Richmond, VA 23238; or

    ii. to the Company's attorney as designated in writing by the Company.

If to the Associate:
    iii. to the Associate's address of record as it appears on the Arbitration Request Form; or

    iv. to the Associate's attorney as designated in the Arbitration Request Form or later designated in writing by the Associate.

## Rule 5: SELECTION OF AN ARBITRATOR

CarMax and the Associate shall participate equally in the selection of an Arbitrator to decide the arbitration. Within twenty-one (21) calendar days after the Company receives the Associate's Arbitration Request Form, National Arbitration and Mediation (NAM) or other Arbitration Service, such as the American Arbitration Association, as may be agreed to by the Parties, shall be asked to provide a panel of seven (7) neutral arbitrators with experience deciding employment disputes. If the Company and the Associate cannot agree upon an Arbitration Service, then either NAM or AAA shall be used, with the final selection being determined by coin toss performed by the Company. Once an Arbitration Service is selected, the Company and the Associate then shall have the opportunity to review the background of the arbitrators by examining the materials provided by the Arbitration Service. Within seven (7) calendar days after the panel composition is received, the Associate and the Company each shall inform the Arbitration Service which arbitrators the Parties find unacceptable for deciding the dispute. The Arbitration Service then will appoint an Arbitrator from among the named individuals the Parties found acceptable. If all arbitrators on the first panel furnished by the Arbitration Service are stricken by the Parties as unacceptable for deciding the dispute, the Arbitration Service is authorized to furnish an additional panel, from which each party may strike up to three (3) arbitrators. The Parties must provide their responses to the additional panel within seven (7) calendar days to the Arbitration Service after the additional panel composition is received. The Arbitration Service will then appoint an arbitrator from the remaining names.

## Rule 6: PRE-HEARING PROCEDURES; TIME AND PLACE OF ARBITRATION

a. Following appointment of the Arbitrator, the Arbitrator shall promptly hold an initial pre-hearing conference with the parties. The purpose of the initial pre-hearing conference shall be, among other things, for the Arbitrator to set deadlines for: (1) adding or amending claims and/or parties to the arbitration, (2) any dispositive motions, opposition briefs, and reply briefs thereto, and (3) the date of any motion hearings, and the timing of the Arbitrator's ruling on any dispositive motions. Following the initial pre-hearing conference, the Arbitrator shall promptly issue a Scheduling Order to the parties setting the deadlines above, as well as any other deadlines required by these Dispute Resolution Rules and Procedures or the Arbitrator. The parties may mutually consent to amend the Scheduling Order, subject to approval by the Arbitrator. If the parties do not mutually consent to amend the Scheduling Order, upon the request of any Party and a showing of **good cause**, the Arbitrator may permit amendment to the Scheduling Order. In ruling on a request to

amend the Scheduling Order for good cause, the Arbitrator shall be guided by the Federal Rules of Civil Procedure.

b. The arbitration hearing shall be held at the offices of, or a location selected by, the Arbitration Service in the city nearest the location where the Associate was or sought to be employed with the Company, unless the Parties agree otherwise. If the Arbitration Service does not select an arbitration location within fifty (50) miles of the city of the Associate's last employment with the Company, the Associate and the Company shall designate a mutually amenable location at which to hold the arbitration.

The Parties and the Arbitrator shall make every effort to ensure that the arbitration is completed, and an award rendered, as soon as possible. There shall be no extensions of time or delays of an arbitration hearing except in cases where both Parties consent to the extension or delay, or where the Arbitrator finds such a delay or extension necessary to resolve a discovery dispute or other matter relevant to the arbitration.

## Rule 7: REPRESENTATION
Both the Associate and the Company shall have the right to be represented by counsel.

## Rule 8: DISCOVERY
a. INITIAL DISCLOSURE
Within fourteen (14) calendar days following the appointment of an Arbitrator, the Parties shall provide each other with copies of all documents (except for privileged documents that are protected from disclosure because they involve attorney-client, doctor-patient or other legally privileged or protected communications or materials) upon which they rely in support of their claims or defenses. Throughout the discovery phase, each Party is under a continuing obligation to supplement its initial disclosure. Upon request, the Associate shall be entitled to a copy of all documents (except privileged documents as described above) in the Associate's "PERSONNEL RECORDS FILE."

b. OTHER DISCOVERY
   i. INTERROGATORIES/DOCUMENT REQUESTS
   Each Party may propound up to twenty (20) interrogatories (including subparts) to the opposing Party. Interrogatories are written questions asked by one Party to the other, who must answer under oath. Such interrogatories may include a request for all documents upon which the responding Party relies in support of its answers to the interrogatories. Answers to interrogatories must be served within twenty-one (21) calendar days of receipt of the interrogatories.

   ii. DEPOSITIONS
   A deposition is a statement under oath that is given by one Party in response to specific questions from the other Party and usually is recorded or transcribed. Each Party shall be entitled to take the deposition of up to three (3) individuals of the Party's choosing. The Party taking the deposition shall be responsible for all costs associated therewith, such as the cost of a court reporter and the cost of a transcript.

### iii. ADDITIONAL DISCOVERY

Upon the request of any Party and a showing of **good cause**, the Arbitrator may permit additional discovery; but only if the Arbitrator finds that such additional discovery is not overly burdensome, and will not unduly delay conclusion of the arbitration.

### c. DISCOVERY DISPUTES

The Arbitrator shall decide all disputes related to discovery. Such decisions shall be final and binding on the Parties. In ruling on discovery disputes, the Arbitrator shall be guided by the discovery rules contained in the Federal Rules of Civil Procedure.

### d. TIME FOR COMPLETION OF DISCOVERY

All discovery must be completed within the ninety (90) calendar days after the selection of the Arbitrator, except for good cause shown or by mutual consent of the parties, subject to approval by the Arbitrator. In order to expedite the arbitration, the Parties may initiate discovery prior to the appointment of the Arbitrator.

## Rule 9: HEARING PROCEDURE
### a. WITNESSES

Witnesses shall testify under oath, and the Arbitrator shall afford each Party a sufficient opportunity to examine its own witnesses and cross-examine witnesses of the other Party. Either Party may issue subpoenas compelling the attendance of any person necessary for the issuing Party to prove its case.

### i. SUBPOENAS

A subpoena is a command to an individual to appear at a certain place and time in order to provide testimony. A subpoena also may require that the individual bring documents when he or she gives testimony. The Arbitrator shall have the authority to enforce and/or cancel such subpoenas provided that such subpoenas are issued no less than ten (10) calendar days prior to the commencement of an arbitration hearing or deposition. The Party issuing the subpoena shall be responsible for the fees and expenses associated with the issuance and enforcement of the subpoena, and with the attendance of the subpoenaed witness at the arbitration hearing.

### ii. SEQUESTRATION

The Arbitrator shall ensure that all witnesses who will testify at the arbitration are not influenced by the testimony of other witnesses. Accordingly, the Arbitrator may sequester all witnesses who will testify at the arbitration, provided that the Arbitrator shall permit the Associate bringing the arbitration and the Company's designated representative to remain throughout the arbitration, even though they may or may not testify at the hearing.

### b. EVIDENCE

The Parties may offer evidence that is relevant and material to the dispute and shall produce any and all nonprivileged evidence which the Arbitrator deems necessary to render a determination of the dispute. The Arbitrator need not specifically follow the Federal Rules of Evidence, although these rules may be consulted to resolve questions regarding the admissibility of particular matters.

### c. BURDEN OF PROOF

For the Associate to prevail, the Associate must prove that the Company's conduct with respect to the Associate was a **violation of applicable law.** For the Company to prevail on any claims asserted against an Associate, the Company must prove that the Associate's conduct was a **violation of applicable law**.

### d. BRIEFING

Each Party shall have the opportunity to submit one pre-hearing brief and one post-hearing brief, which is a written statement of facts and law, in support of its position. Briefs shall be typed and shall be limited in length to twenty (20) double-spaced pages.

Pre-hearing briefs may be submitted no later than ten (10) calendar days prior to a scheduled arbitration hearing. Post-hearing briefs may be submitted no later than twenty (20) calendar days after the Parties receive the transcript of the arbitration from the court reporting service.

### e. TRANSCRIPTION

The Parties may arrange for transcription of the arbitration by a certified reporter. The Parties shall share evenly the costs of the reporter and transcription.

### f. CONSOLIDATION

#### i. CLAIMS

CarMax and the Associate are required to bring all existing claims subject to arbitration in one arbitration proceeding. Any such claims not brought in one arbitration shall be waived and precluded. The Arbitrator shall have the power to hear as many claims as an Associate and CarMax may have against each other consistent with Rule 2 of these Dispute Resolution Rules and Procedures.

#### ii. PARTIES

The Arbitrator shall not consolidate claims of different Associates into one proceeding, nor shall the Arbitrator have the power to hear an arbitration as a class action, collective action, or representative action. (A class action involves an arbitration or lawsuit where representative members of a large group who claim to share a common interest seek collective relief).

### g. CONFIDENTIALITY

All aspects of an arbitration pursuant to these Dispute Resolution Rules and Procedures, including the hearing and record of the proceeding, shall be confidential and shall not be open to the public, except (i) to the extent both Parties agree otherwise in writing; (ii) as may be appropriate in any subsequent proceeding between the Parties, or (iii) as may otherwise be appropriate in response to a governmental agency or legal process. All settlement negotiations, mediations, and the results thereof shall be confidential. Nothing in this section shall be construed to restrict the right of an attorney to practice law.

### Rule 10: SUBSTANTIVE CHOICE OF LAW

The Arbitrator shall apply the substantive law of the State in which the Associate is, was or sought to be predominantly employed. For claims arising under federal law, the Arbitrator shall follow the substantive law applicable to the United States District Court for the district in which the Associate is or was predominantly employed.

## Rule 11: ARBITRATOR AUTHORITY

The Arbitrator shall conduct the arbitration and shall have the authority to render a decision in accordance with these Dispute Resolution Rules and Procedures, and in a manner designed to promote rapid and fair resolution of disputes. To that end, the Arbitrator shall have the authority to consider and rule on dispositive motions such as motions to dismiss or motions for summary judgment in accordance with the standards and burdens generally applicable to such motions in federal district court and may establish appropriate procedures to resolve such motions, at the Arbitrator's discretion, consistent with the less formal and expedited nature of arbitration proceedings. Seven (7) days prior to the scheduled arbitration hearing, the Parties shall participate in a telephone conference with the Arbitrator. Where a Party has challenged the legal sufficiency of an asserted claim or defense in a pre-hearing brief, each Party may be heard. A Party making such a challenge should file the pre-hearing brief as early as possible to permit due consideration of the issue. The Arbitrator shall strike any legally deficient claim and/or defense by ruling communicated to the Parties pursuant to the deadline set by the Scheduling Order for ruling on any dispositive motions.

### a. JURISDICTION

The Arbitrator's authority shall be limited to deciding the claims, counterclaims, and defenses submitted for arbitration. Unless the Associate is subject to a contract providing for the employment of the Associate under specified terms or for a given duration, the Associate's employment remains alterable at the discretion of the Company and/or terminable at any time, at the will of either the Associate or the Company, with or without just cause. Accordingly, the Arbitrator shall have no authority to require that CarMax have "just cause" to discipline or to discharge an Associate or to change the terms and conditions of employment of an Associate, unless specifically required by federal, state or local law, or as a remedy for a violation of applicable law by the Company with respect to the Associate.

### b. SANCTIONS

The Arbitrator shall have the power to award sanctions against a Party for the Party's failure to comply with these Dispute Resolution Rules and Procedures or with an order of the Arbitrator. These sanctions may include assessment of costs, prohibitions of evidence, or, if justified by a Party's wanton or willful disregard of these Dispute Resolution Rules and Procedures, an adverse ruling in the arbitration against the Party who has failed to comply.

## Rule 12: AWARD

Within twenty-one (21) calendar days after receipt of any post-hearing briefs, the Arbitrator shall render a decision in the form of a written award and mail to the parties a copy of the written award specifying appropriate remedies, if any. In the Arbitrator's discretion, the award may include findings of fact and conclusions of law.

The Parties to an arbitration shall be provided with a copy of the Arbitrator's award. Other Associates who have agreed to arbitration may request copies of the arbitration decisions in a given case. In cases where an arbitration decision is provided to an Associate who was not a Party to the particular arbitration, the Party-Associate's name shall be deleted from the arbitration decision unless the Party-Associate agrees otherwise in writing.

**Rule 13: FEES AND EXPENSES**

a. COSTS OTHER THAN ATTORNEY FEES

### i. Definitions

Costs of arbitration include filing or administrative fees charged by the Arbitration Service, hourly fees charged by the Arbitrator, and expenses of renting a room in which the arbitration is held. Incidental costs include such items as photocopying or the costs of producing witnesses or proof.

### ii. Costs of Arbitration

CarMax shall pay the costs of arbitration, excluding incidental costs. Costs related to preparation of the hearing transcript, if any, shall be subject to the provisions of Rule 9(e) above.

b. ATTORNEY FEES

The Arbitrator is authorized to award attorney fees in accordance with applicable law. In the absence of an award, each Party shall be liable for its own attorney fees. Any award shall be reasonable in light of the amount and complexity of work involved in the arbitration, and in accordance with customary billing rates of attorneys in the geographic area in which the arbitration is held.

**Rule 14: REMEDIES AND DAMAGES**

If the Arbitrator finds for the Associate, the Arbitrator, in his discretion, may award appropriate relief in accordance with applicable law. If appropriate relief includes reinstatement, such reinstatement will be to the position of employment the Associate held or, if such reinstatement is impractical, to a comparable position at the location of the Associate's last employment. If reinstatement at the place of the Associate's last employment is not practical, reinstatement will be to a comparable position at CarMax in the same general geographic market area.

**Rule 15: SETTLEMENT**

The Parties may settle their dispute at any time. Prior to closure of the arbitration hearing, the Parties may settle the case without involvement of the Arbitrator. Once the hearing has closed, settlement may take place only with the approval of the Arbitrator.

At any point prior to the Arbitrator's issuance of an award, the Parties may, by agreement, refer their dispute to mediation before a mediator provided by the Arbitration Service.

**Rule 16: ENFORCEABILITY**

The Dispute Resolution Agreement and any award rendered pursuant to it shall be enforceable and subject to the Federal Arbitration Act, 9 U.S.C.§ 1, et seq., and the Uniform Arbitration Act of Virginia, §§8.01-581.01 et seq., regardless of the State in which the arbitration is held or the substantive law applied in the arbitration. The Associate and the Company acknowledge that the Associate's employment with the Company and the Dispute Resolution Agreement involve interstate commerce and that the Federal Arbitration Act is controlling.

**Rule 17: APPEAL RIGHTS**

The award rendered by the Arbitrator shall be final and binding as to both the Associate and the Company. Either party may appeal the Arbitrator's decision to a court in accordance with the appeal procedures of the Federal Arbitration Act, 9 U.S.C. § 1 et seq., or the Uniform Arbitration Act of Virginia, §§8.01-581.01 et seq.

**Rule 18: SEVERABILITY/CONFLICT WITH LAW**

In the event that any of these Dispute Resolution Rules and Procedures agreed upon by the Parties is held to be in conflict with a mandatory provision of applicable law, the conflicting Rule or Procedure shall be modified automatically to comply with the mandatory provision of applicable law until such point as these Dispute Resolution Rules and Procedures may be modified in accordance with Rule 19 below. In the event of an automatic modification with respect to a particular Rule or Procedure, the remainder of these Rules and Procedures shall not be affected. An automatic modification of one of these Rules or Procedures shall be applicable only in the jurisdiction in which it is in conflict with a mandatory provision of law. In all other jurisdictions, these Dispute Resolution Rules and Procedures shall apply in full force and effect.

**Rule 19: TERMINATION OR MODIFICATION OF DISPUTE RESOLUTION AGREEMENT OR DISPUTE RESOLUTION RULES AND PROCEDURES**

CarMax may modify or terminate the Agreement and these Dispute Resolution Rules and Procedures on December 31 of any year upon giving thirty (30) calendar days written notice to Associates, provided that all claims accrued or arising before modification or termination shall be subject to the Agreement and corresponding Dispute Resolution Rules and Procedures in effect at the time said claims accrued or arose. Otherwise, all claims shall be subject to the Rules in effect at the time the Arbitration Request Form is received by the Company. Notice may be given by posting a written notice by December 1 of each year at all CarMax locations (including locations of affiliated companies). A copy of the modified Agreement or Dispute Resolution Rules and Procedures will be published and available in the CarMax Dispute Resolution Handbook (which is available on the CarMax Way intranet system) and through the CarMax Online Employment Application after December 31 of each year.

**CARmax**®

# ARBITRATION REQUEST FORM

(Please Print or Type)

Name: _____

Telephone: _____

Address of Record: _____
                Street                          City

                                    _____
                State                          Zip

Position: _____  Status (full or part time): _____

Date of Hire: _____  Date of Incident: _____

Store/Place of Employment: _____

Please state the dispute you wish to have decided by an Arbitrator. Please explain why you believe the Company's actions were unlawful and state the basis for your claim (e.g., discrimination on the basis of sex, race, religion, national origin, etc., retaliation for filing of workers' compensation claims or other.)

_____

_____

_____

_____

(Please attach additional sheets if necessary.)

Please list the names of any witnesses to the Company's alleged unlawful action.

_____

_____

_____

_____

Please state how you would like your dispute with CarMax resolved.

_____

_____

_____

_____

_____

_____

_____

(Please attach additional sheets if necessary)

If you will be represented by an attorney, please identify that person below.

Name of Representative: _____

Address: _____

Telephone: _____

I hereby submit the above-described dispute for arbitration. I agree to accept the decision and award of the Arbitrator as final and binding as to all claims relating to my employment relationship with CarMax or its affiliate which have been or could have been raised under my Arbitration Agreement with CarMax. I understand that unless the Arbitrator rules otherwise, I will be responsible for the fees of my own attorney should I retain one and for all of my incidental costs, as set forth in Rule 13 of the CarMax Dispute Resolution Rules and Procedures.

SIGNED:

Associate: _____    Date: _____

Associate's Attorney: _____    Date: _____



**12800 Tuckahoe Creek Parkway • Richmond, VA 23238**
**carmax.com®**

# EXHIBIT B

 

If you wish to be considered for employment with CarMax Auto Superstores, Inc., or its subsidiaries and affiliates (collectively "CarMax"), you must read and consent to the following agreement. You will be considered as an applicant when you have signed the Agreement. Included with this application is the CarMax Dispute Resolution Rules and Procedures. You should familiarize yourself with these rules and procedures prior to signing the Agreement. If the Rules and Procedures are not included with this application you must request a copy from a CarMax representative prior to signing the Agreement. You will note that if you sign at this time you do have three (3) days to withdraw your consent. You may, of course, take the package with you and return with it signed, if you wish to continue your application process.

## CARMAX DISPUTE RESOLUTION AGREEMENT

I recognize that differences may arise between CarMax and me during my application for employment with CarMax. I recognize that it is in the interest of both CarMax and me that disputes be resolved in a manner that is fair, private, expeditious, economical, final, and less burdensome or adversarial than court litigation. CarMax has an effective Open Door Policy, and I will try to take advantage of it where feasible. I understand, however, that not all issues can be resolved using the Open Door Policy.

Except as set forth below, and as more fully set forth in the CarMax Dispute Resolution Rules and Procedures, both CarMax and I agree to settle any and all previously unasserted claims, disputes, or controversies arising out of or relating to my application or candidacy for employment and employment and/or cessation of employment with CarMax, exclusively by final and binding arbitration before a neutral Arbitrator. By way of example only, such claims include claims under federal, state and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act, the Family Medical Leave Act, and the law of contract and law of tort. The scope of the claims covered, as well as certain exclusions from coverage and other important terms, are set forth in the Dispute Resolution Rules and Procedures.

I understand that if I do file a lawsuit regarding a dispute arising out of or relating to my application or candidacy for employment, employment, or cessation of employment, CarMax may use this Agreement in support of its request to the court to dismiss the lawsuit and require me instead to use arbitration.

I understand that nothing in this Agreement is intended to affect or limit my rights under the National Labor Relations Act and my right to file charges or seek other relief with the Equal Employment Opportunity Commission or similar federal, state, or local agency, but that upon receipt of a right-to-sue letter or similar administrative determination, I shall arbitrate any claim that I may have against CarMax that is covered by this Agreement or the Rules. I agree that if I commence an arbitration, it will be conducted in accordance with the CarMax Dispute Resolution Rules and Procedures.

I understand that neither this Agreement nor the Dispute Resolution Rules and Procedures form a contract of employment between CarMax and me. I further understand that my consent to this Agreement in no way guarantees that CarMax will offer me employment. If CarMax does offer me employment and I become employed at CarMax, this Agreement in no way alters the "at-will" status of my employment. I understand that my employment, compensation, and terms and conditions of employment can be altered or terminated, with or without notice, at any time, at the option of either CarMax or myself. I understand that no store manager or representative of CarMax, other than an Officer of CarMax at the level of Vice President or above, has any authority to enter into any agreement for employment for any specific duration, to make any agreement contrary to the foregoing, or to alter the CarMax Dispute Resolution Rules and Procedures.

Ex. B, Pg. 20

**The Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures affect your legal rights. By consenting to this Agreement, you acknowledge receipt of the Dispute Resolution Rules and Procedures. You may wish to seek legal advice before consenting to this Dispute Resolution Agreement.**

I have read this Agreement and the Dispute Resolution Rules and Procedures before submitting this Application and before accepting an offer of employment with CarMax.

I understand that I may withdraw my consent to this Agreement within three (3) days from the date on which I consent by notifying the Background Screening Department in writing (including my Social Security Number and address of the place at which I applied for employment) that I am withdrawing my application for employment at CarMax. The address for the Background Screening Department is:

CarMax Auto Superstores, Inc.<br>
Background Screening Department<br>
12800 Tuckahoe Creek Parkway<br>
Richmond, Virginia 23238

I understand that by so notifying the Background Screening Department in writing, I will not be bound to this Agreement and that I no longer will be eligible for employment at CarMax. I recognize that if I consent to this Agreement and do not withdraw within three days of consenting I will be required to arbitrate, as explained above, employment-related claims which I may have against CarMax, whether or not I become employed by CarMax.

This Agreement will be enforceable throughout the application process, my employment, and thereafter with respect to any such claims arising from or relating to my application or candidacy for employment, employment or cessation of employment with CarMax. We then must arbitrate all such employment-related claims that are within the scope of this Agreement and the Rules, and we may not file a lawsuit in court.

AGREED:

_____
Signature

12/14/16
Date

| | |
|---|---|
| Signature of Parent or Guardian<br>(If under 18 years of age) | Date |

CarMax agrees to consider this Employment Application and to follow this Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures in connection with the Associate who is completing this application.

Scott A. Rivas
Vice President, Human Resources
CarMax Auto Superstores, Inc.

Ex. B, Pg. 21

# EXHIBIT C

If you wish to be considered for employment with CarMax Auto Superstores, Inc., or its subsidiaries and affiliates (collectively "CarMax"), you must read and consent to the following agreement. You will be considered as an applicant when you have signed the Agreement. Included with this application is the CarMax Dispute Resolution Rules and Procedures. You should familiarize yourself with these rules and procedures prior to signing the Agreement. If the Rules and Procedures are not included with this application you must request a copy from a CarMax representative prior to signing the Agreement. You will note that if you sign at this time you do have three (3) days to withdraw your consent. You may, of course, take the package with you and return with it signed, if you wish to continue your application process.

## CARMAX DISPUTE RESOLUTION AGREEMENT

I recognize that differences may arise between CarMax and me during my application for employment with CarMax. I recognize that it is in the interest of both CarMax and me that disputes be resolved in a manner that is fair, private, expeditious, economical, final, and less burdensome or adversarial than court litigation. CarMax has an effective Open Door Policy, and I will try to take advantage of it where feasible. I understand, however, that not all issues can be resolved using the Open Door Policy.

Except as set forth below, and as more fully set forth in the CarMax Dispute Resolution Rules and Procedures, both CarMax and I agree to settle any and all previously unasserted claims, disputes, or controversies arising out of or relating to my application or candidacy for employment and employment and/or cessation of employment with CarMax, exclusively by final and binding arbitration before a neutral Arbitrator. By way of example only, such claims include claims under federal, state and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act, the Family Medical Leave Act, and the law of contract and law of tort. The scope of the claims covered, as well as certain exclusions from coverage and other important terms, are set forth in the Dispute Resolution Rules and Procedures.

I understand that if I do file a lawsuit regarding a dispute arising out of or relating to my application or candidacy for employment, employment, or cessation of employment, CarMax may use this Agreement in support of its request to the court to dismiss the lawsuit and require me instead to use arbitration.

I understand that nothing in this Agreement is intended to affect or limit my rights under the National Labor Relations Act and my right to file charges or seek other relief with the Equal Employment Opportunity Commission or similar federal, state, or local agency, but that upon receipt of a right-to-sue letter or similar administrative determination, I shall arbitrate any claim that I may have against CarMax that is covered by this Agreement or the Rules. I agree that if I commence an arbitration, it will be conducted in accordance with the CarMax Dispute Resolution Rules and Procedures.

I understand that neither this Agreement nor the Dispute Resolution Rules and Procedures form a contract of employment between CarMax and me. I further understand that my consent to this Agreement in no way guarantees that CarMax will offer me employment. If CarMax does offer me employment and I become employed at CarMax, this Agreement in no way alters the "at-will" status of my employment. I understand that my employment, compensation, and terms and conditions of employment can be altered or terminated, with or without notice, at any time, at the option of either CarMax or myself. I understand that no store manager or representative of CarMax, other than an Officer of CarMax at the level of Vice President or above, has any authority to enter into any agreement for employment for any specific duration, to make any agreement contrary to the foregoing, or to alter the CarMax Dispute Resolution Rules and Procedures.

**CARMAX**

The **Dispute Resolution Agreement** and the **Dispute Resolution Rules and Procedures affect your legal rights. By consenting to this Agreement, you acknowledge receipt of the Dispute Resolution Rules and Procedures. You may wish to seek legal advice before consenting to this Dispute Resolution Agreement.**

I have read this Agreement and the Dispute Resolution Rules and Procedures before submitting this Application and before accepting an offer of employment with CarMax.

I understand that I may withdraw my consent to this Agreement within three (3) days from the date on which I consent by notifying the Background Screening Department in writing (including my Social Security Number and address of the place at which I applied for employment) that I am withdrawing my application for employment at CarMax. The address for the Background Screening Department is:

CarMax Auto Superstores, Inc.
Background Screening Department
12800 Tuckahoe Creek Parkway
Richmond, Virginia 23238

I understand that by so notifying the Background Screening Department in writing, I will not be bound to this Agreement and that I no longer will be eligible for employment at CarMax. I recognize that if I consent to this Agreement and do not withdraw within three days of consenting I will be required to arbitrate, as explained above, employment-related claims which I may have against CarMax, whether or not I become employed by CarMax.

This Agreement will be enforceable throughout the application process, my employment, and thereafter with respect to any such claims arising from or relating to my application or candidacy for employment, employment or cessation of employment with CarMax. We then must arbitrate all such employment-related claims that are within the scope of this Agreement and the Rules, and we may not file a lawsuit in court.

AGREED:

_____        02/26/2016
Signature                            Date

| Signature of Parent or Guardian (If under 18 years of age) | Date |
|---|---|

CarMax agrees to consider this Employment Application and to follow this Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures in connection with the Associate who is completing this application.

Scott A. Rivas
Vice President, Human Resources
CarMax Auto Superstores, Inc.

Ex. C, Pg. 24

# EXHIBIT D


If you wish to be considered for employment with CarMax Auto Superstores, Inc., or its subsidiaries and affiliates (collectively "CarMax"), you must read and consent to the following agreement. You will be considered as an applicant when you have signed the Agreement. Included with this application is the CarMax Dispute Resolution Rules and Procedures. You should familiarize yourself with these rules and procedures prior to signing the Agreement. If the Rules and Procedures are not included with this application you must request a copy from a CarMax representative prior to signing the Agreement. You will note that if you sign at this time you do have three (3) days to withdraw your consent. You may, of course, take the package with you and return with it signed, if you wish to continue your application process.

## CARMAX DISPUTE RESOLUTION AGREEMENT

I recognize that differences may arise between CarMax and me during my application for employment with CarMax. I recognize that it is in the interest of both CarMax and me that disputes be resolved in a manner that is fair, private, expeditious, economical, final, and less burdensome or adversarial than court litigation. CarMax has an effective Open Door Policy, and I will try to take advantage of it where feasible. I understand, however, that not all issues can be resolved using the Open Door Policy.

Except as set forth below, and as more fully set forth in the CarMax Dispute Resolution Rules and Procedures, both CarMax and I agree to settle any and all previously unasserted claims, disputes, or controversies arising out of or relating to my application or candidacy for employment and employment and/or cessation of employment with CarMax, exclusively by final and binding arbitration before a neutral Arbitrator. By way of example only, such claims include claims under federal, state and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act, the Family Medical Leave Act, and the law of contract and law of tort. The scope of the claims covered, as well as certain exclusions from coverage and other important terms, are set forth in the Dispute Resolution Rules and Procedures.

I understand that if I do file a lawsuit regarding a dispute arising out of or relating to my application or candidacy for employment, employment, or cessation of employment, CarMax may use this Agreement in support of its request to the court to dismiss the lawsuit and require me instead to use arbitration.

I understand that nothing in this Agreement is intended to affect or limit my rights under the National Labor Relations Act and my right to file charges or seek other relief with the Equal Employment Opportunity Commission or similar federal, state, or local agency, but that upon receipt of a right-to-sue letter or similar administrative determination, I shall arbitrate any claim that I may have against CarMax that is covered by this Agreement or the Rules. I agree that if I commence an arbitration, it will be conducted in accordance with the CarMax Dispute Resolution Rules and Procedures.

I understand that neither this Agreement nor the Dispute Resolution Rules and Procedures form a contract of employment between CarMax and me. I further understand that my consent to this Agreement in no way guarantees that CarMax will offer me employment. If CarMax does offer me employment and I become employed at CarMax, this Agreement in no way alters the "at-will" status of my employment. I understand that my employment, compensation, and terms and conditions of employment can be altered or terminated, with or without notice, at any time, at the option of either CarMax or myself. I understand that no store manager or representative of CarMax, other than an Officer of CarMax at the level of Vice President or above, has any authority to enter into any agreement for employment for any specific duration, to make any agreement contrary to the foregoing, or to alter the CarMax Dispute Resolution Rules and Procedures.

Ex. D, Pg. 26

**CARMAX**

**The Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures affect your legal rights. By consenting to this Agreement, you acknowledge receipt of the Dispute Resolution Rules and Procedures. You may wish to seek legal advice before consenting to this Dispute Resolution Agreement.**

I have read this Agreement and the Dispute Resolution Rules and Procedures before submitting this Application and before accepting an offer of employment with CarMax.

I understand that I may withdraw my consent to this Agreement within three (3) days from the date on which I consent by notifying the Background Screening Department in writing (including my Social Security Number and address of the place at which I applied for employment) that I am withdrawing my application for employment at CarMax. The address for the Background Screening Department is:

CarMax Auto Superstores, Inc.
Background Screening Department
12800 Tuckahoe Creek Parkway
Richmond, Virginia 23238

I understand that by so notifying the Background Screening Department in writing, I will not be bound to this Agreement and that I no longer will be eligible for employment at CarMax. I recognize that if I consent to this Agreement and do not withdraw within three days of consenting I will be required to arbitrate, as explained above, employment-related claims which I may have against CarMax, whether or not I become employed by CarMax.

This Agreement will be enforceable throughout the application process, my employment, and thereafter with respect to any such claims arising from or relating to my application or candidacy for employment, employment or cessation of employment with CarMax. We then must arbitrate all such employment-related claims that are within the scope of this Agreement and the Rules, and we may not file a lawsuit in court.

AGREED:

| | |
|---|---|
| _____ | _3◯SEP 2016_ |
| Signature | Date |

| | |
|---|---|
| Signature of Parent or Guardian | Date |
| (If under 18 years of age) | |

CarMax agrees to consider this Employment Application and to follow this Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures in connection with the Associate who is completing this application.

Scott A. Rivas
Vice President, Human Resources
CarMax Auto Superstores, Inc.

Ex. D, Pg. 27

# EXHIBIT E

If you wish to be considered for employment with CarMax Auto Superstores, Inc., or its subsidiaries and affiliates (collectively "CarMax"), you must read and consent to the following agreement. You will be considered as an applicant when you have signed the Agreement. Included with this application is the CarMax Dispute Resolution Rules and Procedures. You should familiarize yourself with these rules and procedures prior to signing the Agreement. If the Rules and Procedures are not included with this application you must request a copy from a CarMax representative prior to signing the Agreement. You will note that if you sign at this time you do have three (3) days to withdraw your consent. You may, of course, take the package with you and return with it signed, if you wish to continue your application process.

## CARMAX DISPUTE RESOLUTION AGREEMENT

I recognize that differences may arise between CarMax and me during my application for employment with CarMax. I recognize that it is in the interest of both CarMax and me that disputes be resolved in a manner that is fair, private, expeditious, economical, final, and less burdensome or adversarial than court litigation. CarMax has an effective Open Door Policy, and I will try to take advantage of it where feasible. I understand, however, that not all issues can be resolved using the Open Door Policy.

Except as set forth below, and as more fully set forth in the CarMax Dispute Resolution Rules and Procedures, both CarMax and I agree to settle any and all previously unasserted claims, disputes, or controversies arising out of or relating to my application or candidacy for employment and employment and/or cessation of employment with CarMax, exclusively by final and binding arbitration before a neutral Arbitrator. By way of example only, such claims include claims under federal, state and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act, the Family Medical Leave Act, and the law of contract and law of tort. The scope of the claims covered, as well as certain exclusions from coverage and other important terms, are set forth in the Dispute Resolution Rules and Procedures.

I understand that if I do file a lawsuit regarding a dispute arising out of or relating to my application or candidacy for employment, employment, or cessation of employment, CarMax may use this Agreement in support of its request to the court to dismiss the lawsuit and require me instead to use arbitration.

I understand that nothing in this Agreement is intended to affect or limit my rights under the National Labor Relations Act and my right to file charges or seek other relief with the Equal Employment Opportunity Commission or similar federal, state, or local agency, but that upon receipt of a right-to-sue letter or similar administrative determination, I shall arbitrate any claim that I may have against CarMax that is covered by this Agreement or the Rules. I agree that if I commence an arbitration, it will be conducted in accordance with the CarMax Dispute Resolution Rules and Procedures

I understand that neither this Agreement nor the Dispute Resolution Rules and Procedures form a contract of employment between CarMax and me. I further understand that my consent to this Agreement in no way guarantees that CarMax will offer me employment. If CarMax does offer me employment and I become employed at CarMax, this Agreement in no way alters the "at-will" status of my employment. I understand that my employment, compensation, and terms and conditions of employment can be altered or terminated, with or without notice, at any time, at the option of either CarMax or myself. I understand that no store manager or representative of CarMax, other than an Officer of CarMax at the level of Vice President or above, has any authority to enter into any agreement for employment for any specific duration, to make any agreement contrary to the foregoing, or to alter the CarMax Dispute Resolution Rules and Procedures.

Ex. E, Pg. 29

The Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures affect your legal rights. By consenting to this Agreement, you acknowledge receipt of the Dispute Resolution Rules and Procedures. You may wish to seek legal advice before consenting to this Dispute Resolution Agreement.

I have read this Agreement and the Dispute Resolution Rules and Procedures before submitting this Application and before accepting an offer of employment with CarMax.

I understand that I may withdraw my consent to this Agreement within three (3) days from the date on which I consent by notifying the Background Screening Department in writing (including my Social Security Number and address of the place at which I applied for employment) that I am withdrawing my application for employment at CarMax. The address for the Background Screening Department is:

> CarMax Auto Superstores, Inc.
> Background Screening Department
> 12800 Tuckahoe Creek Parkway
> Richmond, Virginia 23238

I understand that by so notifying the Background Screening Department in writing, I will not be bound to this Agreement and that I no longer will be eligible for employment at CarMax. I recognize that if I consent to this Agreement and do not withdraw within three days of consenting I will be required to arbitrate, as explained above, employment-related claims which I may have against CarMax, whether or not I become employed by CarMax.

This Agreement will be enforceable throughout the application process, my employment, and thereafter with respect to any such claims arising from or relating to my application or candidacy for employment, employment or cessation of employment with CarMax. We then must arbitrate all such employment-related claims that are within the scope of this Agreement and the Rules, and we may not file a lawsuit in court.

AGREEED:

_____          11/17/16
Signature                                                Date


| Signature of Parent or Guardian (If under 18 years of age) | Date |
|---|---|

CarMax agrees to consider this Employment Application and to follow this Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures in connection with the Associate who is completing this application.

Scott A. Rivas
Vice President, Human Resources
CarMax Auto Superstores, Inc.

Ex. E, Pg. 30

# EXHIBIT F

 **CARMAX**

If you wish to be considered for employment with CarMax Auto Superstores, Inc., or its subsidiaries and affiliates (collectively "CarMax"), you must read and consent to the following agreement. You will be considered as an applicant when you have signed the Agreement. Included with this application is the CarMax Dispute Resolution Rules and Procedures. You should familiarize yourself with these rules and procedures prior to signing the Agreement. If the Rules and Procedures are not included with this application you must request a copy from a CarMax representative prior to signing the Agreement. You will note that if you sign at this time you do have three (3) days to withdraw your consent. You may, of course, take the package with you and return with it signed, if you wish to continue your application process.

## CARMAX DISPUTE RESOLUTION AGREEMENT

I recognize that differences may arise between CarMax and me during my application for employment with CarMax. I recognize that it is in the interest of both CarMax and me that disputes be resolved in a manner that is fair, private, expeditious, economical, final, and less burdensome or adversarial than court litigation. CarMax has an effective Open Door Policy, and I will try to take advantage of it where feasible. I understand, however, that not all issues can be resolved using the Open Door Policy.

Except as set forth below, and as more fully set forth in the CarMax Dispute Resolution Rules and Procedures, both CarMax and I agree to settle any and all previously unasserted claims, disputes, or controversies arising out of or relating to my application or candidacy for employment and employment and/or cessation of employment with CarMax, exclusively by final and binding arbitration before a neutral Arbitrator. By way of example only, such claims include claims under federal, state and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act, the Family Medical Leave Act, and the law of contract and law of tort. The scope of the claims covered, as well as certain exclusions from coverage and other important terms, are set forth in the Dispute Resolution Rules and Procedures.

I understand that if I do file a lawsuit regarding a dispute arising out of or relating to my application or candidacy for employment, employment, or cessation of employment, CarMax may use this Agreement in support of its request to the court to dismiss the lawsuit and require me instead to use arbitration.

I understand that nothing in this Agreement is intended to affect or limit my rights under the National Labor Relations Act and my right to file charges or seek other relief with the Equal Employment Opportunity Commission or similar federal, state, or local agency, but that upon receipt of a right-to-sue letter or similar administrative determination, I shall arbitrate any claim that I may have against CarMax that is covered by this Agreement or the Rules. I agree that if I commence an arbitration, it will be conducted in accordance with the CarMax Dispute Resolution Rules and Procedures.

I understand that neither this Agreement nor the Dispute Resolution Rules and Procedures form a contract of employment between CarMax and me. I further understand that my consent to this Agreement in no way guarantees that CarMax will offer me employment. If CarMax does offer me employment and I become employed at CarMax, this Agreement in no way alters the "at-will" status of my employment. I understand that my employment, compensation, and terms and conditions of employment can be altered or terminated, with or without notice, at any time, at the option of either CarMax or myself. I understand that no store manager or representative of CarMax, other than an Officer of CarMax at the level of Vice President or above, has any authority to enter into any agreement for employment for any specific duration, to make any agreement contrary to the foregoing, or to alter the CarMax Dispute Resolution Rules and Procedures.

Ex. F, Pg. 32

 **CARMAX**

**The Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures affect your legal rights. By consenting to this Agreement, you acknowledge receipt of the Dispute Resolution Rules and Procedures. You may wish to seek legal advice before consenting to this Dispute Resolution Agreement.**

I have read this Agreement and the Dispute Resolution Rules and Procedures before submitting this Application and before accepting an offer of employment with CarMax.

I understand that I may withdraw my consent to this Agreement within three (3) days from the date on which I consent by notifying the Background Screening Department in writing (including my Social Security Number and address of the place at which I applied for employment) that I am withdrawing my application for employment at CarMax. The address for the Background Screening Department is:

CarMax Auto Superstores, Inc.
Background Screening Department
12800 Tuckahoe Creek Parkway
Richmond, Virginia 23238

I understand that by so notifying the Background Screening Department in writing, I will not be bound to this Agreement and that I no longer will be eligible for employment at CarMax. I recognize that if I consent to this Agreement and do not withdraw within three days of consenting I will be required to arbitrate, as explained above, employment-related claims which I may have against CarMax, whether or not I become employed by CarMax.

This Agreement will be enforceable throughout the application process, my employment, and thereafter with respect to any such claims arising from or relating to my application or candidacy for employment, employment or cessation of employment with CarMax. We then must arbitrate all such employment-related claims that are within the scope of this Agreement and the Rules, and we may not file a lawsuit in court.

AGREED:

_____          _____5/3/17_____
Signature                                                          Date

| Signature of Parent or Guardian (If under 18 years of age) | Date |
|---|---|

CarMax agrees to consider this Employment Application and to follow this Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures in connection with the Associate who is completing this application.

Scott A. Rivas
Vice President, Human Resources
CarMax Auto Superstores, Inc.

Ex. F, Pg. 33

# EXHIBIT G

# CARMAX

Social Security Number
REDACTED

Location #

| 7 | 1 | 9 | 5 |

If you wish to be considered for employment with CarMax Auto Superstores, Inc or its subsidiaries and affiliates (collectively "CarMax"), you must read and consent to the following agreement. You will be considered as an applicant when you have signed the Agreement. Included with this application is the CarMax Dispute Resolution Rules and Procedures. You should familiarize yourself with these rules and procedures prior to signing the Agreement. If the Rules and Procedures are not included in this booklet you must request a copy from a CarMax representative prior to signing the Agreement. You will note that if you sign at this time you do have three (3) days to withdraw your consent. You may, of course, take the package with you and return with it signed, if you wish to continue your application process.

## CARMAX DISPUTE RESOLUTION AGREEMENT

I recognize that differences may arise between CarMax and me during my application for employment with CarMax. I recognize that it is in the interest of both CarMax and me that disputes be resolved in a manner that is fair, private, expeditious, economical, final, and less burdensome or adversarial than court litigation. CarMax has an effective Open Door Policy, and I will try to take advantage of it where feasible. I understand, however, that not all issues can be resolved using the Open Door Policy.

Except as set forth below, both CarMax and I agree to settle any and all previously unasserted claims, disputes, or controversies arising out of or relating to my application or candidacy for employment and employment and/or cessation of employment with CarMax, exclusively by final and binding arbitration before a neutral Arbitrator. By way of example only, such claims include claims under federal, state and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act, the Family Medical Leave Act, and the law of contract and law of tort.

I understand that if I do file a lawsuit regarding a dispute arising out of or relating to my application or candidacy for employment, employment, or cessation of employment, CarMax may use this Agreement in support of its request to the court to dismiss the lawsuit and require me instead to use arbitration.

I understand that I still may exercise my rights under the National Labor Relations Act and file charges with the Equal Employment Opportunity Commission or similar federal, state, or local agency, but that upon receipt of a right-to-sue letter or similar administrative determination, I shall arbitrate any claim that I may have against CarMax. I agree that if I commence an arbitration, it will be conducted in accordance with the CarMax Dispute Resolution Rules and Procedures.

I understand that neither this Agreement nor the Dispute Resolution Rules and Procedures form a contract of employment between CarMax and me. I further understand that my consent to this Agreement in no way guarantees that CarMax will offer me employment. If CarMax does offer me employment and I become employed at CarMax, this Agreement in no way alters the "at-will" status of my employment. I understand that my employment, compensation, and terms and conditions of employment can be altered or terminated, with or without notice, at any time, at the option of either CarMax or myself. I understand that no store manager or representative of CarMax, other than an Officer of CarMax at the level of Vice President or above, has any authority to enter into any agreement for employment for any specific duration, to make any agreement contrary to the foregoing, or to alter the CarMax Dispute Resolution Rules and Procedures.

Applicant's Initials

# CARMAX

Social Security Number

REDACTED

Location #

| 7 | 1 | 9 | 5 |

**The Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures affect your legal rights. By consenting to this Agreement, you acknowledge receipt of the Dispute Resolution Rules and Procedures. You may wish to seek legal advice before consenting to this Dispute Resolution Agreement.**

I have read this Agreement and understand that I should read the Dispute Resolution Rules and Procedures prior to accepting an offer of employment with CarMax.

I understand that I may withdraw my consent to this Agreement within three (3) days from the date on which I consent by notifying the Background Screening Department in writing (including my Social Security Number and address of the place at which I applied for employment) that I am withdrawing my application for employment at CarMax. The address for the Background Screening Department is:

CarMax Auto Superstores, Inc.
Background Screening Department
12800 Tuckahoe Creek Parkway
Richmond, Virginia 23238

I understand that by so notifying the Background Screening Department in writing, I will not be bound to this Agreement and that I no longer will be eligible for employment at CarMax. I recognize that if I consent to this Agreement and do not withdraw within three days of consenting I will be required to arbitrate, as explained above, employment-related claims which I may have against CarMax, whether or not I become employed by CarMax.

This Agreement will be enforceable throughout the application process, my employment, and thereafter with respect to any such claims arising from or relating to my application or candidacy for employment, employment or cessation of employment with CarMax. We then must arbitrate all such employment-related claims, and we may not file a lawsuit in court.

AGREED:

_____    1/4/07
Signature                   Date

REDACTED
Social Security Number

_____    _____
Signature of Parent or Guardian    Date
(If under 18 years of age)

CarMax agrees to consider this Employment Application and to follow this Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures in connection with the Associate who is completing this application.

Scott A. Rivas
Vice President, Human Resources
CarMax Auto Superstores, Inc.

# EXHIBIT H

# DISPUTE RESOLUTION RULES AND PROCEDURES

**Last Revised**
**December 31, 2011**

# CARMAX DISPUTE RESOLUTION RULES AND PROCEDURES

**Rule 1:  PURPOSE**

CarMax has established an employment dispute resolution procedure, culminating in formal arbitration, that is designed to provide a fair, private, exclusive, expeditious, final, and binding means for resolving legal disputes rising out of, or relating to, employment with CarMax, without the need for litigation in federal, state or local courts. These Dispute Resolution Rules and Procedures govern arbitrations held pursuant to the CarMax Dispute Resolution Agreement, whether brought by an Associate or by CarMax. The term "Associate" includes applicants, employees, and former employees. These Dispute Resolution Rules and Procedures are written to guide an Associate through the arbitration process; however, they apply with full force and effect to both Associates and CarMax.

**Rule 2:  CLAIMS SUBJECT TO ARBITRATION**

Except as otherwise limited herein, any and all employment-related legal disputes, controversies or claims arising out of, or relating to, an Associate's application or candidacy for employment, employment or cessation of employment with CarMax or one of its affiliates shall be settled exclusively by final and binding arbitration before a neutral third-party Arbitrator selected in accordance with these Dispute Resolution Rules and Procedures. Arbitration shall apply to any and all such disputes, controversies, or claims whether asserted against the Company and/or against any employee, officer, alleged agent, director or affiliate company.

All previously unasserted claims arising under federal, state or local statutory, or common law, shall be subject to arbitration. Merely by way of example, these claims include, but are not limited to, claims arising under the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act (ADA), the Fair Labor Standards Act (FLSA), 42 U.S.C. § 1981, as amended, the Employee Polygraph Protection Act, the Employee Retirement Income Security Act (ERISA), state discrimination statutes, state statutes and/or common law regulating employment termination, the law of contract or the law of tort; including, but not limited to, claims for malicious prosecution, -wrongful discharge, wrongful arrest/wrongful imprisonment, and intentional/negligent infliction of emotional distress or defamation.

Nothing herein is intended to affect or limit the Associate's right to file an administrative charge with or to otherwise seek relief from, any government agency such as the Equal Employment Opportunity Commission or the National Labor Relations Board.

Claims by Associates for state employment insurance benefits (e.g., unemployment compensation, workers' compensation, worker disability compensation) claims arising under the National Labor Relations Act, or any claims or disputes by whistleblowers arising pursuant to the Sarbanes-Oxley Act and alleging unlawful retaliation or seeking other relief pursuant to that Act, shall not be subject to arbitration. Other statutory or common law claims alleging that CarMax retaliated or discriminated against an Associate, however, shall be subject to arbitration.

For purposes of this Rule, claims against "CarMax" shall include claims against any parent company, subsidiary, or related company, claims against any officer, director, or associate (current or former), and claims against any alleged joint employer.

**Rule 3: DISMISSAL/STAY OF COURT PROCEEDINGS**

By agreeing to the Dispute Resolution Program, an Associate agrees to resolve through arbitration all claims described in, or contemplated by Rule 2. If an Associate files a lawsuit in court to resolve claims subject to arbitration, the Associate agrees that the Court shall dismiss the lawsuit and require the Associate to arbitrate the dispute.

If an Associate files a lawsuit in Court involving claims which are, and other claims with are not, subject to arbitration, the Associate agrees that the court shall stay litigation of the nonarbitrable claims and require that arbitration take place with respect to those claims subject to arbitration. The Associate further agrees that the Arbitrator's decision on the arbitrable claims, including any determinations as to disputed factual or legal issues, shall be entitled to full force and effect in any later court lawsuit on any nonarbitrable claims.

**Rule 4: COMMENCEMENT OF ARBITRATION**

a. PROCEDURE

An Associate shall commence an arbitration by completing and sending the attached CarMax Arbitration Request to:

Arbitration Coordinator
CarMax Auto Superstores, Inc.
12800 Tuckahoe Creek Parkway
Richmond, VA 23238

b. TIME LIMITS

i.   FILING OF REQUEST FOR ARBITRATION
The CarMax Arbitration Request Form shall be submitted no later than the applicable statute of limitations for the asserted claims under the applicable law. The failure of an Associate to initiate an arbitration within the applicable statute of limitations shall constitute a **waiver** with respect to that dispute relative to that Associate.

ii.  CARMAX'S RESPONSE
Within twenty-one (21) calendar days of receipt of an Associate's Arbitration Request Form, the Company shall send the Company's Response to the Associate via first-class mail, postage prepaid, or hand delivery.

c.  NOTICE/OTHER FILINGS

All other communications, notices or filings, including discovery requests and responses, shall be in writing, and shall be deemed to have been given if (i) delivered by hand to a person of suitable age and discretion; or (ii) mailed first-class mail, postage prepaid, as follows:

If to CarMax:
(i)   Arbitration Coordinator
CarMax Auto Superstores, Inc.
12800 Tuckahoe Creek Parkway
Richmond, VA 23238; or
(ii)  to the Company's attorney as designated in writing by the Company.

If to the Associate:
(iii)   to the Associate's address of record as it appears on the Arbitration Request Form; or
(iv)   to the Associate's attorney as designated in the Arbitration Request Form or later designated in writing by the Associate.

## Rule 5: SELECTION OF AN ARBITRATOR

CarMax and the Associate shall participate equally in the selection of an Arbitrator to decide the arbitration. Within twenty-one (21) calendar days after the Company receives the Associate's Arbitration Request Form, National Arbitration and Mediation (NAM) or other Arbitrator and/or Arbitration Service, such as the American Arbitration Association, as agreed to by the Parties, shall be asked to provide a panel of seven (7) neutral arbitrators with experience deciding employment disputes. The Company and the Associate then shall have the opportunity to review the background of the arbitrators by examining the materials provided by the Arbitration Service. Within seven (7) calendar days after the panel composition is received, the Associate and the Company each shall inform the Arbitration Service which arbitrators the Parties find unacceptable for deciding the dispute. The Arbitration Service then will appoint an Arbitrator from among the named individuals the Parties found acceptable. If all arbitrators on the first panel furnished by the Arbitration Service are stricken by the Parties as unacceptable for deciding the dispute, the Arbitration Service is authorized to furnish an additional panel, from which each party may strike up to three (3) arbitrators. The Arbitration Service will then appoint an arbitrator from the remaining names.

## Rule 6: TIME AND PLACE OF ARBITRATION

The arbitration hearing shall be held at the offices of, or a location selected by, the Arbitration Service in the city nearest the location where the Associate was or sought to be employed with the Company, unless the Parties agree otherwise. If the Arbitration Service does not select an arbitration location within fifty (50) miles of the city of the Associate's last employment with the Company, the Associate and the Company shall designate a mutually amenable location at which to hold the arbitration.

The Parties and the Arbitrator shall make every effort to ensure that the arbitration is completed, and an award rendered, as soon as possible. There shall be no extensions of time or delays of an arbitration hearing except in cases where both Parties consent to the extension or delay, or where the Arbitrator finds such a delay or extension necessary to resolve a discovery dispute or other matter relevant to the arbitration.

## Rule 7: REPRESENTATION

Both the Associate and the Company shall have the right to be represented by counsel.

## Rule 8: DISCOVERY

a.   INITIAL DISCLOSURE

Within fourteen (14) calendar days following the appointment of an Arbitrator, the Parties shall provide each other with copies of all documents (except for privileged documents that are protected from disclosure because they involve attorney-client, doctor-patient or other legally privileged or protected communications or materials) upon which they rely in support of their claims or defenses. Throughout the discovery phase, each Party is under a continuing obligation to supplement its initial disclosure. Upon request, the Associate shall be entitled to a copy of all documents (except privileged documents as described above) in the Associate's "PERSONNEL RECORDS FILE."

b.   OTHER DISCOVERY

i. INTERROGATORIES/DOCUMENT REQUESTS

Each Party may propound up to twenty (20) interrogatories (including subparts) to the opposing Party. Interrogatories are written questions asked by one Party to the other, who must answer under oath. Such interrogatories may include a request for all documents upon which the responding Party relies in support of its answers to the interrogatories. Answers to interrogatories must be served within twenty-one (21) calendar days of receipt of the interrogatories.

ii. DEPOSITIONS

A deposition is a statement under oath that is given by one Party in response to specific questions from the other Party and usually is recorded or transcribed. Each Party shall be entitled to take the deposition of up to three (3) individuals of the Party's choosing. The Party taking the deposition shall be responsible for all costs associated therewith, such as the cost of a court reporter and the cost of a transcript.

iii. ADDITIONAL DISCOVERY

Upon the request of any Party and a showing of **substantial need**, the Arbitrator may permit additional discovery; but only if the Arbitrator finds that such additional discovery is not overly burdensome, and will not unduly delay conclusion of the arbitration.

c. DISCOVERY DISPUTES

The Arbitrator shall decide all disputes related to discovery. Such decisions shall be final and binding on the Parties. In ruling on discovery disputes, the Arbitrator shall be guided by the discovery rules contained in the Federal Rules of Civil Procedure.

d. TIME FOR COMPLETION OF DISCOVERY

All discovery must be completed within the ninety (90) calendar days after the selection of the Arbitrator, except for good cause shown. In order to expedite the arbitration, the Parties may initiate discovery prior to the appointment of the Arbitrator.

## Rule 9: HEARING PROCEDURE

a. WITNESSES

Witnesses shall testify under oath, and the Arbitrator shall afford each Party a sufficient opportunity to examine its own witnesses and cross-examine witnesses of the other Party. Either Party may issue subpoenas compelling the attendance of any person necessary for the issuing Party to prove its case.

i. SUBPOENAS

A subpoena is a command to an individual to appear at a certain place and time in order to provide testimony. A subpoena also may require that the individual bring documents when he or she gives testimony. The Arbitrator shall have the authority to enforce and/or cancel such subpoenas provided that such subpoenas are issued no less than ten (10) calendar days prior to the commencement of an arbitration hearing or deposition. The Party issuing the subpoena shall be responsible for the fees and expenses associated with the issuance and enforcement of the subpoena, and with the attendance of the subpoenaed witness at the arbitration hearing.

ii. SEQUESTRATION

The Arbitrator shall ensure that all witnesses who will testify at the arbitration are not influenced by the testimony of other witnesses. Accordingly, the Arbitrator may sequester all witnesses who will testify at the arbitration, provided that the Arbitrator shall permit the Associate bringing the arbitration and the Company's designated representative to remain throughout the arbitration, even though they may or may not testify at the hearing.

b. EVIDENCE

The Parties may offer evidence that is relevant and material to the dispute and shall produce any and all nonprivileged evidence which the Arbitrator deems necessary to render a determination of the dispute. The Arbitrator need not specifically follow the Federal Rules of Evidence, although these rules may be consulted to resolve questions regarding the admissibility of particular matters.

c. BURDEN OF PROOF

For the Associate to prevail, the Associate must prove that the Company's conduct with respect to the Associate was a **violation of applicable law.** For the Company to prevail on any claims asserted against an Associate, the company must prove that the Associate's conduct was **violation of applicable law**.

d. BRIEFING

Each Party shall have the opportunity to submit one pre-hearing brief and one post-hearing brief, which is a written statement of facts and law, in support of its position. Briefs shall be typed and shall be limited in length to twenty (20) double-spaced pages.

Pre-hearing briefs may be submitted no later than ten (10) calendar days prior to a scheduled arbitration hearing. Post-hearing briefs may be submitted no later than twenty (20) calendar days after the Parties receive the transcript of the arbitration from the court reporting service.

e. TRANSCRIPTION

The Parties may arrange for transcription of the arbitration by a certified reporter. The Parties shall share evenly the costs of the reporter and transcription, subject to the provisions of Rule 13 below.

f. CONSOLIDATION

   i. CLAIMS

   CarMax and the Associate are required to bring all existing claims subject to arbitration in one arbitration proceeding. Any such claims not brought in one arbitration shall be waived and precluded. The Arbitrator shall have the power to hear as many claims as an Associate and CarMax may have against each other consistent with Rule 2 of these Dispute Resolution Rules and Procedures. The Arbitrator may hear additional claims that were not mentioned in the Arbitration Request Form, provided the Party adding claims notifies the other Party at least thirty (30) calendar days prior to a scheduled arbitration, the additional claims are timely as of the date on which they are added, and the Party is not prejudiced in its defense by such addition.

   ii. PARTIES

   The Arbitrator shall not consolidate claims of different Associates into one proceeding, nor shall the Arbitrator have the power to hear an arbitration as a class action, collective action, or representative action. (A class action involves an arbitration or lawsuit where representative members of a large group who claim to share a common interest seek collective relief.)

g. CONFIDENTIALITY

All aspects of an arbitration pursuant to these Dispute Resolution Rules and Procedures, including the hearing and record of the proceeding, shall be confidential and shall not be open to the public, except (i) to the extent both Parties agree otherwise in writing; (ii) as may be appropriate in any subsequent proceeding between the Parties, or (iii) as may otherwise be appropriate in response to a governmental agency or legal process. All settlement negotiations, mediations, and the results thereof shall be confidential.

## Rule 10: SUBSTANTIVE CHOICE OF LAW

The Arbitrator shall apply the substantive law of the State in which the Associate is, was or sought to be predominantly employed. For claims arising under federal law, the Arbitrator shall follow the substantive law applicable to the United States District Court for the district in which the Associate is or was predominantly employed.

## Rule 11:  ARBITRATOR AUTHORITY

The Arbitrator shall conduct the arbitration and shall have the authority to render a decision in accordance with these Dispute Resolution Rules and Procedures, and in a manner designed to promote rapid and fair resolution of disputes. To that end, the Arbitrator shall have the authority to consider and rule on dispositive motions such as motions to dismiss or motions for summary judgment in accordance with the standards and burdens generally applicable to such motions in federal district court and may establish appropriate procedures to resolve such motions, at the Arbitrator's discretion, consistent with the less formal and expedited nature of arbitration proceedings. Seven (7) days prior to the scheduled arbitration hearing, the Parties shall participate in a telephone conference with the Arbitrator. Where a Party has challenged the legal sufficiency of an asserted claim or defense in a pre-hearing brief, each Party may be heard. A Party making such a challenge should file the pre-hearing brief as early as possible to permit due consideration of the issue. The Arbitrator shall strike any legally deficient claim and/or defense by ruling communicated to the Parties at least five (5) days prior to the scheduled arbitration hearing.

a.  JURISDICTION
The Arbitrator's authority shall be limited to deciding the claims, counterclaims, and defenses submitted for arbitration. Unless the Associate is subject to a contract providing for the employment of the Associate under specified terms or for a given duration, the Associate's employment remains alterable at the discretion of the Company and/or terminable at any time, at the will of either the Associate or the Company, with or without just cause. Accordingly, the Arbitrator shall have no authority to require that CarMax have "just cause" to discipline or to discharge an Associate or to change the terms and conditions of employment of an Associate, unless specifically required by federal, state or local law, or as a remedy for a violation of applicable law by the Company with respect to the Associate.

b.  SANCTIONS
The Arbitrator shall have the power to award sanctions against a Party for the Party's failure to comply with these Dispute Resolution Rules and Procedures or with an order of the Arbitrator. These sanctions may include assessment of costs, prohibitions of evidence, or, if justified by a Party's wanton or willful disregard of these Dispute Resolution Rules and Procedures, an adverse ruling in the arbitration against the Party who has failed to comply.

## Rule 12:  AWARD

Within twenty-one (21) calendar days after receipt of any post-hearing briefs, the Arbitrator shall render a decision in the form of a written award and mail to the parties a copy of the written award specifying appropriate remedies, if any. In the Arbitrator's discretion, the award may include findings of fact and conclusions of law.

The Parties to an arbitration shall be provided with a copy of the Arbitrator's award. Other Associates who have agreed to arbitration may request copies of the arbitration decisions in a given case. In cases where an arbitration decision is provided to an Associate who was not a Party to the particular arbitration, the Party-Associate's name shall be deleted from the arbitration decision unless the Party-Associate agrees otherwise in writing.

## Rule 13:  FEES AND EXPENSES
a.  COSTS OTHER THAN ATTORNEY FEES
i.  Definitions
Costs of arbitration include filing or administrative fees charged by the Arbitration Service, hourly fees charged by the Arbitrator, and expenses of renting a room in which the arbitration is held. Incidental costs include such items as photocopying or the costs of producing witnesses or proof.

ii.  Costs of Arbitration
CarMax shall pay the costs of arbitration, excluding incidental costs.

b. ATTORNEY FEES
The Arbitrator is authorized to award attorney fees in accordance with applicable law. In the absence of an award, each Party shall be liable for its own attorney fees. Any award shall be reasonable in light of the amount and complexity of work involved in the arbitration, and in accordance with customary billing rates of attorneys in the geographic area in which the arbitration is held.

## Rule 14: REMEDIES AND DAMAGES

If the Arbitrator finds for the Associate, the Arbitrator, in his discretion, may award appropriate relief in accordance with applicable law. If appropriate relief includes reinstatement, such reinstatement will be to the position of employment the Associate held or, if such reinstatement is impractical, to a comparable position at the location of the Associate's last employment. If reinstatement at the place of the Associate's last employment is not practical, reinstatement will be to a comparable position at CarMax in the same general geographic market area.

## Rule 15: SETTLEMENT

The Parties may settle their dispute at any time. Prior to closure of the arbitration hearing, the Parties may settle the case without involvement of the Arbitrator. Once the hearing has closed, settlement may take place only with the approval of the Arbitrator.

At any point prior to the Arbitrator's issuance of an award, the Parties may, by agreement, refer their dispute to mediation before a mediator provided by the Arbitration Service.

## Rule 16: ENFORCEABILITY

The Dispute Resolution Agreement and any award rendered pursuant to it shall be enforceable and subject to the Federal Arbitration Act, 9 U.S.§ 1, et seq., and the Uniform Arbitration Act of Virginia, §§8.01-581.01 et seq., regardless of the State in which the arbitration is held or the substantive law applied in the arbitration. The Associate and the Company acknowledge that the Associate's employment with the Company and the Dispute Resolution Agreement involve interstate commerce and that the Federal Arbitration Act is controlling.

## Rule 17: APPEAL RIGHTS

The award rendered by the Arbitrator shall be final and binding as to both the Associate and the Company. Either party may appeal the Arbitrator's decision to a court in accordance with the appeal procedures of the Federal Arbitration Act, 9 U.S.C. § 1 et seq., or the Uniform Arbitration Act of Virginia, §§8.01-581.01 et seq.

## Rule 18: SEVERABILITY/CONFLICT WITH LAW

In the event that any of these Dispute Resolution Rules and Procedures agreed upon by the Parties is held to be in conflict with a mandatory provision of applicable law, the conflicting Rule or Procedure shall be modified automatically to comply with the mandatory provision of applicable law until such point as these Dispute Resolution Rules and Procedures may be modified in accordance with Rule 19 below. In the event of an automatic modification with respect to a particular Rule or Procedure, the remainder of these Rules and Procedures shall not be affected. An automatic modification of one of these Rules or Procedures shall be applicable only in the jurisdiction in which it is in conflict with a mandatory provision of law. In all other jurisdictions, these Dispute Resolution Rules and Procedures shall apply in full force and effect.

**Rule 19:  TERMINATION OR MODIFICATION OF DISPUTE RESOLUTION AGREEMENT OR DISPUTE RESOLUTION RULES AND PROCEDURES**

CarMax may alter or terminate the Agreement and these Dispute Resolution Rules and Procedures on December 31 of any year upon giving thirty (30) calendar days written notice to Associates, provided that all claims arising before alteration or termination shall be subject to the Agreement and corresponding Dispute Resolution Rules and Procedures in effect at the time the Arbitration Request Form is received by the Company. Notice may be given by posting a written notice by December 1 of each year at all CarMax locations (including locations of affiliated companies). A copy of the text of any modification to the Agreement or Rules and Procedures will be published in the Applicant Packet, which will be available at such locations after December 31 of each year.

**- CONFIDENTIAL -**  **- CONFIDENTIAL -**

# ARBITRATION REQUEST FORM

(Please Print or Type)

Name: _____

Telephone: _____

Address of Record: _____
                            Street                                     City

                            State                                     Zip

Position: _____ Status (full or part time): _____

Date of Hire: _____ Date of Incident: _____

Store/Place of Employment: _____

Please state the dispute you wish to have decided by an Arbitrator. Please explain why you believe the Company's actions were unlawful and state the basis for your claim (e.g., discrimination on the basis of sex, race, religion, national origin, etc., retaliation for filing of workers' compensation claims or other.)

_____

_____

_____

_____

_____

_____

(Please attach additional sheets if necessary.)

Please list the names of any witnesses to the Company's alleged unlawful action.

_____

_____

_____

_____

_____

_____

Please state how you would like your dispute with CarMax resolved.

_____

_____

_____

_____

_____

_____

(Please attach additional sheets if necessary)


If you will be represented by an attorney, please identify that person below.

_____

Name of Representative

_____

_____

Address

_____

Telephone

I hereby submit the above-described dispute for arbitration. I agree to accept the decision and award of the Arbitrator as final and binding as to all claims relating to my employment relationship with CarMax or its affiliate which have been or could have been raised under my Arbitration Agreement with CarMax. I understand that unless the Arbitrator rules otherwise, I will be responsible for the fees of my own attorney should I retain one and for all of my inci dental costs, as set forth in Rule 13 of the CarMax Dispute Resolution Rules and Procedures.


SIGNED:

_____     _____
Associate                                        Date

_____     _____
Associate's Attorney                             Date



**12800 Tuckahoe Creek Parkway • Richmond, VA 23238**
**carmax.com®**