UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK MCELHANNON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CARMAX AUTO SUPERSTORES WEST COAST, INC., et al.,<br><br>    Defendants. | Case No. 3:19-cv-00586-WHO<br><br>**ORDER REMANDING CASE**<br><br>Re: Dkt. Nos. 15, 24, 25 |

**INTRODUCTION**

Plaintiffs Derek McElhannon, Aleena Iqbal, Christopher Syharath, Ruben Santiago, and Emil Milisci[1] (collectively, "plaintiffs") originally filed a class action complaint in Alameda County Superior Court alleging that defendants Carmax Auto Superstores West Coast, Inc. and Carmax Auto Superstores California, LLC (collectively, "Carmax") violated numerous provisions of the California Labor Code. Carmax removed the case to this court pursuant to the Class Action Fairness Act ("CAFA") and promptly filed a motion to compel arbitration as required by the Dispute Resolution Agreement ("DRA") it says each plaintiff signed. Without opposing Carmax's motion, plaintiffs filed a second amended complaint ("SAC") listing only Iqbal and Milisci and bringing only a representative action under California's Private Attorney General Act ("PAGA") of 2004. They indicate that the other plaintiffs will submit to arbitration as Carmax demands, and Iqbal and Milisci will forego their remaining claims in order to pursue only the PAGA claims.

Before me are three motions: (1) Carmax moves to compel arbitration, dismiss plaintiffs' class claims, and stay plaintiffs' PAGA claims; (2) plaintiffs move to remand the action to state

---

[1] Plaintiffs' first amended complaint added plaintiff Michael Lantis. Katz Decl. ¶ 3.

1  court given the changes in the SAC; and (3) Carmax moves to strike the SAC as improperly filed.
2  In order to address the issues on the merits in the most efficient and least expensive way, I will
3  remand the case because there is no basis for federal jurisdiction under the SAC.

## BACKGROUND

Plaintiffs filed the original complaint in Alameda County Superior Court on November 21, 2018. Notice of Removal ("Not. Removal") Ex. A [Dkt. No. 1-1] (original complaint). Plaintiffs filed the first amended complaint on January 31, 2019, but the parties dispute when plaintiffs served it on Carmax. In February 1, 2019, Carmax removed the case to federal court using the original complaint. Not. Removal [Dkt. No. 1]. Carmax also notified plaintiffs' counsel that the plaintiffs had entered into arbitration agreements and provided those agreements. Declaration of Jennifer Katz ("Katz Decl.") [Dkt. No. 15-1] ¶ 3.

On March 6, Carmax filed a motion to compel arbitration, dismiss class claims, and stay PAGA claims. Motion to Compel ("MTC") [Dkt. No. 15]. On the date their opposition was due, plaintiffs instead filed the SAC, followed by a motion to remand the case to state court. *See* SAC [Dkt. No. 22]; Motion to Remand ("MTR") [Dkt. No. 24]. Carmax then filed a motion to strike the SAC. Motion to Strike ("MTS") [Dkt. No. 25].

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). A defendant sued in state court may remove a case to federal court by filing a notice of removal that lays out the grounds for removal. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447(c). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).

## DISCUSSION

Despite the number of pending motions, the parties agree to some aspects of the factual and legal landscape of the case. There is no dispute that there was CAFA jurisdiction at the time

that Carmax removed the case to this court.[2] *See* 28 U.S.C. § 1332(d). In response to Carmax's motion to compel arbitration, the plaintiffs have agreed that those who intend to bring California Labor Code claims—McElhannon, Syharath, Santiago, and Lantis—will arbitrate those claims pursuant to the DRA. *See* MTR Reply 2; *see* Katz Decl. ¶ 4. Finally, Carmax agrees that the PAGA claims—which are the only claims remaining in the SAC—cannot be compelled to arbitration. MTC 17; *see Correia v. NB Baker Elec., Inc.*, 32 Cal. App. 5th 602, 624–25 (2019).

Against this backdrop, Carmax asks that I strike the SAC, treat the first amended class action complaint as the operative pleading, and grant its unopposed motion to compel arbitration, dismiss the class claims, and stay the PAGA claims. MTS Reply MTS 4. Plaintiffs ask that I consider the SAC operative and either remand the action to state court because of a lack of subject matter jurisdiction or dismiss the complaint without prejudice so that they can refile it in state court. *See* MTR Reply 6.

The first question is whether to treat the SAC as the operative complaint. Carmax argues that I should strike it because plaintiffs neither moved for nor obtained leave to file it. Plaintiffs blame defendants for removing the wrong operative complaint and argue that their amendment in state court did not exhaust their right to amend in federal court. Oppo. MTS 4–5.

Federal Rule of Civil Procedure allows only one amendment as of right, *see* Fed. R. Civ. P. 15(a), and "[w]hen a state court action is removed to federal court, the removal is treated as if the original action had been commenced in federal court, *Schnabel v. Lui*, 302 F.3d 1023, 1037 (9th Cir. 2002). Given that plaintiffs had already amended in state court, it appears they should have requested leave to file the SAC. Carmax asserts that given this deficiency, I can and should strike the second amended complaint pursuant to Rule 12(f). *See* Fed. R. Civ. P. 12(f); *Long Beach Mem'l Med. Ctr. v. Blue Cross & Blue Shield of S.C.*, No. CV 17-8181-GW(KSX), 2018 WL 5099494, at *3 (C.D. Cal. Mar. 1, 2018) ("A motion to strike may be used to strike pleadings that were filed in violation of the Federal Rules of Civil Procedure."); *see also Howell v. City of*

---

[2] The plaintiffs do not challenge the propriety of CAFA jurisdiction for either the original or first amended complaint, and I find that was proper in light of Carmax's showing that the class size exceeds 100 (*see* Not. Removal ¶¶ 9–10), there is minimal diversity (*see id.* ¶¶ 12–13), and the amount in controversy exceeds $5,000,000 (*see id.* ¶¶ 26, 30).

3

*Fresno*, No. CVF07371OWWTAG, 2007 WL 1501844, at *2 (E.D. Cal. May 23, 2007) (striking a second amended complaint after removal).

That said, Rule 12(f) is permissive, and the "underlying purpose" of Rule 15—which governs amendments of the pleadings—is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *See Castillo-Antonio v. Mejia*, No. 14-cv-03637-JSC, 2014 WL 6735523, at *1 (N.D. Cal. Nov. 26, 2014); *see also* Fed. R. Civ. P. 15(a)(2) (providing that courts "should freely give leave [to amend] when justice so requires"). With this backdrop and the presumption against federal jurisdiction in mind, I will deny the motion to strike, treat the SAC as operative, and resolve the instant disputes in a way that will facilitate progress in this case.[3]

Plaintiffs argue that the way forward is for me to remand this case to state court. MTR 4–7. Carmax counters that remand is not appropriate because both the original and first amended complaints were properly removed under CAFA. Oppo. MTR 4–5. "[P]ost-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1091–92 (9th Cir. 2010). Indeed, faced with an amended complaint that eliminated the class allegations in a case that was originally removed under CAFA, a court in this district held that it was not divested of jurisdiction. *Rivas v. Terminix Int'l Co.*, No. C-13-4962 MMC, 2013 WL 6443381, at *1 (N.D. Cal. Dec. 9, 2013).

The unique posture here—namely, the fact that the only plaintiffs who wish to remain in this case are pursuing only PAGA claims—counsels a different approach. According to the Ninth Circuit, "PAGA is not sufficiently similar to Rule 23 to establish the original jurisdiction of a federal court under CAFA." *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1124 (9th Cir. 2014). The SAC pleads only a representative action under PAGA. Although Carmax properly removed this case to federal court, under the SAC the basis for federal jurisdiction no longer exists. Accordingly, I must remand the case.

---

[3] Because the SAC eliminates class claims, the motion to dismiss the class claims is moot. Because the plaintiffs pursuing PAGA claims in the SAC have agreed to voluntarily dismiss claims that are subject to arbitration, the motion to stay pending arbitration is also moot.

4

**CONCLUSION**

Accordingly, this case is REMANDED to the Superior Court of California, County of Alameda. The June 12, 2019 hearing on the motions is VACATED.

**IT IS SO ORDERED.**

Dated: June 4, 2019

William H. Orrick
United States District Judge